John D. Alessio (Bar No. 174900)
E-mail:       john.alessio@procopio.com
Sean M. Sullivan (Bar No. 254372)
E-mail:       sean.sullivan@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900

Attorneys for Defendant
Plaza Home Mortgage, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION (RIVERSIDE)

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, et al.,<br><br>Plaintiff,<br><br>v.<br><br>PLAZA HOME MORTGAGE, INC. et al.,<br><br>Defendant. | Case No. 5:18-cv-00866-VAP-FFM<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAZA HOME MORTGAGE, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(1) & 12(B)(6); MOTION TO STRIKE PURSUANT TO FED.R.CIV.P. 12(F), CAL. CIVIL CODE § 47(B), AND C.C.P. § 425.16.; AND ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED.R.CIV.P. 12(E)<br><br>Date:     June 25, 2018<br>Time:    2:00 p.m.<br>Dept:    8th Floor, Courtroom 8A<br>Judge:   Hon. Virginia A. Phillips |

Defendant Plaza Home Mortgage, Inc. requests that the Court take judicial notice of the following facts, documents and information pursuant to Federal Rule of Evidence 201, and related authority.  This request includes the following facts and items:

## I.   ITEMS SUBJECT TO AMETEK'S REQUEST FOR JUDICIAL NOTICE

**Exhibit A**: Complaint for Unlawful Detainer filed on February 14, 2018, in the Superior Court of California for the County of Riverside ("Riverside County Court"), Case No. HEX1800310 ("UD Action");

**Exhibit B**: Plaintiff Dool & Associates, LLC's ("Dool") motion for summary judgment in the UD Action, filed in the Riverside County Court on March 7, 2018;

**Exhibit C**: Dool's request for judicial notice in support of its motion for summary judgment in the UD Action, filed in the Riverside County Court on March 7, 2018.  "Exhibit 3" to Dool's request for judicial notice is a Deed of Trust, Doc # 2006-0803949, recorded in the Official Records County of Riverside on November 1, 2006, evidencing a loan to borrower Janice Champion, by lender Plaza Home Mortgage, Inc., secured by the real property at 46601 Bautista Canyon Road, Hemet, California 92544.

**Exhibit D**: Order granting plaintiff Dool & Associates, LLC's ("Dool") motion for summary judgment in the UD Action, filed in the Riverside County Court on March 14, 2018;

**Exhibit E**: Judgment entered in favor of Dool in the UD Action by the Riverside County Court on March 14, 2018;

**Exhibit F**: Order on Claim of Right to Possession in the UD Action filed in the Riverside County Court on May 2, 2018.

## II.   THE COURT IS AUTHORIZED TO TAKE JUDICIAL NOTICE OF THE FOREGOING ITEMS

As a general rule, a district court may not consider any material beyond the

pleadings in ruling on a Rule 12(b)(6) motion unless the material falls within one of the two recognized exceptions. *Lee v. City of L.A*., 250 F.3d 668, 688 (9th Cir. 2001). First, a court "may consider material that the plaintiff properly submitted as part of the complaint" or, if not physically attached to the complaint, material whose authenticity is not in question and is necessarily relied upon by the plaintiff in the complaint. *Id*. Under the second exception, a court may, pursuant to Federal Rule of Evidence 201, take judicial notice of matters of public record, including pleadings, orders, and other papers filed with the court or records of administrative bodies. *Mack v. South Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986); *Coinstar, Inc. v. Coinbank Automated Sys., Inc*., 998 F.Supp. 1109, 1114 (N.D. Cal. 1998); *See also Mack v. South Bay Beer Distrib., Inc*., 798 F.2d 1279, 1282 (9th Cir.1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment), overruled on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimin*o, 501 U.S. 104, 111, 111 S.Ct. 2166 (1991).

Federal Rule of Evidence 201, entitled "Judicial Notice of Adjudicative Facts," provides, in part, that the "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Plaza requests that the Court take judicial notice of the existence of the foregoing items in the public record, and not the truth of the matters asserted therein. The materials identified above fall within materials which are properly subject to judicial notice under Federal Rule of Evidence 201 and related authorities. Each of the items noted constitute matters of public record, records disclosed and available from judicial bodies. The records are easily verifiable with the records maintained by

the court. "The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records." 21 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure: Evidence § 5106, at 505 (1st ed. 1977 & Supp. 1997). *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of court records in another case).  Accordingly, the foregoing items filed in the Superior Court of California for the County of Riverside are properly subject to judicial notice.

Furthermore, on May 4, 2018, Plaintiff filed a Request for Judicial Notice Pursuant to Federal Rules of Evidence Rule 201. Dkt. 20. Plaintiff requested judicial notice be taken of "Case number: HEC 1800310 lodged in the Superior Court of California Riverside DIstrcit located at postal location 880 N State Street, Heme CA 92543." *Id*., ¶ 8. Accordingly, Plaintiff has already requested judicial notice be taken of these same records.

For the foregoing reasons, Plaza respectfully requests that the Court take judicial notice of the items identified above.

DATED: May 24, 2018                    PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By:  s/ Sean Sullivan
     John D. Alessio
     Sean M. Sullivan
     Attorneys for Defendant
     Plaza Home Mortgage, Inc.

1  HG LONG & ASSOCIATES
   H G LONG (SBN 127735)
2  474 W Orange Show Rd
   San Bernardino, CA 92408
3  Tel: (909) 889-5151
4  Fax: (909) 889-3900

5  Attorneys for Plaintiff(s)

6

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 1 4 2018

7              SUPERIOR COURT OF THE STATE OF CALIFORINA

8                    FOR THE COUNTY OF RIVERSIDE

9                         HEMET COURTHOUSE

10 DOOL & ASSOCIATES LLC                    )
                                            )   Case Number: HEC 1 8 0 0 31 0
11                                          )
                                            )   LIMITED JURISDICTION
12              Plaintiff(s),               )
   JANICE CHAMPION                          )   COMPLAINT FOR UNLAWFUL DETAINER
13                                          )
                                            )   [Action based on Code of Civil Procedure Section 1161a]
14                                          )
                                            )   [Amount in controversy does not exceed $10,000.00]
15                                          )
16                                          )
                                            )
17                                          )
18 and Does 1 through 10, Inclusive,

19              Defendant(s).

20    Plaintiff alleges:

21                      **FIRST CAUSE OF ACTION**

22                      **BROUGHT BY PLAINTIFF**

23                    **AGAINST ALL DEFENDANTS**

24                     **FOR UNLAWFUL DETAINER**

25    1.    Plaintiff is a Limited liability company duly organized and existing under the laws of the

26 State of California., and at all times herein mentioned was, authorized to do business in the State of

27 California.

28

2.     Plaintiff is informed and believes, and thereon alleges that each of the Defendants is, and at all times herein mentioned was, in possession of the real property which is the subject of this action.

3.     The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are known to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when the same are fully ascertained.

4.     Plaintiff is informed and believes, and thereon alleges that each of the defendants is, and at all times herein mentioned was, the agent and employee of each of the remaining defendant, and in doing the things herein alleged, was acting within the course of scope of such agency and employment. Plaintiff is informed and believes, and thereon alleges that each of the defendants ratified, approved and accepted the benefits of acts of each of the remaining defendants with full knowledge of the nature and effect such acts.

5.     The real property which is the subject of this action is located at 46601 BAUTISTA RD, HEMET, CA  92544, RIVERSIDE COUNTY, RIVERSIDE COUNTY. Said real property shall hereinafter be referred to as the "subject property." The subject property is within the geographical area for venue of the above-entitled court.

6.     Plaintiff is informed and believes, and thereon alleges that each of the defendants is, and at all times herein mentioned was, the agent and employee of each of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of such agency and employment. Plaintiff is informed and believes, and thereon alleges that each of the defendants ratified, approved and accepted the benefits of the acts of each of the remaining defendants with full knowledge of the nature and effect of such acts.

7.     On or about ~~01/04/2018~~ 12/21/17, Plaintiff purchased the subject property at a trustee's sale conducted pursuant to a power of sale in a deed of trust in which Defendants, and each of them, excepting the fictitiously named doe defendants, were the trustors on the underlying deed of trust and former owners of the subject property. Plaintiff is informed and believes, and thereon alleges that the nonjudicial foreclosure process leading up to said trustee's sale was conducted in compliance with the provisions of Civil Code, Section 2924. Plaintiff duly perfected title to the subject property. Plaintiff was not the

EXHIBIT A, Page 2 of 14

2

foreclosing beneficiary under the deed of trust leading to said trustee's sale, has, and at all times herein mentioned, had no notice of any claimed or professed defects in the nonjudicial foreclosure process, if any, and paid valuable consideration for the subject property. None of the defendants has ever tendered payment of funds to reinstate the underlying note secured by deed of trust. Plaintiff was a bona fide purchaser for value without notice of any defects in the nonjudicial foreclosure process. The trustee's deed upon sale recites that all statutory formalities leading up to the nonjudicial foreclosure sale were duly complied with. Plaintiff is informed and believes, and thereon alleges that all statutory requirements for publication and giving notice of the notice of default and election to sell, and of the notice of trustee's sale, in relation to said nonjudicial process, was duly complied with.

8.  On or about 02/01/2018, Plaintiff caused to be served on Defendants, and each of them, and upon all persons claiming any right to possession of the subject property, a notice to quit (hereinafter the "notice"), a copy of which is attached hereto and incorporated herein by reference as Exhibit "2" as though fully set forth hereat. Said notice was served in compliance with the requirements of C.C.P., Section 1162. A copy of the proof of service of the notice is attached hereto and incorporated herein by reference as Exhibit "3" as though fully set forth hereat.

9.  The period stated in the notice expired on 02/05/2018, and Defendants, and each of them, at all times since expiration of the notice until the present, have remained in possession of the subject property without Plaintiff's permission or consent.

10.  Plaintiff is informed and believes and thereon alleges that the fair rental value of the subject property is, and at all times since expiration of the notice, the sum of $ 67.86 per day. Plaintiff is informed and believes, and thereon alleges that Plaintiff is entitled to an award of damages for such fair rental value for the period commencing with expiration of the notice up through entry of judgment, in a total sum according to proof.

11.  A copy of the trustee's deed upon sale by which Plaintiff acquired and duly perfected title to the subject property is attached hereto and incorporated herein by reference as Exhibit '1' as though fully set forth hereat.

EXHIBIT A, Page 3 of 14

3

**COMPLAINT**

18-01-0700

WHEREFORE, PLAINTIFF prays for judgment as follows:

1.      For restitution and possession of the subject property located at:

46601 BAUTISTA RD, HEMET, CA 92544

2.      For daily rental value damages for the period commencing 02/06/2018 through the date of

entry of judgment at the rate of $ 67.86 per day;

3.      For costs of suit incurred herein; and

4.      For such other and further relief as this Court may deem property and just.

5.      Plaintiff remits all damages in excess of the jurisdictional limits of the court.

Dated: 02/13/2018

                    HG LONG & ASSOCIATES

                    By: _____

                    H G  LONG

                    Attorney for Plaintiff(s)

EXHIBIT A, Page 4 of 14

**4**

**COMPLAINT**                                      18-01-0700

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.

2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.

3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.

4. If you do not file this form, you may be evicted without further hearing.

5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

---

CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address):     TELEPHONE NO.:

ATTORNEY FOR (Name):

**NAME OF COURT:** HEMET COURTHOUSE
STREET ADDRESS: 880 N. STATE ST
MAILING ADDRESS:
CITY AND ZIP CODE: HEMET, CA 92543
BRANCH NAME: HEMET COURTHOUSE

Plaintiff: DOOL & ASSOCIATES LLC

Defendant: JANICE CHAMPION

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Complete this form only if ALL of these statements are true:
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)
3. You still occupy the subject premises.

*FOR COURT USE ONLY*

CASE NUMBER: MEC 1 8 0 0 31 0

(To be completed by the process server)
DATE OF SERVICE:
(Date that form is served or delivered, posted, and mailed by the officer or process server)

---

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is (specify):

2. I reside at (street address, unit no., city and ZIP code):

3. The address of "the premises" subject to this claim is (address):
   46601 BAUTISTA RD, HEMET, CA 92544, RIVERSIDE COUNTY

4. On (insert date):                          , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises.     (This date is in the accompanying Summons and Complaint.)

5. I occupied the premises on the date the complaint was filed (the date in item 4). I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed (the date in item 4).

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed (the date in item 4).

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. (Filing fee) I understand that I must go to the court and pay a filing fee of   $                       or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

---

CP10.5 [Rev. June 15, 2015]
18-01-0700

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25
American LegalNet, Inc.
www.FormsWorkFlow.com

Plaintiff:   DOOE & ASSOCIATES
Defendant:  CHAMPION

REC 1 8 00 31 0

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13  **Rental agreement.** I have *(check all that apply to you):*

a.  ☐   an oral or written rental agreement with the landlord.

b.  ☐   an oral or written rental agreement with a person other than the landlord.

c.  ☐   an oral or written rental agreement with the former owner who lost the property to foreclosure.

d.  ☐   *other (explain):*


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF CLAIMANT)

> **NOTICE:**   If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.


### — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

**1. You are NOT named in the accompanying Summons and Complaint.**

**2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**

**3. You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

American LegalNet, Inc.
www.FormsWorkFlow.com

### Verification

1. I am an agent of the Plaintiff(s). I am verifying the attached Complaint because I am more familiar with the facts alleged than it Plaintiff(s) or the other agents and employees of Plaintiff(s). I have read the attached Complaint and know the contents thereof. I am informed and believe that the matters contained within it are true and on that ground allege that the matters stated are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed in Temecula California on 2/9/18 .

_____
Agent for Plaintiff(s)

2. Plaintiff(s) entity is:

    (  ) Individual
    (  ) Partnership
    (  ) Corporation
    (X) Limited Liability Company
    (  ) Trust
    (  ) Other: _____.

3. Property was purchased at: (X) Trustees Sale  or  (  ) REO Sale.

4. The notice that the complaint is based on is a (X) 3 Day or (  ) 90 Day.

    The daily damage value per day is: $_____.

    The property address is: 46601 Bautista Rd, Hemet, CA

I request that a facsimile be accepted as an original pursuant to CRC 2.305(d), a signature hereon, in any, I produced by facsimile transmission is admissible as an original.

I declare under penalty of perjury that the forgoing is true and correct.

I executed this verification on 2/9/18 at Temecula, CA.

Mathew Dool
(Name, *printed or typed*)

_____
($ignature)

EXHIBIT A, Page 7 of 14

ACCOMMODATION
SENT TO RECORDER PER REQUEST OF THE PARTIES HEREIN.
IT HAS NOT BEEN EXAMINED AS TO ITS EFFECT AND VALIDITY

DOC # 2018-0003460
01/04/2018 08:00 AM Fees: $47.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: ALYCIA #778

Recording requested by:

When recorded mail to:

DOOL AND ASSOCIATES
40486 YARDLEY COURT
TEMECULA, CA 92591

Forward tax statements to the address given above

TS No.: CA-17-776480-RY
Order No.: 730-1706695-70

Space above this line for recorders use

TRA 011-012

## Trustee's Deed Upon Sale

A.P.N.: 555-300-022-2

THE UNDERSIGNED GRANTOR DECLARES:

The grantee herein **WASN'T** the foreclosing beneficiary.

The amount of the unpaid debt together with costs was:                    $181,780.91

The amount paid by the grantee at the trustee sale was:                    $181,800.92

The documentary transfer tax is:                    $   200.20

Said property is in the City of: **HEMET**, County of **RIVERSIDE**

**QUALITY LOAN SERVICE CORPORATION** as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to:

DOOL AND ASSOCIATES

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **RIVERSIDE**, State of California, described as follows:

**PARCEL 1 OF PARCEL MAP NO. 10396, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 72, PAGE(S) 70 AND 71 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.**
COMMONLY KNOWN AS: 46601 BAUTISTA CANYON ROAD, HEMET, CA 92544
This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **JANICE CHAMPION, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY,** as trustor, dated 10/26/2006, and recorded on 11/1/2006 as Instrument No. 2006-0803949 of Official Records in the office of the Recorder of **RIVERSIDE**, California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 8/14/2017, instrument no 2017-0333582, of Official records. The Trustee of record at the relevant time having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a

Mail Tax Statement to Return Address Above

EXHIBIT A, Page 8 of 14

ex1

Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on **12/21/2017** at the place named in the Notice of Sale, in the County of **RIVERSIDE**, California, in which the property is situated.  Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said trustee the amount being **$181,800.92** in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

## QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TS No.: CA-17-776480-RY

Date: 12/26/17

QUALITY LOAN SERVICE CORPORATION

By:   Caitlan McMullen, Assistant Secretary

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of: **California**)

County of: **San Diego**)

On 12-26-17 before me, R. Moore a notary public, personally appeared Caitlan McMullen who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.          (Seal)

Signature

R. MOORE
Notary Public – California
San Diego County
Commission # 2195762
My Comm. Expires May 6, 2021

# COVER SHEET TO

# 3/90 FORECLOSURE NOTICE TO QUIT

Attached hereto is a 3/90 Foreclosure Notice to Quit that is being served on you pursuant to Code of Civil Procedure § 1161-1166.

If you are a tenant in possession of the real property located at
46601 BAUTISTA RD, HEMET, CA 92544
through a lease that was entered into with the former owner you should talk to a lawyer NOW to determine what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and/or simply move out. Also if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should consult a lawyer about it.

Pursuant to the provisions of Code of Civil Procedure §§ 415.46 and 1161b, if you are a tenant under either a fixed term lease, you may have the right to remain in possession of the subject property beyond the 90 days after service of this notice and to remain in possession of the subject rental unit for the remaining time left on your fixed term lease. All rights and obligations under your lease or tenancy, including your obligation to pay rent to the new owner, will continue.

For more information on your rights please read the attached 3/90 Foreclosure Notice to Quit and consult a lawyer, legal aid organization, or housing counseling agency, of your own choice.

# 3/90-FORECLOSURE NOTICE TO QUIT

**TO:** JANICE CHAMPION

**ALL OCCUPANTS RESIDING AT**
46601 BAUTISTA RD, HEMET, CA  92544
Property Address
**NOTICE IS HEREBY GIVEN THAT**
DOOL & ASSOCIATES LLC ("Beneficiary/Trustee(s)"),
or its successor in interest, purchased the property located at
46601 BAUTISTA RD, HEMET, CA  92544

("The Premises") at a foreclosure sale held in accordance with California Civil Code § 2924 and pursuant to the power of sale contained in a Deed of Trust recorded in the Official Records of RIVERSIDE COUNTY, and that title of the Premises is duly perfected in  RIVERSIDE COUNTY.

**NOTICE IS FURTHER GIVEN THAT:**
1. Within three (3) days after service on you of this Notice, if you are the Trustor(s) of the Deed of Trust described above, or successor in interest to said Trustor(s), or any person who is not a bona fide tenant or subtenant; or
2. Within ninety (90) days after service on you of this Notice, in the event you are a bona fide tenant or a subtenant of the Trustor(s) of the Deed of Trust described above, or a bona fide tenant or a subtenant of a successor in interest to said Trustor(s):

You are required to vacate and surrender possession of the Premises, or the portion in which you reside to: DOOL & ASSOCIATES LLC, unless you provide evidence to the undersigned law firm that you are a bona fide tenant pursuant to Code of Civil Procedure §§ 415.46 and 1161b. If you have a fixed term lease with the prior owner of the subject property you should immediately provide the party listed herein with a copy of the lease agreement and evidence of your rental payments for the past 12 months.

If within the applicable period as set forth above, EITHER if you fail to surrender possession OR fail to provide evidence that you are a bona fide tenant pursuant to Code of Civil Procedure §§ 415.46 and 1161b. Please see Page 3 Addendum of this Notice for instructions on how to deliver this evidence.

**PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 415.46 AND 1161b**, demand is hereby made that if you believe you are a tenant with a bonafide lease pursuant to the above referenced law, you must contact the new owner at the address listed below and produce a copy of the lease, proof of payment of the rent for at least the past four months, permit access within this five day period to inspect

the premises and pay all rents due and owing. Failure to exercise your potential legal rights may result in legal action for possession of the property, the rent, late fees, court costs and attorney fees. If the above provision applies, this notice serves as a five day notice of the non-payment of rent of the amount specified in your rental agreement from the date of the foreclosure.

You should talk to a lawyer **NOW** to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and/or simply move out. Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should talk to a lawyer about it.

This Notice is given pursuant to the provisions of the **PTFA** and **Code of Civil Procedure §§ 1161, 1161a and 1161b**, and if applicable, includes the sixty (60) day Notice required by **CCP 1161b** within the above 90 day Notice period.

This notice also constitutes a notice of non-renewal of any lease applicable to the Premises.

Dated:   2/1/2018

H G  LONG

_____   *anny*
**By: legal assistant**

"State Law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out."

# ADDENDUM TO NOTICE TO QUIT

## TENANT INFORMATION THAT MUST BE PROVIDED IF YOU CLAIM YOU ARE A BONA FIDE TENANT ENTITLED TO PROTECTION BY THE TENANTS IN FORECLOSURE ACT

**IF YOU ARE A TENANT** of the prior owner, you must provide the following document:

- A copy of your lease
- A return phone number and hours to reach you
- The receipts for the last four (4) payments made to the landlord of the property located at:

46601 BAUTISTA RD, HEMET, CA  92544

by mail, fax, or in person to:

H G LONG

**Fax:** (909) 889-3900

For any question, please call (909) 889-5151

Dated: 2/1/2018

H G LONG

By legal assistant for attorney for new owner:
**DOOL & ASSOCIATES LLC**

Contact Information:
H G LONG
474 W Orange Show Rd San Bernardino, CA 92408
Phone (909) 889-5151 • Fax (909) 889-3900

EXHIBIT A  Page 13 of 14
18-010970G

# PROOF (DECLARATION) OF SERVICE OF NOTICE TO TENANT

On <u>February 1, 2018</u>, I served the following NOTICE(s):
<span style="font-size:smaller">(Insert Date of Service of Notice)</span>

     ☐ 3 Day Notice To Pay Rent of Quit
     ☐ 3 Day Notice To Perform Covenant or Quit
     ☐ 30 Day Notice of Termination of Tenancy
     ☐ 60 Day Notice of Termination of Tenancy
     ☒ Other Notice:   3/90 Foreclosure

The NOTICE(s) set forth above were served on the following Tenant(s) and all other occupants:

<u>JANICE CHAMPION</u>
<span style="font-size:smaller">(Insert Tenant(s) Name)</span>

The NOTICE(s) set forth above were served by:

☐   **PERSONAL DELIVERY:** On the date set forth above, **I HANDED** a copy of the notice to the Tenant(s) named herein at approximately:

☐   **SUBSTITUTE SERVICE:** On the date set forth above, at approximately:
I served the NOTICE to the Tenant(s) named herein by **LEAVING** copies of the NOTICE with:

<span style="font-size:smaller">(Insert Name of the Person Other Than a Tenant Who Is At Least 18 years old or Give Description (Age, Sex, Height, Weight etc. if person refuses to give name)</span>
who is a person of suitable age and discretion at the residence or usual place of business of the Tenant(s), because the Tenant(s) was/were absent. I also **MAILED** by First Class mail on the same date a copy of the NOTICE to the Tenant(s) named herein by depositing copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above named Tenant(s) at the Premises.

☒   **POSTING & MAILING:** On the date set forth above, I served the NOTICE to the Tenant(s) named herein by **POSTING** a copy of the NOTICE in a conspicuous place on the Premises because there was no person of suitable age or discretion found at the Premises at the time I was there, or no one answered the door. On the same day as I posted the NOTICE, I also **MAILED** copies of the NOTICE to the Tenant(s) named herein by depositing a sealed envelope with First Class postage fully prepaid, in the United States Mail, addressed to the Tenant(s) named herein at the Premises address:
46601 BAUTISTA RD, HEMET, CA 92544

Person who served papers
a. Name: SHAWN  STANFIELD
b. Address: 985 KENDALL DR SUITE A BOX 337, SAN BERNARDINO, CA 92407
c. Telephone Number: 909-889-4200
d. The Fee for Service was: 75.00
e. I am a registered California process server:
    (i) ☐ owner ☐ employee ☒ independent contractor
    (ii) Registration No.: 1660
    (iii) County: SAN BERNARDINO

☒ I declare under penalty of perjury under the laws of State of California that the foregoing in true and correct.

Date: 02/13/2018

SHAWN  STANFIELD                          (SIGNATURE)
<span style="font-size:smaller">(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)</span>



1  H.G. LONG, ESQ. (SBN 127735)
   H.G. LONG & ASSOCIATES
2  474 West Orange Show Road
   San Bernardino, California 92408
3
4  Tel: (909) 332-6200 Fax: (909) 889-3900
5  Attorneys for Plaintiff
6
7
                **F I L E D**
                SUPERIOR COURT OF CALIFORNIA
                COUNTY OF RIVERSIDE

                MAR 0 7 2018

                *Evelyn Df*

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF RIVERSIDE-HEMET**

10  DOOL & ASSOCIATES LLC,              )   **CASE NO.** HEC1800310
                                        )
11          Plaintiff,                  )   LIMITED JURISDICTION
                                        )
12  vs.                                 )   NOTICE OF MOTION FOR SUMMARY
                                        )   JUDGMENT; AND MEMORANDUM
13                                      )   OF POINTS AND AUTHORITIES IN
                                        )   SUPPORT THEREOF [FILED
14  JANICE CHAMPION, et al.,            )   CONCURRENTLY WITH
                                        )   EVIDENCE/DECLARATIONS AND
15          Defendants.                 )   REQUEST FOR JUDICIAL NOTICE]
                                        )
16                                      )   DATE: MARCH 14 2018
                                        )   TIME: 08:30 AM
17                                      )   DEPT: H1
                                        )   TRIAL: NONE
18  _____)

19

20      TO DEFENDANT, JANICE CHAMPION AND TO THE ABOVE-ENTITLED COURT:

21      PLEASE TAKE NOTICE that on March 9 2018, at the hour of 8:30 am, or as soon thereafter

22  as the matter may be heard in Department H1 of the above-entitled court located at 880 N. State

23  Street, Hemet, California 92543, Plaintiff, DOOL & ASSOCIATES LLC will, and does hereby, move

24  for an order granting it summary judgment.

25

26      The motion will be made upon the ground that Plaintiff is entitled to a judgment and there

27  are no triable issues of material fact.

28

---

**MOTION FOR SUMMARY JUDGMENT**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The motion will be based on this notice, the Evidence and declarations filed concurrently herewith, the documents attached to the Request for Judicial Notice filed concurrently herewith, the attached memorandum of points and authorities, upon all the papers and records on file in this action, and upon such other and further oral and documentary evidence as may be presented at the hearing.

DATED: March 5, 2018

H.G. LONG & ASSOCIATES

BY: _____

H.G. LONG, ESQ.
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### MATERIAL FACTS

Plaintiff has filed a complaint for unlawful detainer based on C.C.P., Section 1161a. Defendant filed an Answer to the verified Complaint which, while asserting affirmative defenses, did NOT DENY ANY OF THE ALLEGATIONS OF THE COMPLAINT.  The elements of Plaintiff's prima facie case, including service of the notice, fair rental value, etc., were all admitted, and such admission is binding on defendant.

Plaintiff was a bona fide purchaser for value at a trustee's sale conducted pursuant to a deed of trust in which defendant was the trustor, borrower and former owner.  Plaintiff and its agent had, and to this day, have, no knowledge, constructive or otherwise, of any defects in the nonjudicial foreclosure process.  Plaintiff had no connection of any kind to Defendant prior to its purchase of the property at the trustee's sale.  Moreover, at no time after Plaintiff's purchase did Defendant pay or tender sums to reinstate the underlying note secured by deed of trust.  As is admitted by Defendant in the Answer, a 3-day notice to quit was duly served, and the fair market rental value is no less than the sum alleged in the prayer to the Complaint, i.e., $67.86 per day from February 6, 2018 through date of entry of the judgment.

//

//

//

//

//

//

1  //

2  **DISCUSSION**

3  **I**

4
5  **MATTERS ALLEGED IN THE COMPLAINT WHICH**

6  **ARE NOT DENIED ADMITTED IN THE ANSWER**

7  **ARE DEEMED TRUE AS A MATTER OF LAW WHEN**

8  **RULING ON A SUMMARY JUDGMENT MOTION**

9
10  *"Admissions of material facts made in an opposing party's pleadings are binding on that*

11  *party as "judicial admissions." They are conclusive concessions of the truth of those matters, are*

12  *effectively removed as issues from the litigation, and may not be contradicted by the party whose*

13  *pleadings are used against him or her. [Valerio v. Andrew Youngquist Construction (2002) 103*

14
15  *CA4th 1264, 1271, 127 CR2d 436, 441; St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co. (2003)*

16  *111 CA4th 1234, 1248, 4 CR3d 416, 429 (citing text); Uhrich v. State Farm Fire & Cas. Co. (2003)*

17  *109 CA4th 598, 613, 135 CR2d 131, 141 (citing text); Myers v. Trendwest Resorts, Inc. (2009) 178*

18  *CA4th 735, 746, 100 CR3d 658, 666 (citing text); see also ¶ 10:194]"* (Cal. Prac. Guide Civ. Pro.

19  Before Trial Ch. 10-C, Section 10:147; also see: <u>In re Marriage of Stephenson</u> (1984) 162 Cal.App.3d

20  1057 [209 Cal.Rptr. 383] [Where claimant daughter, in her "answer to complaint to quiet title"

21  admitted that she had no interest in property at issue, trial court erred when it adopted referee's

22  finding that claimant had interest in subject property.].)

23
24  *"Every material allegation of a complaint not controverted by the answer must for the*

25  *purposes of the action be taken as true and no evidence need be introduced in support of such*

26  *allegation. (Sec. 462, Code Civ.Proc.; Morris v. Marner, 207 Cal. 498, 506, 279 P. 152; Driver v.*

27
28

---

**MOTION FOR SUMMARY JUDGMENT**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

4

1 | *International Air Race Ass'n, 54 Cal.App.2d 614, 620, 129 P.2d 771.)"* (<u>Braverman v. Rosenthal</u>

2 | (1951) 102 Cal.App.2d 30, 32 [226 P.2d 617, 618].)

3
4 | In the case at bar, defendant did not deny any of the allegations of the Complaint in her

Answer, although she did assert affirmative defenses.  For purposes of this motion for summary

5
6 | judgment, Plaintiff's prima facie case must be deemed to have been established as a matter of law,

7 | even absent any further evidence.

8 | <center>**II**</center>

9
10 | <center>**NO SEPARATE STATEMENT OF UNDISPUTED FACTS AND**</center>

11 | <center>**SUPPORTING EVIDENCE IS REQUIRED FOR UNLAWFUL**</center>

12 | <center>**DETAINER SUMMARY JUDGMENT MOTIONS**</center>

13 | Certain of the procedures and requirements for summary judgment motions under <u>C.C.P.</u>,

14
15 | Section 437c are subject to an exemption for unlawful detainer actions. (E.g., see: <u>C.C.P.</u>, Section

1170.7 [5 days' notice]; <u>C.C.P.</u>, Section 437c(s))

16
17 | There is no requirement for a separate statement in unlawful detainer motions for summary

18 | judgment. (<u>C.C.P.</u>, Section 437c(s); California Rules of Court, Rules 3.1350© & (e), 3.1351; <u>Cal.</u>

19 | <u>Prac. Guide</u> Landlord-Tenant Ch. 8-G, Section 8:489 ["*…the moving and opposing parties are not*

20
21 | *held to the "separate statement" requirements applicable to summary judgment/summary*

*adjudication determinations in general civil litigation…*" (Emphasis added)].)

22
23 | //

24 | //

25 | //

26 | //

27
28

---

<center>**MOTION FOR SUMMARY JUDGMENT**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**</center>

5

<center>EXHIBIT B, Page 5 of 57</center>

# III

## A PLAINTIFF MOVING FOR SUMMARY

## JUDGMENT NEED ONLY ESTABLISH HIS OR HER

## PRIMA FACIE ELEMENTS AND HAS NO INITIAL

## BURDEN TO NEGATE AFFIRMATIVE DEFENSES

Where plaintiff seeks summary judgment, the burden is to produce admissible evidence on each element of a "cause of action" entitling him or her to judgment. (CCP § 437c (p) (1); see Hunter v. Pacific Mechanical Corp. (1995) 37 CA4th 1282, 1287, 44 CR2d 335, 337 (citing text) (*disapproved on other grounds* in Aguilar v. Atlantic Richfield Co. (2001) 25 Cal. 4th 826, 107 Cal. Rptr. 2d 841).)

Unlike former law, it is not plaintiff's initial burden to disprove affirmative defenses asserted by Defendant. (See CCP § 437c (p) (1); Consumer Cause, Inc. v. SmileCare (2001) 91 Cal. App. 4th 454, 468, 110 Cal. Rptr. 2d 627, 638.)

In ruling on a motion for summary judgment, the court utilizes a three-prong analysis.  First, it determines what issues are framed by pleadings.  Next, it determines whether the moving party has met his or her initial burden of proof.  Finally, the court determines whether defendant's opposing papers show the existence of a triable issue of material fact as to the issues or elements of plaintiff's claim that were negated by the defendant's moving papers. (AARTS Productions, Inc. v. Crocker Nat'l Bank (1986) 179 Cal. App. 3d 1061, 1064-1065, 225 Cal. Rptr. 203, 205).

With respect to whether the party opposing summary judgment has met the burden of establishing a triable issue of fact, the following principle is applied.  Evidence that gives rise to no more than mere speculation is insufficient to establish a triable issue of material fact. (Sangster v.

1  Paetkau, (1998) 68 Cal. App. 4th 151, 163, 80 Cal. Rptr. 2d 66, 73 [bare assertion that moving party

2  "fabricated" evidence insufficient to avoid summary judgment].).

### A.     PLAINTIFF HAS ESTABLISHED THE ELEMENTS OF A CAUSE OF ACTION UNDER C.C.P., SECTION 1161A, PARTICULARLY IN LIGHT OF DEFENDANT'S FAIURE TO DENY THE ALLEGATIONS OF THE COMPLAINT IN HER ANSWER

An unlawful detainer is proper where the property has been sold by foreclosure against the

occupant and title under the foreclosure has been duly perfected. (C.C.P., Section 1161(b)(2)) A 3-

day notice to quit must also be served. (Ibid.)

A recital in the trustee's deed of compliance with "all requirements of law" regarding mailing

or personal delivery and publication or posting of the copies of notice of default and notice of sale

"shall constitute prima facie evidence of compliance with these requirements and **conclusive**

**evidence thereof in favor of bona fide purchasers** and encumbrancers for value and without

notice." (Emphasis added) (CC § 2924(c); Bank of America, N.A. v. La Jolla Group II (2004) 129

Cal. App. 4th 706, 714, 28 Cal. Rptr. 3d 825, 830; Melendrez v. D & I Investment, Inc. (2005) 127

Cal. App. 4th 1238, 1255, 26 Cal. Rptr. 3d 413, 428.)

In Melendrez v D & I Investment, supra, 127 Cal. App. 4th 1238, 26 Cal. Rptr. 3d 413, a

judgment in favor of a bona fide purchaser for value at a trustee's sale was affirmed on appeal.  The

borrower, trustor and former owner had sought to quiet title against the purchaser and to cancel the

trustee's deed upon sale.  The court held, as a matter of law, that **the title of a bona fide purchaser**

**for value without notice was unaffected by any fraud of the lender or any breach of any type of**

**repayment agreement between the borrower and the lender.** The Court also held that the status of

the purchaser as an experienced real estate purchaser had zero impact on whether it qualified as a bona fide purchaser for value.

"*A bona fide purchaser for value who acquires his interest in real property without notice of another's asserted rights in the property takes the property free of such unknown rights. [Citations.]*" (Hochstein v. Romero (1990) 219 Cal.App.3d 447, 451, 268 Cal.Rptr. 202, *superseded by statute on other grounds* in First Bank v East West Bank (2011) 199 Cal. App. 4th 1309, 132 Cal. Rptr. 3d 267; see also In re Marriage of Cloney (2001) 91 Cal.App.4th 429, 437, 110 Cal.Rptr.2d 615; Reiner v. Danial (1989) 211 Cal.App.3d 682, 689–690, 259 Cal.Rptr. 570; Melendrez v D & I Investment, supra, 127 Cal. App. 4th 1238, 26 Cal. Rptr. 3d 413; also see: Strutt v Ontario Sav. & Loan Assn. (1970) 11 Cal. App. 3d 547, 554, 90 Cal. Rptr. 59; also see: Universal Land Co. v All Persons Claiming any Interest in, or Lien, etc. (1959) 172 Cal. App. 2d 739, 342 P. 2d 958.)

In 27 Cal. Jur. 3d Deeds of Trust § 323, the authors provide some examples of when the conclusive presumption from the trustee's deed in favor of a bona fide purchaser will overcome claimed defects in the nonjudicial foreclosure process, stating:

> "By statute, none of the following affects the validity of a trustee's sale in favor of a bona fide purchaser:
>
> '• failure to comply with the statute requiring the inclusion of a notice of the right to reinstate in a notice of default[11]
>
> '• failure to comply with the statute requiring that certain notices, relating to filing a notice of default, be given by an agent collecting payments from the obligor[12]

"• an inaccurate statement in a notice of sale of the unpaid balance of

the obligation and reasonably estimated costs, expenses, and advances[13]

"• failure to post the notice of sale on a door of a single-family

residence."

In 5 Cal. Real Est. § 13:238 (4th ed.), the authors state:

"A provision in the deed of trust that the recitals in the trustee's deed

that all procedures required by law for the conduct of the foreclosure

have been performed creates a conclusive presumption in favor of a

bona fide purchaser that the statutory requirements have been satisfied.

'This presumption precludes an attack on the trustee's sale by the

trustor when the property is sold to a bona fide purchaser even though

there has been a failure to comply with some required procedure that

deprives the trustor of the right of reinstatement."

In addition, unless the trustee's deed upon sale is deemed void, to set aside a voidable

nonjudicial foreclosure, the debtor/trustor must TENDER the sums due under the note secured by

deed of trust.  (E.g., see: 5 Cal. Real Est. § 13:256 (4th ed.) ["*A challenge to the validity of the

trustee's sale is an attempt to have the sale set aside and to have the title restored. The action is in

equity,[1] and a trustor seeking to set the sale aside is required to do equity before the court will

exercise its equitable powers.[2] Therefore, as a condition precedent to an action by the trustor to set

aside the trustee's sale on grounds that the sale is voidable, the trustor must pay, or offer to pay, the

secured debt, or at least all of the delinquencies and costs due for redemption, before the action is

commenced[3] or in the complaint...*"].)

---

**MOTION FOR SUMMARY JUDGMENT**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## B.   AN OPPOSITION WHICH FAILS TO PRESENT COMPETENT AND NONSPECULATIVE EVIDENCE WILL NOT MEET DEFENDANT'S BURDEN TO ESTABLISH A TRIABLE ISSUE OF MATERIAL FACT

As noted above, it is not Plaintiff's initial burden to negate defendant's affirmative defenses. However, to the extent an opposition were filed attempting to establish either an affirmative defense or a triable issue of material fact as to an element of Plaintiff's prima facie case, the following criteria must be applied.

Once the moving party has met its initial burden of proof on a summary judgment motion, the burden shifts to the opposing party to produce ADMISSIBLE evidence showing a triable issue of material fact exists. (C.C.P., Section 437c(p)(1); also see: Cal. Prac. Guide Civ. Pro. Before Trial Ch. 10-F, Sections 10:253-254)

Evidence that gives rise to no more than mere *speculation* is insufficient to establish a triable issue of material fact. (Sangster v Paetkau (1998) 68 Cal. App. 4th 151, 163 [80 Cal. Rptr. 2d 66, 73].)

The opposing party may not simply rely on his or her own allegations in pleadings. (see: Cal. Prac. Guide Civ. Pro. Before Trial Ch. 10-F, Sections 10:253-254)

//

//

//

//

//

//

1      In the case at bar, Plaintiff does not presently know what evidence defendant may attempt to

2  introduce, but to meet Defendant's burden of proof, it must be competent and admissible evidence.

3  DATED: March 5, 2018

4

5                                      H.G. LONG & ASSOCIATES

6
                                       BY: _____
7                                      H.G. LONG, ESQ.
                                       Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**MOTION FOR SUMMARY JUDGMENT**
**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

11

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

(1013A, 2015.5 C.C.P.)

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my address is 474 West Orange Show Road, San Bernardino, California 92408. The matters contained in this declaration are known to me personally and if called upon to testify as to such matters under oath in a court of law, I could and would do so competently.

On March 6, 2018, I served the attached NOTICE OF MOTION FOR SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF on the DEFENDANT in said action by placing a true copy thereof enclosed in a sealed envelope designated by the GSO delivery service, delivered to a courier authorized to receive documents on behalf of said delivery service, with the fees for delivery paid and provided for OVERNIGHT NEXT DAY DELIVERY, with the papers addressed to:

Janice Champion
46601 Bautista Road
Hemet, CA 92544

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 6, 2018 at San Bernardino, California.

B.THOMPSON
Declarant

---

**MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

12

1 | H.G. LONG, ESQ. (SBN 127735)
  | H.G. LONG & ASSOCIATES
2 | 474 West Orange Show Road
  | San Bernardino, California 92408
3 |
4 | Tel: (909) 332-6200 Fax: (909) 889-3900
5 |
  | Attorneys for Plaintiff
6 |
7 |                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8 |                       **FOR THE COUNTY OF RIVERSIDE-HEMET**
9 |

| | | |
|---|---|---|
| 10 | DOOL & ASSOCIATES LLC, | ) **CASE NO.** HEC1800310 |
| 11 | Plaintiff, | ) LIMITED JURISDICTION |
| 12 | vs. | ) PLAINTIFF'S EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT: DECLARATION OF MATTHEW DOOL; AND DECLARATION OF SHAWN STANFIELD |
| 13 | | ) |
| 14 | JANICE CHAMPION, et al., | ) |
| 15 | Defendants. | ) |
| 16 | | ) DATE: March 14 2018 |
| 17 | | ) TIME:  08:30 AM |
| 18 | | ) DEPT:   H1 |
| | | ) TRIAL: NONE |

19 |
20 |          TO DEFENDANT, JANICE CHAMPION AND TO THE ABOVE-ENTITLED COURT:
21 |          Plaintiff, DOOL & ASSOCIATES LLC hereby submits its evidence in support of its motion
22 | for summary judgment:
23 | //
24 | //
25 | //
26 | //
27 |
28 |

---

**PLAINTIFF'S EVIDENCE IN SUPPORT OF SUMMARY JUDGMENT MOTION**                              1

## DECLARATION OF MATHEW DOOL

I, Mathew Dool, declare:

1.     I am the managing member of Plaintiff, Dool & Associates LLC (hereinafter "Plaintiff"). Plaintiff is a duly organized and existing limited liability company under the laws of the State of California.

2.     The matters contained in this declaration are known to me personally, and if called upon to testify as to such matters under oath in a court of law, I could and would do so competently.

3.     Plaintiff filed a Complaint in this action, a copy of which is attached hereto and incorporated herein by reference as Exhibit "1" as though fully set forth hereat. Defendant, Janice Champion, filed an Answer to the Complaint, a copy of which is attached hereto and incorporated herein by reference as Exhibit "2" as though fully set forth hereat. The Court is hereby requested to take judicial notice of said pleadings, not for their truth, but for their legal effect in defining the issues remaining to be determined in this action. The court is requested to read and consider paragraph 2 and its subparts of the Answer to the Complaint wherein none of the allegations of the Complaint are denied.

4.     The real property that is the subject of this action is located at 46601 Bautista Road, Hemet, California 92544 (Riverside County) (hereinafter the "Premises").

5.     Defendant, Janice Champion (hereinafter "Defendant") is in possession of the Premises.

6.     On January 4, 2018, Plaintiff purchased the Premises at a trustee's sale conducted pursuant to a power of sale in a deed of trust in which Defendant was the trustor, borrower and former owner. Plaintiff was not the trustee or beneficiary of the subject deed of trust. Plaintiff was not the lender in relation to said transaction. Plaintiff had no contractual or other relationship to

1  Defendant prior to its purchase of the Premises at said trustee's sale. Plaintiff paid valuable
2  consideration for said Premises at said trustee's sale. Plaintiff paid $181,800.92 for the Premises at
3  said trustee's sale.  Neither I, nor any other agent or employee of Plaintiff had notice of any claimed
4
5  defects in the nonjudicial foreclosure process, and even now, I am aware of no such defects.  At no
6  time after the purchase of the Premises by Plaintiff has Defendant or any other person ever paid,
7  tendered, or otherwise offered to pay the sums necessary to reinstate the underlying note by deed of
8  trust or to reimburse Plaintiff for the sums it paid to purchase the Premises.  Defendant has made no
9
10  payment and tendered nothing.
11       7.     I am familiar with the rental housing market near the Premises.  I have also conduct
12  online research as to its fair market rental value.    The fair market rental value is no less than
13  $2,295.00 per month, or the sum of $76.50 per day.  Since the Complaint in this action seeks only
14  $67.86 per day, Plaintiff remits all damages more than the demand of the Complaint, i.e., Plaintiff
15  seeks no more than $67.86 per day. A printout from the Zillow website is attached hereto and
16
17  incorporated herein by reference as Exhibit "3" as though fully set forth hereat.
18       I declare under penalty of perjury that the foregoing is true and correct and that this
19  declaration was executed on March 5, 2018 at San Bernardino, California.
20                                   _____
21                                   MATHEW DOOL
22                                   Declarant
23
24
25
26
27
28

**PLAINTIFF'S EVIDENCE IN SUPPORT OF SUMMARY JUDGMENT MOTION**                    3

## DECLARATION OF SHAWN STANFIELD

I, Shawn Stanfield, declare:

1.    I am a registered process server under the laws of the State of California, San Bernardino County registration number 1660.

2.    The matters contained in this declaration are known to me personally, and if called upon to testify as to such matters under oath in a court of law, I could and would do so competently.

3.    I was provided a notice to quit and associated documents (hereinafter collectively referred to as the "Notice"), copies of which are collectively attached hereto and incorporated herein by reference as Exhibit "4" as though fully set forth hereat. I was instructed to serve Defendant, Janice Champion (hereinafter "Defendant"). The only known address for Defendant was the address of the premises located at 46601 Bautista Road, Hemet, California 92544 (hereinafter the "Premises"). No business or work address was known for her and the Premises is believed to be her residence.

4.    I went to the Premises with the Notice on February 1, 2018. I knocked loudly on the front door, waited, and then repeated that process several times. No one appeared to be home. No one responded to my knocking. I tacked a copy of the Notice to the front door of the Premises at eye level. On the same day, I mailed a copy of the Notice to Defendant at the Premises address by first class mail postage prepaid. The mailed copy was never returned as being undelivered, and I therefore assume Defendant received it.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 5, 2018 at San Bernardino, California.

_____
SHAWN STANFIELD
Declarant

---

**PLAINTIFF'S EVIDENCE IN SUPPORT OF SUMMARY JUDGMENT MOTION**

4

# PROOF OF SERVICE BY OVERNIGHT DELIVERY

## (1013A, 2015.5 C.C.P.)

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

    I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my address is 474 West Orange Show Road, San Bernardino, California 92408. The matters contained in this declaration are known to me personally and if called upon to testify as to such matters under oath in a court of law, I could and would do so competently.

    On March 6, 2018, I served the attached PLAINTIFF'S EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT: DECLARATION OF MATTHEW DOOL; AND DECLARATION OF SHAWN STANFIELD on the DEFENDANT in said action by placing a true copy thereof enclosed in a sealed envelope designated by the GSO delivery service, delivered to a courier authorized to receive documents on behalf of said delivery service, with the fees for delivery paid and provided for OVERNIGHT NEXT DAY DELIVERY, with the papers addressed to:

Janice Champion
46601 Bautista Road
Hemet, CA 92544

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 6, 2018 at San Bernardino, California.

B. THOMPSON
Declarant

---

**PLAINTIFF'S EVIDENCE IN SUPPORT OF SUMMARY JUDGMENT MOTION**

5

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JANICE CHAMPION , AND DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DOOL & ASSOCIATES LLC

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   HEMET COURTHOUSE

   880 N. STATE ST, HEMET, CA 92543

CASE NUMBER:
*(Número del caso):*

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   H G LONG Bar No: 127735              474 W Orange Show Rd
   Phone: (909) 889-5151                San Bernardino, CA 92408

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) ☒ did not  ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date:*(Fecha)*.

Clerk, by _____, Deputy
*(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as an occupant
   d. ☐ on behalf of *(specify):*
      under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
             ☐ CCP 415.46 (occupant)            ☐ other *(specify):*
5. ☐                  by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

EXHIBIT B Page 18 of 57

Exhibit /

SUM-130

| | |
|---|---|
| PLAINTIFF *(Name)*: DOOL & ASSOCIATES LLC | CASE NUMBER: |
| DEFENDANT *(Name)*: JANICE CHAMPION | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant)*:

    a.  Assistant's name:

    b.  Telephone no.:

    c.  Street address, city, and zip:


    d.  County of registration:

    e.  Registration no.:

    f.  Registration expires on *(date)*:

SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**
18-01-0700

Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT B, Page 19 of 57

1  HG LONG & ASSOCIATES
   H G LONG (SBN 127735)
2  474 W Orange Show Rd
   San Bernardino, CA 92408
3  Tel: (909) 889-5151
   Fax: (909) 889-3900
4
5  Attorneys for Plaintiff(s)
6
7              SUPERIOR COURT OF THE STATE OF CALIFORINA
8                   FOR THE COUNTY OF RIVERSIDE
9                       HEMET COURTHOUSE
10 DOOL & ASSOCIATES LLC                  )   Case Number:
                                          )
11                                        )
                                          )
12               Plaintiff(s),            )   LIMITED JURISDICTION
   JANICE CHAMPION                        )
13                                        )   COMPLAINT FOR UNLAWFUL DETAINER
                                          )
14                                        )   [Action based on Code of Civil Procedure Section 1161a]
                                          )
15                                        )   [Amount in controversy does not exceed $10,000.00]
                                          )
16                                        )
                                          )
17                                        )
18 and Does 1 through 10, Inclusive,
19               Defendant(s).
20
      Plaintiff alleges:
21
                        **FIRST CAUSE OF ACTION**
22
                        **BROUGHT BY PLAINTIFF**
23
                     **AGAINST ALL DEFENDANTS**
24
                       **FOR UNLAWFUL DETAINER**
25
      1.     Plaintiff is a Limited liability company duly organized and existing under the laws of the
26
   State of California., and at all times herein mentioned was, authorized to do business in the State of
27
   California.
28

                                          **1**

2.      Plaintiff is informed and believes, and thereon alleges that each of the Defendants is, and at all times herein mentioned was, in possession of the real property which is the subject of this action.

3.      The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are known to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when the same are fully ascertained.

4.      Plaintiff is informed and believes, and thereon alleges that each of the defendants is, and at all times herein mentioned was, the agent and employee of each of the remaining defendant, and in doing the things herein alleged, was acting within the course of scope of such agency and employment. Plaintiff is informed and believes, and thereon alleges that each of the defendants ratified, approved and accepted the benefits of acts of each of the remaining defendants with full knowledge of the nature and effect such acts.

5.      The real property which is the subject of this action is located at 46601 BAUTISTA RD, HEMET, CA  92544, RIVERSIDE COUNTY, RIVERSIDE COUNTY. Said real property shall hereinafter be referred to as the "subject property." The subject property is within the geographical area for venue of the above-entitled court.

6.      Plaintiff is informed and believes, and thereon alleges that each of the defendants is, and at all times herein mentioned was, the agent and employee of each of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of such agency and employment. Plaintiff is informed and believes, and thereon alleges that each of the defendants ratified, approved and accepted the benefits of the acts of each of the remaining defendants with full knowledge of the nature and effect of such acts.

7.      On or about 01/04/2018, Plaintiff purchased the subject property at a trustee's sale conducted pursuant to a power of sale in a deed of trust in which Defendants, and each of them, excepting the fictitiously named doe defendants, were the trustors on the underlying deed of trust and former owners of the subject property. Plaintiff is informed and believes, and thereon alleges that the nonjudicial foreclosure process leading up to said trustee's sale was conducted in compliance with the provisions of Civil Code, Section 2924. Plaintiff duly perfected title to the subject property. Plaintiff was not the

18-01-0700

foreclosing beneficiary under the deed of trust leading to said trustee's sale, has, and at all times herein mentioned, had no notice of any claimed or professed defects in the nonjudicial foreclosure process, if any, and paid valuable consideration for the subject property. None of the defendants has ever tendered payment of funds to reinstate the underlying note secured by deed of trust. Plaintiff was a bona fide purchaser for value without notice of any defects in the nonjudicial foreclosure process. The trustee's deed upon sale recites that all statutory formalities leading up to the nonjudicial foreclosure sale were duly complied with. Plaintiff is informed and believes, and thereon alleges that all statutory requirements for publication and giving notice of the notice of default and election to sell, and of the notice of trustee's sale, in relation to said nonjudicial process, was duly complied with.

8.     On or about 02/01/2018, Plaintiff caused to be served on Defendants, and each of them, and upon all persons claiming any right to possession of the subject property, a notice to quit (hereinafter the "notice"), a copy of which is attached hereto and incorporated herein by reference as Exhibit "2" as though fully set forth hereat. Said notice was served in compliance with the requirements of C.C.P., Section 1162. A copy of the proof of service of the notice is attached hereto and incorporated herein by reference as Exhibit "3" as though fully set forth hereat.

9.     The period stated in the notice expired on 02/05/2018, and Defendants, and each of them, at all times since expiration of the notice until the present, have remained in possession of the subject property without Plaintiff's permission or consent.

10.     Plaintiff is informed and believes and thereon alleges that the fair rental value of the subject property is, and at all times since expiration of the notice, the sum of $ 67.86 per day. Plaintiff is informed and believes, and thereon alleges that Plaintiff is entitled to an award of damages for such fair rental value for the period commencing with expiration of the notice up through entry of judgment, in a total sum according to proof.

11.     A copy of the trustee's deed upon sale by which Plaintiff acquired and duly perfected title to the subject property is attached hereto and incorporated herein by reference as Exhibit '1' as though fully set forth hereat.

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For restitution and possession of the subject property located at:

46601 BAUTISTA RD, HEMET, CA  92544

2. For daily rental value damages for the period commencing 02/06/2018 through the date of entry of judgment at the rate of $ 67.86 per day;

3. For costs of suit incurred herein; and

4. For such other and further relief as this Court may deem property and just.

5. Plaintiff remits all damages in excess of the jurisdictional limits of the court.

Dated: 02/13/2018

HG LONG & ASSOCIATES

By: _____

H G  LONG
Attorney for Plaintiff(s)

18-01-0700

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*:     TELEPHONE NO.: | *FOR COURT USE ONLY* |
| ATTORNEY FOR *(Name)*: | |
| NAME OF COURT: HEMET COURTHOUSE<br>STREET ADDRESS: 880 N. STATE ST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: HEMET, CA 92543<br>BRANCH NAME: HEMET COURTHOUSE | |
| Plaintiff: DOOL & ASSOCIATES LLC<br><br>Defendant: JANICE CHAMPION | |

| | |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
| **Complete this form only if ALL of these statements are true:**<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit no., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*
   46601 BAUTISTA RD, HEMET, CA 92544, RIVERSIDE COUNTY

4. On *(insert date):*                                , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises.     *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of   $                       or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

| | | |
|---|---|---|
| CP10.5 [Rev. June 15, 2015]<br>18-01-0700 | **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | Code of Civil Procedure, §§ 415.46,<br>715.010, 715.020, 1174.25<br>American LegalNet, Inc.<br>www.FormsWorkFlow.com |

| Plaintiff: **DOOL & ASSOCIATES LLC** | CASE NUMBER: |
|---|---|
| Defendant: **CHAMPION** | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13  Rental agreement. I have *(check all that apply to you)*:

a.  ☐   an oral or written rental agreement with the landlord.

b.  ☐   an oral or written rental agreement with a person other than the landlord.

c.  ☐   an oral or written rental agreement with the former owner who lost the property to foreclosure.

d.  ☐   *other (explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

_____          ▶          _____
(TYPE OR PRINT NAME)                                                        (SIGNATURE OF CLAIMANT)

> **NOTICE:**   If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

   1. You are NOT named in the accompanying Summons and Complaint.
   2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
   3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

CP10.5 [Rev. June 15, 2015]
18-01-0700

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Page two



**Verification**

1. I am an agent of the Plaintiff(s). I am verifying the attached Complaint because I am more familiar with the facts alleged than it Plaintiff(s) or the other agents and employees of Plaintiff(s). I have read the attached Complaint and know the contents thereof. I am informed and believe that the matters contained within it are true and on that ground allege that the matters stated are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed in **Temecula** California on **2/9/18**.

_____
Agent for Plaintiff(s)

2. Plaintiff(s) entity is:

( ) Individual
( ) Partnership
( ) Corporation
(X) Limited Liability Company
( ) Trust
( ) Other: _____

3. Property was purchased at: (X) Trustees Sale or ( ) REO Sale.

4. The notice that the complaint is based on is a (X) 3 Day or ( ) 90 Day.

The daily damage value per day is: $_____.

The property address is: **41601 Bautista Rd, Hemet CA**

I request that a facsimile be accepted as an original pursuant to CRC 2.305(d), a signature hereon, in any, I produced by facsimile transmission is admissible as an original.

I declare under penalty of perjury that the forgoing is true and correct.

I executed this verification on **2/9/18** at **Temecula** CA.

**Matthew Doal**                                    **Matthew Doal**
(Name, *printed or typed*)                          (Signature)

**ACCOMMODATION**
SENT TO RECORDER PER REQUEST OF THE PARTIES HEREIN.
IT HAS NOT BEEN EXAMINED AS TO ITS EFFECT AND VALIDITY

DOC # 2018-0003460
01/04/2018 08:00 AM Fees: $47.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: ALYCIA #778

Recording requested by:

When recorded mail to:

DOOL AND ASSOCIATES
40486 YARDLEY COURT
TEMECULA, CA 92591

Forward tax statements to the address given above

TS No.: CA-17-776480-RY
Order No.: 730-1706695-70

Space above this line for recorders use

TRA 011-012

# Trustee's Deed Upon Sale

A.P.N.: 555-300-022-2

THE UNDERSIGNED GRANTOR DECLARES:

The grantee herein WASNT the foreclosing beneficiary.

The amount of the unpaid debt together with costs was:     $181,780.91

The amount paid by the grantee at the trustee sale was:     $181,800.92

The documentary transfer tax is:                            $  200.20

Said property is in the City of: HEMET, County of RIVERSIDE

QUALITY LOAN SERVICE CORPORATION  as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to:

   DOOL AND ASSOCIATES

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of RIVERSIDE, State of California, described as follows:

PARCEL 1 OF PARCEL MAP NO. 10396, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 72, PAGE(S) 70 AND 71 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.
COMMONLY KNOWN AS: 46601 BAUTISTA CANYON ROAD, HEMET, CA 92544
This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by JANICE CHAMPION, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY, as trustor, dated 10/26/2006, and recorded on 11/1/2006 as Instrument No. 2006-0803949  of Official Records in the office of the Recorder of RIVERSIDE, California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 8/14/2017, instrument no 2017-0333582, of Official records. The Trustee of record at the relevant time having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a

Mail Tax Statement to Return Address Above

DOC #2018-0003460 Page 2 of 2

Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on **12/21/2017** at the place named in the Notice of Sale, in the County of **RIVERSIDE**, California, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said trustee the amount being **$181,800.92** in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

TS No.: CA-17-776480-RY

Date: 12/26/17

QUALITY LOAN SERVICE CORPORATION

By: Caitlan McMullen, Assistant Secretary

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of: **California**)

County of: **San Diego**)

On 12-26-17 before me, R. MOORE a notary public, personally appeared Caitlan McMullen who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal. (Seal)

Signature

R. MOORE
Notary Public – California
San Diego County
Commission # 2195762
My Comm. Expires May 6, 2021

# COVER SHEET TO

# 3/90 FORECLOSURE NOTICE TO QUIT

Attached hereto is a 3/90 Foreclosure Notice to Quit that is being served on you pursuant to Code of Civil Procedure § 1161-1166.

If you are a tenant in possession of the real property located at
46601 BAUTISTA RD, HEMET, CA 92544
through a lease that was entered into with the former owner you should talk to a lawyer NOW to determine what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and/or simply move out. Also if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should consult a lawyer about it.

Pursuant to the provisions of Code of Civil Procedure §§ 415.46 and 1161b, if you are a tenant under either a fixed term lease, you may have the right to remain in possession of the subject property beyond the 90 days after service of this notice and to remain in possession of the subject rental unit for the remaining time left on your fixed term lease. All rights and obligations under your lease or tenancy, including your obligation to pay rent to the new owner, will continue.

For more information on your rights please read the attached 3/90 Foreclosure Notice to Quit and consult a lawyer, legal aid organization, or housing counseling agency, of your own choice.

18-01-0700

ex 2

# 3/90-FORECLOSURE NOTICE TO QUIT

**TO:** JANICE CHAMPION

**ALL OCCUPANTS RESIDING AT**
46601 BAUTISTA RD, HEMET, CA  92544
<small>Property Address</small>
**NOTICE IS HEREBY GIVEN THAT**
DOOL & ASSOCIATES LLC ("Beneficiary/Trustee(s)"),
or its successor in interest, purchased the property located at
46601 BAUTISTA RD, HEMET, CA  92544

("The Premises") at a foreclosure sale held in accordance with California Civil Code § 2924 and
pursuant to the power of sale contained in a Deed of Trust recorded in the Official Records of
RIVERSIDE COUNTY, and that title of the Premises is duly perfected in  RIVERSIDE
COUNTY.

**NOTICE IS FURTHER GIVEN THAT:**
    1. Within three (3) days after service on you of this Notice, if you are the Trustor(s) of the
    Deed of Trust described above, or successor in interest to said Trustor(s), or any person
    who is not a bona fide tenant or subtenant; or
    2. Within ninety (90) days after service on you of this Notice, in the event you are a bona
    fide tenant or a subtenant of the Trustor(s) of the Deed of Trust described above, or a
    bona fide tenant or a subtenant of a successor in interest to said Trustor(s):

You are required to vacate and surrender possession of the Premises, or the portion in which you
reside to: DOOL & ASSOCIATES LLC, unless you provide evidence to the undersigned law
firm that you are a bona fide tenant pursuant to Code of Civil Procedure §§ 415.46 and 1161b. If
you have a fixed term lease with the prior owner of the subject property you should immediately
provide the party listed herein with a copy of the lease agreement and evidence of your rental
payments for the past 12 months.

If within the applicable period as set forth above, EITHER if you fail to surrender possession OR
fail to provide evidence that you are a bona fide tenant pursuant to Code of Civil Procedure §§
415.46 and 1161b. Please see Page 3 Addendum of this Notice for instructions on how to deliver
this evidence.

**PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 415.46 AND 1161b**, demand
is hereby made that if you believe you are a tenant with a bonafide lease pursuant to the above
referenced law, you must contact the new owner at the address listed below and produce a copy
of the lease, proof of payment of the rent for at least the past four months, permit access within
this five day period to inspect

the premises and pay all rents due and owing. Failure to exercise your potential legal rights may
result in legal action for possession of the property, the rent, late fees, court costs and attorney
fees. If the above provision applies, this notice serves as a five day notice of the non-payment of
rent of the amount specified in your rental agreement from the date of the foreclosure.

You should talk to a lawyer **NOW** to see what your rights are. You may receive court papers in a
few days. If your name is on the papers it may hurt your credit if you do not respond and/or
simply move out. Also, if you do not respond within five days of receiving the papers, even if
you are not named in the papers you will likely lose any rights you may have. In some cases, you
can respond without hurting your credit. You should talk to a lawyer about it.

This Notice is given pursuant to the provisions of the **PTFA** and **Code of Civil Procedure §§
1161, 1161a and 1161b**, and if applicable, includes the sixty (60) day Notice required by **CCP
1161b** within the above 90 day Notice period.

This notice also constitutes a notice of non-renewal of any lease applicable to the Premises.

**Dated:**   2/1/2018

H G  LONG

_____      _anny_____
**By: legal assistant**

"State Law permits former tenants to reclaim abandoned personal property left at the former address of the
tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring
additional costs, depending on the cost of storing the property and the length of time before it is reclaimed.
In general, these costs will be lower the sooner you contact your former landlord after being notified that
property belonging to you was left behind after you moved out."

# ADDENDUM TO NOTICE TO QUIT

## TENANT INFORMATION THAT MUST BE PROVIDED IF YOU CLAIM YOU ARE A BONA FIDE TENANT ENTITLED TO PROTECTION BY THE TENANTS IN FORECLOSURE ACT

**IF YOU ARE A TENANT** of the prior owner, you must provide the following document:

• A copy of your lease

• A return phone number and hours to reach you

• The receipts for the last four (4) payments made to the landlord of the property located at:

46601 BAUTISTA RD, HEMET, CA  92544

by mail, fax, or in person to:

H G LONG

**Fax: (909) 889-3900**

For any question, please call (909) 889-5151

Dated: 2/1/2018

H G LONG

_____

By legal assistant for attorney for new owner:
DOOL & ASSOCIATES LLC

Contact Information:
H G LONG
474 W Orange Show Rd San Bernardino, CA 92408
Phone (909) 889-5151 • Fax (909) 889-3900

18-01-0700

# PROOF (DECLARATION) OF SERVICE OF NOTICE TO TENANT

On <u>February 1, 2018</u>, I served the following NOTICE(s):
<span style="font-size:smaller">(Insert Date of Service of Notice)</span>

    ☐ 3 Day Notice To Pay Rent of Quit
    ☐ 3 Day Notice To Perform Covenant or Quit
    ☐ 30 Day Notice of Termination of Tenancy
    ☐ 60 Day Notice of Termination of Tenancy
    ☒ Other Notice:   3/90 Foreclosure

The NOTICE(s) set forth above were served on the following Tenant(s) and all other occupants:

JANICE CHAMPION
<span style="font-size:smaller">(Insert Tenant(s) Name)</span>

The NOTICE(s) set forth above were served by:

☐   **PERSONAL DELIVERY:** On the date set forth above, **I HANDED** a copy of the notice to the Tenant(s) named herein at approximately:

☐   **SUBSTITUTE SERVICE:** On the date set forth above, at approximately:
I served the NOTICE to the Tenant(s) named herein by **LEAVING** copies of the NOTICE with:

<span style="font-size:smaller">(Insert Name of the Person Other Than a Tenant Who Is At Least 18 years old or Give Description (Age, Sex, Height, Weight etc. if person refuses to give name)</span>
who is a person of suitable age and discretion at the residence or usual place of business of the Tenant(s), because the Tenant(s) was/were absent. I also **MAILED** by First Class mail on the same date a copy of the NOTICE to the Tenant(s) named herein by depositing copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above named Tenant(s) at the Premises.

☒   **POSTING & MAILING:** On the date set forth above, I served the NOTICE to the Tenant(s) named herein by **POSTING** a copy of the NOTICE in a conspicuous place on the Premises because there was no person of suitable age or discretion found at the Premises at the time I was there, or no one answered the door. On the same day as I posted the NOTICE, I also **MAILED** copies of the NOTICE to the Tenant(s) named herein by depositing a sealed envelope with First Class postage fully prepaid, in the United States Mail, addressed to the Tenant(s) named herein at the Premises address:
46601 BAUTISTA RD, HEMET, CA 92544

Person who served papers
a. Name: SHAWN  STANFIELD
b. Address: 985 KENDALL DR SUITE A BOX 337, SAN BERNARDINO, CA 92407
c. Telephone Number: 909-889-4200
d. The Fee for Service was: 75.00
e. I am a registered California process server:
    (i) ☐ owner ☐ employee ☒ independent contractor
    (ii) Registration No.: 1660
    (iii) County: SAN BERNARDINO

☒ I declare under penalty of perjury under the laws of State of California that the foregoing in true and correct.

Date: 02/13/2018

SHAWN  STANFIELD
<span style="font-size:smaller">(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)</span>        (SIGNATURE)



PROOF OF SERVICE OF NOTICE
18-01-0700

EXHIBIT B, Page 33 of 57

**UD-105**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*   Janice Champion<br>46601 Bautista Road , Hemet, CA  92544<br><br>  TELEPHONE NO.:  1-951-260-0138          FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE | |
|---|---|
| STREET ADDRESS:  880 N. STATE STREET | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE:  HEMET  92544 | |
| BRANCH NAME:  HEMET COURT HOUSE | |

|  Plaintiff: DOOL AND ASSOCIATES | |
|---|---|
|  Defendant:  Janice Champion | |

| **AMENDED**     **ANSWER—UNLAWFUL DETAINER** | CASE NUMBER:<br>HEC1800310 |
|---|---|

1.  Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):*

     answers the complaint as follows:

2.  ***Check ONLY ONE of the next two boxes:***

     a.  ☐   Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*

     b.  ☐   Defendant admits that all of the statements of the complaint are true EXCEPT:

          (1)  Defendant claims the following statements of the complaint are false  *state paragraph numbers from the complaint or explain below or on form MC-025):*     ☐   Explanation is on MC-025, titled as Attachment 2b(1).

          (2)  Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*
               ☐   Explanation is on MC-025, titled as Attachment 2b(2).

3.  AFFIRMATIVE DEFENSES (***NOTE:*** *For each box checked, you must state brief facts to support it in item 3k (top of page 2).*)

     a.  ☐   *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.

     b.  ☐   *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.

     c.  ☐   *(nonpayment of rent only)* On *(date):*                              before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.

     d.  ☐   Plaintiff waived, changed, or canceled the notice to quit.

     e.  ☐   Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

     f.  ☐   By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.

     g.  ☐   Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

          *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*

     h.  ☐   Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.

     i.  ☐   Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, stalking, human trafficking, or abuse of an elder or a dependent adult. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*

     j.  ☒   Other affirmative defenses are stated in item 3k.

Page 1 of 2

| Form Approved for Optional Use<br>Judicial Council of California<br>UD-105 [Rev. January 2, 2014] | **ANSWER—UNLAWFUL DETAINER** | Civil Code, § 1940 et seq.;<br>Code of Civil Procedure, § 425.12, § 1161 et seq.<br>*www.courts.ca.gov* |
|---|---|---|



**UD-105**

| CASE NUMBER: |
|---|
| HEC1800310 |

3. AFFIRMATIVE DEFENSES (cont'd)
   k.  Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025)*:
       [X]  Description of facts is on MC-025, titled as Attachment 3k.

4. OTHER STATEMENTS
   a.  [ ]  Defendant vacated the premises on *(date)*:
   b.  [ ]  The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025)*:
       [ ]  Explanation is on MC-025, titled as Attachment 4b.

   c.  [ ]  Other *(specify below or on form MC-025 in attachment)*:
       [ ]  Other statements are on MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS
   a.  that plaintiff take nothing requested in the complaint.
   b.  costs incurred in this proceeding.
   c.  [ ]  reasonable attorney fees.
   d.  [ ]  that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
   e.  [ ]  Other *(specify below or on form MC-025)*:
       [ ]  All other requests are stated on MC-025, titled as Attachment 5e.

6. Number of pages attached: 12

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

7. *(Must be completed in all cases.)* An unlawful detainer assistant [X] did not [ ] did  for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state)*:
   a.  Assistant's name:                    b.  Telephone No.:
   c.  Street address, city, and zip code:
   d.  County of registration:           e.  Registration No.:         f.  Expires on *(date)*:

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

By: Janice Champion...
_____
       (TYPE OR PRINT NAME)

       ▶ *By: Janice Champion*
       *(all Rights Reserved)*
       (SIGNATURE OF DEFENDANT OR ATTORNEY)

_____
       (TYPE OR PRINT NAME)

▶
       _____
       (SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date: 02/26/2018

*By: Janice Champion...*
_____
       (TYPE OR PRINT NAME)

*By: Janice Champion,...*
       *(all Rights Reserved)*
       (SIGNATURE OF DEFENDANT)

MC-025

| SHORT TITLE: AFFIRMATIVE DEFENSES | CASE NUMBER: HEC 1800310 |
|---|---|

**ATTACHMENT** (Number): PG.2 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

Janice Champion as the Real Party of Interest asserts the Following Affirmative Defenses:

1. There was no Duly Appointed Trustee(s) on Doc # 2006-0918913 03/30/2006, Doc # 2006-0803949 conducting the Trustees Deed upon Sale on 12/21/2012 and 12/21/2017 in violation of Cal. Civ. Code §§ 2924 (a) (6), 2924h (a)-(g) and 2934a (a), (1)-(4) and no degree, order or judgment from a court of record under §§ 726 & 580b of the CCP, to exercise a power of sale.

2. There was no Legal or Lawful Public Auction Sale Executed or Conducted on 12/21/2012 or 12/21/2017 by a Bona Fide Purchaser for Value with a Legal, Lawful Bid or Tender for Cash, Cashiers Check Redempted in Lawful Money of Account or Exchange drawn on a state or national bank, state or federal credit union, a state or federal savings and loan association or savings bank specified in § 5102 of the California Financial Code and Article 1 § 10 of the Federal Constitution, authorized to do business in the state of California.

3. NDEX WEST, LLC a/k/a Barrett, Daffin, Frappier, Turner & Engel, LLP as a subdivision of the Dolan Company as duly appointed Involuntary Trustee under and pursuant to the Deed of Trust Recorded on 11/01/2006 as Instrument No. 2006--0803949 of official records in the office of the County Recorder of RIVERSIDE County, State of CALIFORNIA.

4. Document # 2006-0803949, Trustee Sale # 20120159902946, Title Order # 1270502 purporting to be a Substitution of Trustee by NDEX WEST, LLC and signed by Elizabeth Hernandez Assistant Secretary of ONE WEST BANK FSB is a ROBO SIGNER and does not work for ONEWEST BANK FSB and is a Forgery and Invalid Document under California Code, Penal Code - PEN § 470 (c).

5. Since the entry of a credit bid at a foreclosure sale reduces, if not eliminates, many of the lender's rights, extreme caution should be taken to see that the lender does not needlessly reduce its rights. Assuming that the lender is the beneficiary of a valid and enforceable Deed of Trust which is a first priority lien on the subject real property, the opening bid at the foreclosure sale is frequently recommended to be between 20% and 30% of the lender's equity in the property. See, Restatement of the Law Third, Property (Mortgages), § 8.3 Adequacy of Foreclosure Sale Price: Bernhardt and Hansen, California Mortgages, Deeds of Trust and Foreclosure Litigation § 2.87 (Calif. Cont. Ed. Bar, Fourth Ed.) and Hansen: "The Full Credit Bid 'Rule' and Occam's Razor," 30 Cal. Real Prop. J. 32 (No. 4, 2012). If the lender is not the beneficiary of a valid and enforceable first priority lien on the property, then a credit bid of materially less than 20% of the equity in the property may be appropriate.

6. Cal Civ. Code § 3439.05.
(a) A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

7. Janice Champion is invoking a Constructive Trust under the Equity Jurisdiction of the Superior Court of Riverside County of the Hemet Courthouse under Chancery Rules and §§ 2223 & 2224 of the Cal. Civ. Code as Affirmative Defenses do to the Actual and Constructive Fraud committed and being committed by the Plaintiff DOOL & ASSOCIATES LLC and Their Counsel HG LONG & ASSOCIATES as Involuntary Trustees merging Legal and Equitable Title and giving Janice Champion an Equitable Lien for Enforceability.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __2__ of __12__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**
EXHIBIT B, Page 36 of 57

www.courtinfo.ca.gov

**MC-025**

| SHORT TITLE: ANSWER BY AFFIRMATVE DEFENSES | CASE NUMBER: HEC1800310 |
|---|---|

ATTACHMENT (Number): PG. 3 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

8. Janice Champion Judicially Notices this Court under Cal. Evidence Code §§ 450-460 of the following Facts;

Judicial notice shall be taken of the following:

(a) The decisional, constitutional, and public statutory law of this state and of the United States and the provisions of any charter described in Section 3, 4, or 5 of Article XI of the California Constitution.

(b) Any matter made a subject of judicial notice by Section 11343.6, 11344.6, or 18576 of the Government Code or by Section 1507 of Title 44 of the United States Code.

(c) Rules of professional conduct for members of the bar adopted pursuant to Section 6076 of the Business and Professions Code and rules of practice and procedure for the courts of this state adopted by the Judicial Council.

(d) Rules of pleading, practice, and procedure prescribed by the United States Supreme Court, such as the Rules of the United States Supreme Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Admiralty Rules, the Rules of the Court of Claims, the Rules of the Customs Court, and the General Orders and Forms in Bankruptcy.

(e) The true signification of all English words and phrases and of all legal expressions.

(f) Facts and propositions of generalized knowledge that are so universally known that they cannot reasonably be the subject of dispute.

9. Janice Champion has Agricultural Liens as an AGRICULTURAL PRODUCER'S LIEN under CAL. FOOD & AGRICULTURE CODE §§ 55631-55653 (2017) and a WAREHOUSE LIEN under the CAL. COM. CODE §§7201-7210 (2017) and a CARRIER'S LIEN. CAL. COM. CODE § 7301-7309 (2017).

That these Agricultural Liens arise under the Transactions of March 21, 2006 with AMERICAN BROKERS CONDUIT A MULTISTATE FIXED RATE NOTE and the DEED OF TRUST FORM 3200 under Account # 1001199446 and Loan # 08610145 with PLAZA HOME MORTGAGE INC. on OCTOBER 26, 2006 with LAND AMERICA SOUTHLAND TITLE as the TRUSTEE DE SON TORT. The NOTES were sold and transferred to QUALITY LOAN SERVICING INC. INDYMAC MORTGAGE SERVICES, CENTRAL LOAN ADMIN, & REPORTING IN NEWARK, NEW JERSEY and LAKEVIEW LOAN SERVICING in FLORIDA which were sold and securitized as Goods, Movables, Financial, Agriculture and Farm Products under Title 7 § 1a of the Commodity Exchange Act and §§ 2105 and 9102 (5) "Agriculture Lien" (12) "Collateral" Subject to a Agriculture Lien (14)" Commodity Account" (15) "Commodity Contract" (34) "Farm Products" (44) "Goods & Movables" (49) Investment Property" (52) "A Lien Creditor" (73) Secured Party"(B) A person that holds an agricultural lien.

Cal. Comm. Code § 9622. Effect of acceptance of collateral;

(a) A secured party's acceptance of collateral in full or partial satisfaction of the obligation it secures does all of the following:

(1) It discharges the obligation to the extent consented to by the debtor.

(2) It transfers to the secured party all of a debtor's rights in the collateral.

(3) It discharges the security interest or agricultural lien that is the subject of the debtor's consent and any subordinate security interest or other subordinate lien.

(4) It terminates any other subordinate interest.

(b) A subordinate interest is discharged or terminated under subdivision (a), even if the secured party fails to comply with this division.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 3 of 12

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**
EXHIBIT B, Page 37 of 57

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: Janice Champion Affirmative Defenses | CASE NUMBER: HEC1800310 |
|---|---|

**ATTACHMENT** *(Number):* PG. 4 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

OHLENDORF v. AMERICAN BROKERS CONDUIT No. CIV. S-11-293 LKK/EFB.
  "Plaintiff also alleges that Defendant American Brokers Conduit ("Conduit"), the original "'lender' on the Deed of Trust," was "not the actual lender or source of the monies that funded the loan," but instead, "[t]he money to fund the loan came from investors." Id. at 4, ¶ 21. Conduit "acted merely as a broker for the purpose of obtaining Plaintiff's signature on loan documents and . . . [was] never the lender or owner of the beneficial interest in the Deed of Trust or the obligation purportedly secured thereby." Id.

10. Indymac Loan # 1009306984 and Ocwen  Loan # 7195901223  Janice Champion is not the Borrower or the Debtor.

11. Deed of Trust on Loan # 08610145 is not a mortgage under §§ 2924, 2924h & 2920 (b) of the Cal. Civ. Code and does not contain any assignments of rents clause.

12.  Janice Champion's Agriculture Lien under Cal. Comm. Code § 9622 (a) (1)(2)(3)(4) (b) preempts and terminates any alleged Mortgage Lien and Security Interest of  DOOL & ASSOCIATES LLC as a Plaintiff or Lien Holder.

13. Based on Paragraph 9 and the three Loans #'s 08610145, 1009306984 and 7195901223 and FAS' 95 STATEMENT OF CASH FLOWS, FAS 102 Statement of Cash Flows—Exemption of Certain Enterprises and Classification of Cash Flows from Certain Securities Acquired for Resale and FAS 140 Accounting for Transfers and Servicing of Financial Assets and Extinguishments of Liabilities by Securitization . PLAINTIFF'S OWE JANICE CHAMPION on the use of Her Financial Products as outlined above in paragraph 9 above,  a total of  576,000.00 in U.S. DOLLARS or Lawful Money of Account plus 10 % interest for a total of 581,760.00 U.S. DOLLARS in LAWFUL MONEY OF THE UNITED STATES. I am giving Plaintiff's and their counsel  30 days to Pay the above amounts or I will foreclose on the three liens by any Judicial or Non-judicial process as outlined in §§ 9605-9629 of Article 9 of the Cal. Uniform Commercial Code.

14. The alleged de facto Trustees Deed upon Sales of the Plaintiff's violate, the Public Policy of  ch. 25, 48 Stat. 31 of the AGRICULTURE ADJUSTMENT ACT OF MAY 12, 1933, no lawful money tendered as value & consideration at closing or Trustees Deed upon Sale a/k/a  Public Law 7310, Public Law No. 10, 73rd Congress Sess. 1, Chpts. 24, 25 & Article 1§10 under the Cal Civil Code §§ 2920, 2924a involves an Estate for Years or an Estate at Will as stated in § 2924a and is defined as a Mortgage in § 2920 of  the Cal. Civ. Code, which is a Leasehold Agreement with no written or rental Lease agreement and is a pledge or hypothecation and not a transfer of Title or Ownership at closing with AMERICAN BROKERS CONDUIT on March 21st 2006 and PLAZA MORTGAGE INC. on  October 26th 2006. Neither AMERICAN BROKERS CONDUIT or PLAZA MORTGAGE INC. had Marketable Title to Janice Champion's Real Property at closing. There was no Capital Transfer Tax paid by either AMERICAN BROKERS CONDUIT or PLAZA MORTGAGE INC. on a Cal. Form as (PCOR) BOE-502A as a preliminary change of title or ownership Form at closing.

15. Only a Probate Referee has jurisdiction as a Probate Court  to foreclose on Janice Champions Real Property as stated and reflected in § 726 of the Cal. Code of Civil Procedure  as the One Form of Action for foreclosures and  §580b as a purchase Money Loan with no deficiency judgment  allowed on a Credit Transaction.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  4  of  13

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT B, Page 38 of 57

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AFFIRMATIVE DEFENSES & OBJECTIONS | HEC1800310 |

**ATTACHMENT** *(Number):* PG. 5 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

16. Plaintiffs are Estopped and Excluded from asserting an Estate for Years or an Estate at Will in Trust as a Leasehold Agreement under § 2924 (a) of the Cal. Civ. Code as a transfer, security and interest in property under a power of sale, do to the Language of § 2924 which excepts an Estate for Years, Estate at Will in Trust from the definition of a Leasehold Agreement, a transfer, security or interest in a real property mortgage as an Unlawful Detainer. Plaintiffs DEED OF TRUST is excepted from the definition of a Security Device or Instrument as defined in § 2920 (b) to wit:

"For purposes of Sections 2924 to 2924h, inclusive, "mortgage" also means any security device or instrument, other than a deed of trust, that confers a power of sale affecting real property or an estate for years therein, to be exercised after breach of the obligation so secured, including a real property sales contract, as defined in Section 2985, which contains such a provision."

17. Plaintiffs Notice of Default is invalid as does not contain the following Information or Statements under § 2924 of the Cal Civ. Code;

(1) The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default. That notice of default shall include all of the following:
(A) A statement identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page, or instrument number, if applicable, where the mortgage or deed of trust is recorded or a description of the mortgaged or trust property.
(B) A statement that a breach of the obligation for which the mortgage or transfer in trust is security has occurred.
(C) A statement setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default.
(D) If the default is curable pursuant to Section 2924c, the statement specified in paragraph (1) of subdivision (b) of Section 2924c.
(2) Not less than three months shall elapse from the filing of the notice of default.
(3) Except as provided in paragraph (4), after the lapse of the three months described in paragraph (2), the mortgagee, trustee, or other person authorized to take the sale shall give notice of sale, stating the time and place thereof, in the manner and for a time not less than that set forth in Section 2924f.
(4) Notwithstanding paragraph (3), the mortgagee, trustee, or other person authorized to take sale may record a notice of sale pursuant to Section 2924f up to five days before the lapse of the three-month period described in paragraph (2), provided that the date of sale is no earlier than three months and 20 days after the recording of the notice of default.
(5) Until January 1, 2018, whenever a sale is postponed for a period of at least 10 business days pursuant to Section 2924g, a mortgagee, beneficiary, or authorized agent shall provide written notice to a borrower regarding the new sale date and time, within five business days following the postponement. Information provided pursuant to this paragraph shall not constitute the public declaration required by subdivision (d) of Section 2924g. Failure to comply with this paragraph shall not invalidate any sale that would otherwise be valid under Section 2924f. This paragraph shall be inoperative on January 1, 2018.
(6) No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*    Page 5 of 12

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]    **ATTACHMENT
to Judicial Council Form**    www.courtinfo.ca.gov

EXHIBIT B, Page 39 of 57

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AFFIRMATIVE DEFENSES | HEC1800310 |

**ATTACHMENT** *(Number):* PG.6 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

(b) In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting
from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage. In performing the acts required by this article, a trustee shall not be subject to Title 1.6c (commencing with Section 1788) of Part 4.

(c) A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.

(d) All of the following shall constitute privileged communications pursuant to Section 47:
(1) The mailing, publication, and delivery of notices as required by this section.
(2) Performance of the procedures set forth in this article.
(3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Sections 729.040, 729.050, and 729.080 of the Code of Civil Procedure.

(e) There is a rebuttable presumption that the beneficiary actually knew of all unpaid loan payments on the obligation owed to the beneficiary and secured by the deed of trust or mortgage subject to the notice of default. However, the failure to include an actually known default shall not invalidate the notice of sale and the beneficiary shall not be precluded from asserting a claim to this omitted default or defaults in a separate notice of default.

(f) With respect to residential real property containing no more than four dwelling units, a separate document containing a summary of the notice of default information in English and the languages described in Section 1632 shall be attached to the notice of default provided to the mortgagor or trustor pursuant to Section 2923.3.

18 Based on the above Facts Plaintiffs are Estopped under Promissory Estoppel from asserting a claim as an Unlawful Detainer as they lack standing as a Real Party of Interest under § 367 of the Cal. Code of Civ, Proc.

19. Janice Champions Claim is a mandatory Cross Complaint under CAL RULES OF CIVIL PROCEDURE § 428.80 as it arises from the Same Transaction and Occurence as Plaintiffs Claim.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __6__ of __13__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

EXHIBIT B, Page 40 of 57

**MC-025**

| SHORT TITLE: AFFIRMATIVE DEFENSES AND AMENDMENTS TO MC-025 | CASE NUMBER: HEC1800310 |
|---|---|

ATTACHMENT *(Number)*: PG. 7 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

Janice Champion is before this Superior Court of the Hemet Courthouse in Riverside County by Special Appearance as the EXECUTRIX LEGITIMUS OF THE DECEDENT TRUSTOR JANICE CHAMPION without waiving any Rights, Remedies or Defenses Statutorial or Procedural and Judicially Notices this Court as a Court of Record of the following Laws and Facts which are generally known within the territorial limits of the Court and are not subject to reasonable dispute;
450.

Judicial notice may not be taken of any matter unless authorized or required by law.
(Enacted by Stats. 1965, Ch. 299.)
451.

Judicial notice shall be taken of the following:
(a) The decisional, constitutional, and public statutory law of this state and of the United States and the provisions of any charter described in Section 3, 4, or 5 of Article XI of the California Constitution.
(b) Any matter made a subject of judicial notice by Section 11343.6, 11344.6, or 18576 of the Government Code or by Section 1507 of Title 44 of the United States Code.
(c) Rules of professional conduct for members of the bar adopted pursuant to Section 6076 of the Business and Professions Code and rules of practice and procedure for the courts of this state adopted by the Judicial Council.
(d) Rules of pleading, practice, and procedure prescribed by the United States Supreme Court, such as the Rules of the United States Supreme Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Admiralty Rules, the Rules of the Court of Claims, the Rules of the Customs Court, and the General Orders and Forms in Bankruptcy.
(e) The true signification of all English words and phrases and of all legal expressions.
(f) Facts and propositions of generalized knowledge that are so universally known that they cannot reasonably be the subject of dispute.
(Amended by Stats. 1986, Ch. 248, Sec. 43.)
452.

Judicial notice may be taken of the following matters to the extent that they are not embraced within Section 451:
(a) The decisional, constitutional, and statutory law of any state of the United States and the resolutions and private acts of the Congress of the United States and of the Legislature of this state.
(b) Regulations and legislative enactments issued by or under the authority of the United States or any public entity in the United States.
(c) Official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States.
(d) Records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States.
(e) Rules of court of (1) any court of this state or (2) any court of record of the United States or of any state of the United States.
(f) The law of an organization of nations and of foreign nations and public entities in foreign nations.
(g) Facts and propositions that are of such common knowledge within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 7 of 13

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT B, Page 41 of 57

MC-025

| SHORT TITLE: AFFIRMATIVE DEFENSES AND AMENDMENTS TO MC-025 | CASE NUMBER: HEC1800310 |
|---|---|

**ATTACHMENT** *(Number):* PG. 8 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

(h) Facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy.
(Enacted by Stats. 1965, Ch. 299.)
452.5.

(a) The official acts and records specified in subdivisions (c) and (d) of Section 452 include any computer-generated official court records, as specified by the Judicial Council, that relate to criminal convictions, when the record is certified by a clerk of the superior court pursuant to Section 69844.5 of the Government Code at the time of computer entry.
(b) (1) An official record of conviction certified in accordance with subdivision (a) of Section 1530, or an electronically digitized copy thereof, is admissible under Section 1280 to prove the commission, attempted commission, or solicitation of a criminal offense, prior conviction, service of a prison term, or other act, condition, or event recorded by the record.
(2) For purposes of this subdivision, "electronically digitized copy" means a copy that is made by scanning, photographing, or otherwise exactly reproducing a document, is stored or maintained in a digitized format, and meets either of the following requirements:
(A) The copy bears an electronic signature or watermark unique to the entity responsible for certifying the document.
(B) The copied document is an official record of conviction, certified in accordance with subdivision (a) of Section 1530, that is transmitted by the clerk of the superior court in a manner showing that the copy was prepared and transmitted by that clerk of the superior court. A seal, signature, or other indicia of the court shall constitute adequate showing.
(Amended by Stats. 2017, Ch. 561, Sec. 55. (AB 1516) Effective January 1, 2018.)
453.
The trial court shall take judicial notice of any matter specified in Section 452 if a party requests it and:
(a) Gives each adverse party sufficient notice of the request, through the pleadings or otherwise, to enable such adverse party to prepare to meet the request; and
(b) Furnishes the court with sufficient information to enable it to take judicial notice of the matter. (Enacted by Stats. 1965, Ch. 299.)

20.  PLAZA HOME MORTGAGE, INC. the Original Servicing Company on LOAN NO: 08610145 on October 06, 2006 is a CALIFORNIA CAPITAL STOCK and AGRICULTURE COOPERATIVE CORPORATION a/k/a FARMERS CO-OP under the Agriculture Adjustment Act of 1938 (Feb. 16, 1938, ch. 30, §1J 52 Stat. 31.) codified to 7 USCS § 1281 and is not a National Banking Association under 12 USCA § 24 paragraph 7 that Loans Lawful Money of the United States as the Money of Account or Exchange but converted, sold and transferred Janice Champions MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT VMP-5N FORM 3200 as  Chattel Paper, Goods, Movables, Commodities and Financial Products under the CAL. COMMERCIAL CODE §§ 2105 and 9102 (11), (12), (14), (15), (19), (21), (22), (23), (24), (25), (26) and  (28) which By definition under the Official Uniform Commercial Code includes, as goods, "identified things attached to realty." This seems consistent with CC §§ 658 and 660. "Money" is excluded from the provisions of Article 2 only when it is money "in which the price is to be paid" (thus including foreign money, for example), whereas, under CC § 1796 all "money" was excluded. "Investment securities" are excluded under Official Uniform Commercial Code by definition, and the

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  8  of  13

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT B, Page 42 of 57

MC-025

| SHORT TITLE: AFFIRMATIVE DEFENSES AND AMENDMENTS TO MC-025 | CASE NUMBER: HEC1800310 |
|---|---|

ATTACHMENT *(Number):* PG.9 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

same result has been achieved in California under the Sales Act by judicial decision. See Franck v. J. J. Sugarman-Rudolph Co. (1952) 40 Cal 2d 81, 251 P 2d 949, 1952 Cal LEXIS 167; Porter v. Gibson (1944) 25 C2d 506, 154 P2d 703. This conversion of the Note gives Janice Champion Enforceable Agriculture Liens for Enforcement of Payment as outlined under Article 9 § 9102 (5) and Enforcement of Payment under the CAL. COMM. CODE from a Certificate of Settlement a/k/a Certificate of Live Birth as outlined more fully in Article 325 - Settlement (Birth) Certificate OF THE CANONS #'S 3348-3363 OF THE REGISTRATION ACT OF THE 17th AUGUST 1836 CHAPTER 86 REGISTERING BIRTHS, DEATHS and MARRIAGES IN ENGLAND WESTMINISTER AN ACT PASSED BY HIS MAJESTY THE LATE KING GEORGE THE FOURTH  and as outlined more fully at paragraph 9 of the MC025 as Affirmative Defenses.
Plaintiffs including but not limited to PLAZA HOME MORTGAGE INC. failed to give value and consideration at closing on 10/06/2006 under the CAL. COMMERCIAL CODE § 3303 (a)-(b) as a condition precedent under the Cal Civ. Code §§ 1436-1442 to acquiring a  security interest or other lien by judicial proceeding in the instrument/note and conducting a Trustee Deed Upon Sale and Foreclosure Sale under §§ 2923.55, 2924 (a)  and 2934(a) of the CAL. CIV. CODE and acquiring Standing, Capacity  and a Security Interest in the Instrument/Note under § 367 of the Cal. Civil Code. PLAZA HOME MORTGAGE INC. did not sign any of the Loan Documents INCLUDING THE LOAN APPLICATION and DEED OF TRUST at closing on 10/06/2006 to establish and create a Mortgage Contract under the CAL. CIV. CODE §§ 1624 STATUTE OF FRAUDS and 2920 (a)(b) as a Condition Precedent. The "Trustee" LAND AMERICA-SOUTHLAND TITLE and MERS as the de facto nominee for PLAZA HOME MORTGAGE INC. on the DEED OF TRUST did not sign or Indorse the DEED OF TRUST under the CAL. PROBATE CODE § 15206 (a) as a condition precedent to establishing a Valid Trust as an Estate for Years or Estate at Will as  set forth in § 2924 (a) of the CAL. CIV. CODE prior to Foreclosure and the Trustee Deed Upon Sale.
None of the Transfers and Assignments  from PLAZA HOME MORTGAGE INC.  to INDYMAC BANK FSB C/O HOME SERVICING, from INDYMAC BANK FSB C/O HOME SERVICING to OCWEN HOME LOAN SERVICING LLC, from OWEN LOAN SERVICING LLC to CENLAR Central Loan Admin & Reporting, to NDEX WEST LLC and ONEWEST BANK FSB and  Lakeview Loan Servicing , LLC were valid or legal as  conditions precedent to the exercise of a POWER OF SALE, SUBSTITUTION OF A TRUSTEE, TRUSTEES DEED UPON SALE, DEED OF RECONVEYANCE and FULL RECONVEYANCE under §§  2924(a), 2924h(b) and 2934 (a) of  CAL. CIV. CODE.
CAL.PROBATE CODE §§ 15200-15414;
PART 2. CREATION, VALIDITY, MODIFICATION, AND TERMINATION OF TRUSTS [15200 - 15414]
 ( Part 2 enacted by Stats. 1990, Ch. 79. )
 CHAPTER 1. Creation and Validity of Trusts [15200 - 15212]
 ( Chapter 1 enacted by Stats. 1990, Ch. 79. )

15206.
A trust in relation to real property is not valid unless evidenced by one of the following methods:
(a) By a written instrument signed by the trustee, or by the trustee's agent if authorized in writing to do so.
(b) By a written instrument conveying the trust property signed by the settlor, or by the settlor's agent if authorized in writing to do so.
(c) By operation of law.
(Enacted by Stats. 1990, Ch. 79.)

California Code, Commercial Code - COM § 3303;

| *(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)* | Page  9  of  12 *(Add pages as required)* |
|---|---|

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT B, Page 43 of 57

MC-025

| SHORT TITLE:  AFFIRMATIVE DEFENSES AND AMENDMENTS TO MC-025 | CASE NUMBER:  HEC1800310 |
|---|---|

ATTACHMENT *(Number):* PG.10 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

(a)  An instrument is issued or transferred for value if any of the following apply:

(1)  The instrument is issued or transferred for a promise of performance, to the extent the promise has been performed.

(2)  The transferee acquires a security interest or other lien in the instrument other than a lien obtained by judicial proceeding.

(3)  The instrument is issued or transferred as payment of, or as security for, an antecedent claim against any person, whether or not the claim is due.

(4)  The instrument is issued or transferred in exchange for a negotiable instrument.

(5)  The instrument is issued or transferred in exchange for the incurring of an irrevocable obligation to a third party by the person taking the instrument.

(b)  "Consideration" means any consideration sufficient to support a simple contract.   The drawer or maker of an instrument has a defense if the instrument is issued without consideration.   If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed.   If an instrument is issued for value as stated in subdivision (a), the instrument is also issued for consideration.

Cal U Com Code § 9102;

(11) "Chattel paper" means a record or records that evidence both a monetary obligation and a security interest in specific goods, a security interest in specific goods and software used in the goods, a security interest in specific goods and license of software used in the goods, a lease of specific goods, or a lease of specific goods and license of software used in the goods. In this paragraph, "monetary obligation" means a monetary obligation secured by the goods or owed under a lease of the goods and includes a monetary obligation with respect to software used in the goods. The term does not include (i) charters or other contracts involving the use or hire of a vessel or (ii) records that evidence a right to payment arising out of the use of a credit or charge card or information contained on or for use with the card. If a transaction is evidenced by records that include an instrument or series of instruments, the group of records taken together constitutes chattel paper.

(12) "Collateral" means the property subject to a security interest or agricultural lien. The term includes all of the following:

(A) Proceeds to which a security interest attaches.

(B) Accounts, chattel paper, payment intangibles, and promissory notes that have been sold.

(C) Goods that are the subject of a consignment.

(14) "Commodity account" means an account maintained by a commodity intermediary in which a commodity contract is carried for a  commodity customer.

(15) "Commodity contract" means a commodity futures contract, an option on a commodity futures contract, a commodity option, or

another contract if the contract or option is either of the following:

(19) "Consignee" means a merchant to which goods are delivered in a consignment.

(20) "Consignment" means a transaction, regardless of its form, in which a person delivers goods to a merchant for the purpose of sale and all of the following conditions are satisfied:

(A) The merchant satisfies all of the following conditions:

(i) He or she deals in goods of that kind under a name other than the name of the person making delivery.

(ii) He or she is not an auctioneer.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 10 of 12

*(Add pages as required)*

MC-025

| SHORT TITLE: AMENDMENT TO MC025 AS AFFIRMATIVE DEFENSES | CASE NUMBER: HEC1800310 |
|---|---|

**ATTACHMENT** *(Number):* PG.11 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

(iii) He or she is not generally known by its creditors to be substantially engaged in selling the goods of others.
(B) With respect to each delivery, the aggregate value of the goods is one thousand dollars ($1,000) or more at the time of
delivery.
(C) The goods are not consumer goods immediately before delivery.
(D) The transaction does not create a security interest that secures an obligation.
(21) "Consignor" means a person that delivers goods to a consignee in a consignment.
(22) "Consumer debtor" means a debtor in a consumer transaction.
(23) "Consumer goods" means goods that are used or bought for use primarily for personal, family, or household purposes.
(24) "Consumer-goods transaction" means a consumer transaction in which both of the following conditions are satisfied:
(A) An individual incurs an obligation primarily for personal, family, or household purposes.
(B) A security interest in consumer goods secures the obligation.
(25) "Consumer obligor" means an obligor who is an individual and who incurred the obligation as part of a transaction entered into
primarily for personal, family, or household purposes.
(26) "Consumer transaction" means a transaction in which (i) an individual incurs an obligation primarily for personal, family, or household purposes, (ii) a security interest secures the obligation, and (iii) the collateral is held or acquired primarily for personal, family, or household purposes. The term includes consumer-goods transactions.

(28) "Debtor" means any of the following:

(A) A person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor.
(B) A seller of accounts, chattel paper, payment intangibles, or promissory notes.
(C) A consignee.

21. Janice Champion has a Claim for Contribution and Indemnification under § 875 (a)-(g) of the C.C.P. do to the Primary Active Degree of Fault Rule in California by the Plaintiffs and Their Counsel as Libelles and Joint Tortfeasors under a Constructive Trust, which precludes Plaintiff's from collecting Restitution as set forth in the Previous Paragraphs 1-20 above. This Claim is of an Admiralty Maritime Nature, which California has concurrent Jurisdiction under the Saving to Suitors Clause of 28 U.S.C. § 1333 (1) (2) Saving to suitors in all cases all other remedies to which they are otherwise entitled. § 875 (a)-(g) of the C.C.P. to wit;
(a)  Where a money judgment has been rendered jointly against two or more defendants in a tort action there shall be a right of contribution among them as hereinafter provided.
(b)  Such right of contribution shall be administered in accordance with the principles of equity.
(c)  Such right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his pro rata share thereof.   It shall be limited to the excess so paid over the pro rata share of the person so paying and in no event shall any tortfeasor be compelled to make contribution beyond his own pro rata share of the entire judgment.
(d)  There shall be no right of contribution in favor of any tortfeasor who has intentionally injured the injured person.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 11 of 12

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**
EXHIBIT B, Page 45 of 57

www.courtinfo.ca.gov

**MC-025**

| SHORT TITLE: AMENDED AFFIRMATIVE DEFENSES | CASE NUMBER: HEC1800310 |
|---|---|

**ATTACHMENT** *(Number):* PG.12 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

(e)  A liability insurer who by payment has discharged the liability of a tortfeasor judgment debtor shall be subrogated to his right of contribution.

(f)  This title shall not impair any right of indemnity under existing law, and where one tortfeasor judgment debtor is entitled to indemnity from another there shall be no right of contribution between them.

(g)  This title shall not impair the right of a plaintiff to satisfy a judgment in full as against any tortfeasor judgment debtor.

22. PLAZA HOME MORTGAGE INC. and  TRUSTEE LAND AMERICA-SOUTHLAND TITLE created and used a FAKE, FORGED, COUNTERFEIT and FICTITIOUS DEED OF TRUST and NOTE on Loan # 08610145 on 10/26/2006 to create a FAKE, COUNTERFEIT LOAN, DEFAULT, LIEN, MORTGAGE, ASSIGNMENTS, TRANSFERS, CONVEYANCES, ROBOSIGNERS, TRUSTEES DEED UPON SALE and SECURITY INTEREST  WITH AN UNMARKETABLE TITLE in violation of §§ 2920 (b), 2923.3, 2924(a), 2924h(b), 2934(a) 2952, 2923.55 of the CAL. CIV. CODE and § 9102 (28) (65) and § 2105 OF THE CAL. COMMERCIAL CODE as the FEDERAL SOURCE OF ADMIRALTY MARITIME LAW  and  §§ 476 and 186.9 of CAL. PENAL CODE  and  are MISPRISION OF FELONY VIOLATIONS under 18 U.S.C. § 4 .

Civil Code Section 5715. Right of Redemption.

(a) Notwithstanding any law or any provisions of the governing documents to the contrary, this section shall apply to debts for assessments that arise on and after January 1, 2006.

(b) A nonjudicial foreclosure by an association to collect upon a debt for delinquent assessments shall be subject to a right of redemption. The redemption period within which the separate interest may be redeemed from a foreclosure sale under this paragraph ends 90 days after the sale. In addition to the requirements of Section 2924f, a notice of sale in connection with an association's foreclosure of a separate interest in a common interest development shall include a statement that the property is being sold subject to the right of redemption created in this section.
(Added by Stats. 2012, Ch. 180, Sec. 2. Effective January 1, 2013. Operative January 1, 2014, by Sec. 3 of Ch. 180.)

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  12  of  12

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT B, Page 46 of 57

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DOOL AND ASSOCIATES<br>40486 YARDLEY COURT<br>TEMECULA, CA  92591<br><br>TELEPHONE NO.:       FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* H G LONG | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 880 N. STATE STREET
MAILING ADDRESS:
CITY AND ZIP CODE: HEMET, 92544
BRANCH NAME: HEMET COURT HOUSE

PETITIONER/PLAINTIFF: DOOL & ASSOCIATES

RESPONDENT/DEFENDANT: Janice Champion

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>HEC1800310 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   46601 BAUTISTA ROAD, HEMET, CA  92544

3. On *(date):* 02/26/2018     I mailed from *(city and state):* HEMET, CA
   the following **documents** *(specify):*
   AFFIRMATIVE DEFENSES AND AMENDMENT TO MC-025 PAGES 1-12 W/PROOF OF SERVICE
   WITH ATTACHMENT (PERSONS SERVED) BY U.S.P.S..

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
   (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this
   business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is
   placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in
   a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: DOOL AND ASSOCIATES
   b. **Address** of person served:
   40486 YARDLEY COURT
   TEMECULA, CA  92591

   ☑ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service
   by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 02/26/2018

George Champion
_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)      (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

DOOL SERVER PAPEER

DOOL & ASSOCIATES
40486 YARDLEY COURT
TEMECULA, CA 92591


HG LONG
474 W. ORANGE SHOW ROAD
SAN BERNARDINO, CA  92408

Page 1

✉ SHARE

City, State, or Zip 🔍

46601 Bautista Rd, Hemet, CA 92544



ⓑ bing

# 46601 Bautista Rd, Hemet, CA 92544

3 beds · 1.75 baths · 1,560 sqft

OFF MARKET

Zestimate®: $392,262

Rent Zestimate®: $2,250 /mo

EST. REFI PAYMENT

Est. Refi Payment: $1,669/mo

## Is this your rental?

Get a monthly local market report with comparable rentals in your area.

○ I own and manage this rental

○ I manage this rental for the owner

[ Enter email ]

[ Subscribe ]

46601 Bautista Rd, Hemet, CA is a single family home that contains 1,560 sq ft and was built in 1960. It contains 3 bedrooms and 1.75 bathrooms. This home last sold for $380,000 in July 2003.

The Zestimate for this house is $392,262, which has decreased by $3,569 in the last 30 days. The Rent Zestimate for this home is $2,250/mo, which has increased by $150/mo in the last 30 days. The property tax in 2017 was $4,347. The tax assessment in 2017 was $385,000.

## Facts and Features

🏠 **Type**
Single Family

🗓 **Year Built**
1960

🌡 **Heating**
No Data

❄ **Cooling**
No Data

🅿 **Parking**
2 spaces

🗺 **Lot**
75.56 acres

Exhibit 3

**Flooring**
Floor size: 1,560 sqft

**Other Interior Features**
Fireplace

SPACES AND AMENITIES

**Size**

**Unit count: 0**

CONSTRUCTION

**Type and Style**
Single Family

**Dates**
Built in 1960

**Materials**
Roof type: Built up

**Other Construction Features**
Stories: 1

# Home Value

### Zestimate
## $392,262

| ZESTIMATE RANGE | LAST 30 DAY CHANGE | ONE YEAR FORECAST |
|---|---|---|
| $357,000 - $428,000 | -$3,569 (-0.9%) | $405,795 (+3.4%) |

# Owner Dashboard



**Do you own this home? See your Owner Dashboard.**

# Price / Tax History

| DATE | EVENT | PRICE | | $/SQFT | SOURCE |
|---|---|---|---|---|---|
| 01/04/18 | Sold | $181,800 | -52.2% | $116 | Public Record |
| 07/17/03 | Sold | $380,000 | | $243 | Public Record |

# Neighborhood: 92544

MEDIAN ZESTIMATE

**$260,900**

⬆ 9.7%
Past 12 months

MARKET TEMP

# Cold

Buyers' Market          Sellers' Market

Zillow predicts will rise 6.8% next year, compared to a 6.6% rise for Hemet as a whole. Among 92544 homes, this home is valued 72.3% more than the midpoint (median) home, and is valued 79.3% more per square foot.

🚶 Walk Score ®  0  (Car-Dependent)

NEIGHBORHOOD MAP



NEARBY HOMES

‹                                                                              ›

OFF MARKET                                          OFF MARKET
**$178,752** -- bds · -- ba · -- sqft          **$140,961** -- bds · -- ba · -- sqft
10961 Desert Lawn Dr SPACE 100, Calimesa, CA   81600 Fred Waring Dr SPACE 265, Indio, CA

## Nearby Schools in Hemet

| GREATSCHOOLS RATING ❓ | | GRADES | DISTANCE |
| --- | --- | --- | --- |
| **2** out of 10 | McSweeny Elementary | K-5 | 8.3 mi |
| **3** out of 10 | Diamond Valley Middle | 6-8 | 8.1 mi |

| **4** | West Valley High | | 9-12 | 10.3 mi |
| --- | --- | --- | --- | --- |

out of 10

Data by GreatSchools.org ❓

**About the ratings:** Historically, GreatSchools ratings have been based solely on a comparison of standardized test results for all schools in a given state. As of September 2017, the GreatSchools ratings also incorporate additional information, when available, such as college readiness, academic progress, advanced courses, equity, discipline and attendance data. GreatSchools ratings are designed to be a starting point to help parents compare schools, and should not be the only factor used in selecting the right school for your family.

**Disclaimer:** School attendance zone boundaries are provided by a third party and subject to change. Check with the applicable school district prior to making a decision based on these boundaries.

# COVER SHEET TO

# 3/90 FORECLOSURE NOTICE TO QUIT

Attached hereto is a 3/90 Foreclosure Notice to Quit that is being served on you pursuant to Code of Civil Procedure § 1161-1166.

If you are a tenant in possession of the real property located at
46601 BAUTISTA RD, HEMET, CA 92544
through a lease that was entered into with the former owner you should talk to a lawyer NOW to determine what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and/or simply move out. Also if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should consult a lawyer about it.

Pursuant to the provisions of Code of Civil Procedure §§ 415.46 and 1161b, if you are a tenant under either a fixed term lease, you may have the right to remain in possession of the subject property beyond the 90 days after service of this notice and to remain in possession of the subject rental unit for the remaining time left on your fixed term lease. All rights and obligations under your lease or tenancy, including your obligation to pay rent to the new owner, will continue.

For more information on your rights please read the attached 3/90 Foreclosure Notice to Quit and consult a lawyer, legal aid organization, or housing counseling agency, of your own choice.

ex 2
Exhibit 4

# 3/90-FORECLOSURE NOTICE TO QUIT

**TO:** JANICE CHAMPION

**ALL OCCUPANTS RESIDING AT**
46601 BAUTISTA RD, HEMET, CA  92544
Property Address
**NOTICE IS HEREBY GIVEN THAT**
DOOL & ASSOCIATES LLC ("Beneficiary/Trustee(s)"),
or its successor in interest, purchased the property located at
46601 BAUTISTA RD, HEMET, CA  92544

("The Premises") at a foreclosure sale held in accordance with California Civil Code § 2924 and
pursuant to the power of sale contained in a Deed of Trust recorded in the Official Records of
RIVERSIDE COUNTY, and that title of the Premises is duly perfected in  RIVERSIDE
COUNTY.

**NOTICE IS FURTHER GIVEN THAT:**
     1. Within three (3) days after service on you of this Notice, if you are the Trustor(s) of the
     Deed of Trust described above, or successor in interest to said Trustor(s), or any person
     who is not a bona fide tenant or subtenant; or
     2. Within ninety (90) days after service on you of this Notice, in the event you are a bona
     fide tenant or a subtenant of the Trustor(s) of the Deed of Trust described above, or a
     bona fide tenant or a subtenant of a successor in interest to said Trustor(s):

You are required to vacate and surrender possession of the Premises, or the portion in which you
reside to: DOOL & ASSOCIATES LLC, unless you provide evidence to the undersigned law
firm that you are a bona fide tenant pursuant to Code of Civil Procedure §§ 415.46 and 1161b. If
you have a fixed term lease with the prior owner of the subject property you should immediately
provide the party listed herein with a copy of the lease agreement and evidence of your rental
payments for the past 12 months.

If within the applicable period as set forth above, EITHER if you fail to surrender possession OR
fail to provide evidence that you are a bona fide tenant pursuant to Code of Civil Procedure §§
415.46 and 1161b. Please see Page 3 Addendum of this Notice for instructions on how to deliver
this evidence.

**PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 415.46 AND 1161b,** demand
is hereby made that if you believe you are a tenant with a bonafide lease pursuant to the above
referenced law, you must contact the new owner at the address listed below and produce a copy
of the lease, proof of payment of the rent for at least the past four months, permit access within
this five day period to inspect

18-01-0700

EXHIBIT B, Page 54 of 57

the premises and pay all rents due and owing. Failure to exercise your potential legal rights may result in legal action for possession of the property, the rent, late fees, court costs and attorney fees. If the above provision applies, this notice serves as a five day notice of the non-payment of rent of the amount specified in your rental agreement from the date of the foreclosure.

You should talk to a lawyer **NOW** to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and/or simply move out. Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should talk to a lawyer about it.

This Notice is given pursuant to the provisions of the **PTFA** and **Code of Civil Procedure §§ 1161, 1161a and 1161b**, and if applicable, includes the sixty (60) day Notice required by **CCP 1161b** within the above 90 day Notice period.

This notice also constitutes a notice of non-renewal of any lease applicable to the Premises.

**Dated:** 2/1/2018

H G LONG

_____

**By: legal assistant**

"State Law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out."

18-01-0700

# ADDENDUM TO NOTICE TO QUIT

**TENANT INFORMATION THAT MUST BE PROVIDED IF YOU CLAIM YOU ARE A BONA FIDE TENANT ENTITLED TO PROTECTION BY THE TENANTS IN FORECLOSURE ACT**

**IF YOU ARE A TENANT** of the prior owner, you must provide the following document:

- A copy of your lease
- A return phone number and hours to reach you
- The receipts for the last four (4) payments made to the landlord of the property located at:

46601 BAUTISTA RD, HEMET, CA  92544

by mail, fax, or in person to:

H G  LONG

**Fax: (909) 889-3900**

For any question, please call (909) 889-5151

Dated: 2/1/2018

H G  LONG

By legal assistant for attorney for new owner:
**DOOL & ASSOCIATES LLC**

Contact Information:
H G  LONG
474 W Orange Show Rd San Bernardino, CA 92408
Phone (909) 889-5151 • Fax (909) 889-3900

**18-01-0700**

# PROOF (DECLARATION) OF SERVICE OF NOTICE TO TENANT

On <u>February 1, 2018</u>, I served the following NOTICE(s):
<span style="font-size:smaller">(Insert Date of Service of Notice)</span>

☐ 3 Day Notice To Pay Rent of Quit
☐ 3 Day Notice To Perform Covenant or Quit
☐ 30 Day Notice of Termination of Tenancy
☐ 60 Day Notice of Termination of Tenancy
☒ Other Notice:   3/90 Foreclosure

The NOTICE(s) set forth above were served on the following Tenant(s) and all other occupants:

JANICE CHAMPION
<span style="font-size:smaller">(Insert Tenant(s) Name)</span>

The NOTICE(s) set forth above were served by:

☐   **PERSONAL DELIVERY:** On the date set forth above, **I HANDED** a copy of the notice to the Tenant(s) named herein at approximately:

☐   **SUBSTITUTE SERVICE:** On the date set forth above, at approximately:
I served the NOTICE to the Tenant(s) named herein by **LEAVING** copies of the NOTICE with:

_____
<span style="font-size:smaller">(Insert Name of the Person Other Than a Tenant Who Is At Least 18 years old or Give Description (Age, Sex, Height, Weight etc. if person refuses to give name)</span>
who is a person of suitable age and discretion at the residence or usual place of business of the Tenant(s), because the Tenant(s) was/were absent. I also MAILED by First Class mail on the same date a copy of the NOTICE to the Tenant(s) named herein by depositing copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above named Tenant(s) at the Premises.

☒   **POSTING & MAILING:** On the date set forth above, I served the NOTICE to the Tenant(s) named herein by **POSTING** a copy of the NOTICE in a conspicuous place on the Premises because there was no person of suitable age or discretion found at the Premises at the time I was there, or no one answered the door. On the same day as I posted the NOTICE, I also **MAILED** copies of the NOTICE to the Tenant(s) named herein by depositing a sealed envelope with First Class postage fully prepaid, in the United States Mail, addressed to the Tenant(s) named herein at the Premises address:
46601 BAUTISTA RD, HEMET, CA 92544

Person who served papers
a. Name: SHAWN  STANFIELD
b. Address: 985 KENDALL DR SUITE A BOX 337, SAN BERNARDINO, CA 92407
c. Telephone Number: 909-889-4200
d. The Fee for Service was: 75.00
e. I am a registered California process server:
    (i) ☐ owner ☐ employee ☒ independent contractor
    (ii) Registration No.: 1660
    (iii) County: SAN BERNARDINO

☒ I declare under penalty of perjury under the laws of State of California that the foregoing in true and correct.

Date: 02/13/2018

SHAWN  STANFIELD
<span style="font-size:smaller">(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)</span>

_____
<span style="font-size:smaller">(SIGNATURE)</span>



1   H.G. LONG, ESQ. (SBN 127735)
    H.G. LONG & ASSOCIATES
2   474 West Orange Show Road
    San Bernardino, California 92408
3
4   Tel: (909) 332-6200 Fax: (909) 889-3900
5   Attorneys for Plaintiff
6
7
8
9
                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

                       FOR THE COUNTY OF RIVERSIDE-HEMET

10   DOOL & ASSOCIATES LLC,              )   CASE NO. HEC1800310
                                         )
11          Plaintiff,                   )   LIMITED JURISDICTION
                                         )
12   vs.                                 )   PLAINTIFF'S REQUEST FOR JUDICIAL
                                         )   NOTICE IN SUPPORT OF MOTION FOR
13                                       )   SUMMARY JUDGMENT
     JANICE CHAMPION, et al.,            )
14                                       )   DATE: MARCH 14 2018
            Defendants.                  )   TIME: 08:30 AM
15                                       )   DEPT: H1
                                         )   TRIAL: NONE
16                                       )
                                         )
17                                       )
                                         )
18   _____)
19
20          TO DEFENDANT, JANICE CHAMPION AND TO THE ABOVE-ENTITLED COURT:
21          Plaintiff, DOOL & ASSOCIATES LLC hereby requests the Court to take judicial notice of
22   the legal effect of the following documents when ruling on Plaintiff's motion for summary judgment
23   filed herewith:
24
25          1.   Complaint in Case Number HEC1800310, a copy of which is attached hereto as Exhibit
26               "1";
27
28
     **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**                    1

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 07 2018

Evelyn D[...]

MAR 07 2018

2. Answer to Complaint in Case Number HEC1800310, a copy of which is attached hereto as Exhibit "2";

3. Deed of trust, a copy of which is attached hereto as Exhibit "3";

4. Notice of Default and Election to Sell, a copy of which is attached hereto as Exhibit "4";

5. Notice of Trustee's Sale, a copy of which is attached hereto as Exhibit "5"; and

6. Trustee's Deed Upon Sale, a copy of which is attached hereto as Exhibit "6".

DATED: March 5, 2018

                                    H.G. LONG & ASSOCIATES

                                    BY: _____
                                    H.G. LONG, ESQ.
                                    Attorney for Plaintiff

---

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**    2

**PROOF OF SERVICE BY OVERNIGHT DELIVERY**

(1013A, 2015.5 C.C.P.)

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

    I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my address is 474 West Orange Show Road, San Bernardino, California 92408. The matters contained in this declaration are known to me personally and if called upon to testify as to such matters under oath in a court of law, I could and would do so competently.

    On March 6, 2018, I served the attached PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT on the DEFENDANT in said action by placing a true copy thereof enclosed in a sealed envelope designated by the GSO delivery service, delivered to a courier authorized to receive documents on behalf of said delivery service, with the fees for delivery paid and provided for OVERNIGHT NEXT DAY DELIVERY, with the papers addressed to:

Janice Champion
46601 Bautista Road
Hemet, CA 92544

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 6, 2018 at San Bernardino, California.

B. THOMPSON
Declarant

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

3

EXHIBIT C, Page 3 of 58

**SUM-130**

# SUMMONS
## *(CITACION JUDICIAL)*
### UNLAWFUL DETAINER—EVICTION
### *(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JANICE CHAMPION , AND DOES 1 TO <u>10</u>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DOOL & ASSOCIATES LLC

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   HEMET COURTHOUSE
   880 N. STATE ST, HEMET, CA  92543

**CASE NUMBER:**
*(Número del caso):*

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   H G LONG Bar No: 127735          474 W Orange Show Rd
   Phone: (909) 889-5151            San Bernardino, CA  92408

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) ☒ did not  ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date:*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. ☒  as an individual defendant.
   b. ☐  as the person sued under the fictitious name of *(specify):*
   c. ☐  as an occupant
   d. ☐  on behalf of *(specify):*
      under: ☐  CCP 416.10 (corporation)          ☐  CCP 416.60 (minor)
             ☐  CCP 416.20 (defunct corporation)  ☐  CCP 416.70 (conservatee)
             ☐  CCP 416.40 (association or partnership)  ☐  CCP 416.90 (authorized person)
             ☐  CCP 415.46 (occupant)             ☐  other *(specify):*
5. ☐  by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

Exhibit 1

SUM-130

| | |
|---|---|
| PLAINTIFF (Name): DOOL & ASSOCIATES LLC | CASE NUMBER: |
| DEFENDANT (Name): JANICE CHAMPION | |

6. **Unlawful detainer assistant** (complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):

   a.  Assistant's name:

   b.  Telephone no.:

   c.  Street address, city, and zip:

   d.  County of registration:

   e.  Registration no.:

   f.  Registration expires on (date):

**SUMMONS—UNLAWFUL DETAINER—EVICTION**
18-01-0700

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT C, Page 5 of 58

HG LONG & ASSOCIATES
H G LONG (SBN 127735)
474 W Orange Show Rd
San Bernardino, CA 92408
Tel: (909) 889-5151
Fax: (909) 889-3900

Attorneys for Plaintiff(s)

# SUPERIOR COURT OF THE STATE OF CALIFORINA

## FOR THE COUNTY OF RIVERSIDE

### HEMET COURTHOUSE

DOOL & ASSOCIATES LLC                )    Case Number:
                                     )
                                     )
              Plaintiff(s),          )    LIMITED JURISDICTION
                                     )
JANICE CHAMPION                      )    COMPLAINT FOR UNLAWFUL DETAINER
                                     )
                                     )    [Action based on Code of Civil Procedure Section 1161a]
                                     )
                                     )    [Amount in controversy does not exceed $10,000.00]
                                     )
                                     )
                                     )
                                     )

and Does 1 through 10, Inclusive,

              Defendant(s).

Plaintiff alleges:

**FIRST CAUSE OF ACTION**

**BROUGHT BY PLAINTIFF**

**AGAINST ALL DEFENDANTS**

**FOR UNLAWFUL DETAINER**

1.      Plaintiff is a Limited liability company duly organized and existing under the laws of the State of California., and at all times herein mentioned was, authorized to do business in the State of California.

**1**
**COMPLAINT**
EXHIBIT C, Page 6 of 58

18-01-0700

2.     Plaintiff is informed and believes, and thereon alleges that each of the Defendants is, and at all times herein mentioned was, in possession of the real property which is the subject of this action.

3.     The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are known to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when the same are fully ascertained.

4.     Plaintiff is informed and believes, and thereon alleges that each of the defendants is, and at all times herein mentioned was, the agent and employee of each of the remaining defendant, and in doing the things herein alleged, was acting within the course of scope of such agency and employment. Plaintiff is informed and believes, and thereon alleges that each of the defendants ratified, approved and accepted the benefits of acts of each of the remaining defendants with full knowledge of the nature and effect such acts.

5.     The real property which is the subject of this action is located at 46601 BAUTISTA RD, HEMET, CA  92544, RIVERSIDE COUNTY, RIVERSIDE COUNTY. Said real property shall hereinafter be referred to as the "subject property." The subject property is within the geographical area for venue of the above-entitled court.

6.     Plaintiff is informed and believes, and thereon alleges that each of the defendants is, and at all times herein mentioned was, the agent and employee of each of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of such agency and employment. Plaintiff is informed and believes, and thereon alleges that each of the defendants ratified, approved and accepted the benefits of the acts of each of the remaining defendants with full knowledge of the nature and effect of such acts.

7.     On or about 01/04/2018, Plaintiff purchased the subject property at a trustee's sale conducted pursuant to a power of sale in a deed of trust in which Defendants, and each of them, excepting the fictitiously named doe defendants, were the trustors on the underlying deed of trust and former owners of the subject property. Plaintiff is informed and believes, and thereon alleges that the nonjudicial foreclosure process leading up to said trustee's sale was conducted in compliance with the provisions of Civil Code, Section 2924. Plaintiff duly perfected title to the subject property. Plaintiff was not the

2
**COMPLAINT**

18-01-0700

foreclosing beneficiary under the deed of trust leading to said trustee's sale, has, and at all times herein mentioned, had no notice of any claimed or professed defects in the nonjudicial foreclosure process, if any, and paid valuable consideration for the subject property. None of the defendants has ever tendered payment of funds to reinstate the underlying note secured by deed of trust. Plaintiff was a bona fide purchaser for value without notice of any defects in the nonjudicial foreclosure process. The trustee's deed upon sale recites that all statutory formalities leading up to the nonjudicial foreclosure sale were duly complied with. Plaintiff is informed and believes, and thereon alleges that all statutory requirements for publication and giving notice of the notice of default and election to sell, and of the notice of trustee's sale, in relation to said nonjudicial process, was duly complied with.

8.  On or about 02/01/2018, Plaintiff caused to be served on Defendants, and each of them, and upon all persons claiming any right to possession of the subject property, a notice to quit (hereinafter the "notice"), a copy of which is attached hereto and incorporated herein by reference as Exhibit "2" as though fully set forth hereat. Said notice was served in compliance with the requirements of C.C.P., Section 1162. A copy of the proof of service of the notice is attached hereto and incorporated herein by reference as Exhibit "3" as though fully set forth hereat.

9.  The period stated in the notice expired on 02/05/2018, and Defendants, and each of them, at all times since expiration of the notice until the present, have remained in possession of the subject property without Plaintiff's permission or consent.

10.  Plaintiff is informed and believes and thereon alleges that the fair rental value of the subject property is, and at all times since expiration of the notice, the sum of $ 67.86 per day. Plaintiff is informed and believes, and thereon alleges that Plaintiff is entitled to an award of damages for such fair rental value for the period commencing with expiration of the notice up through entry of judgment, in a total sum according to proof.

11.  A copy of the trustee's deed upon sale by which Plaintiff acquired and duly perfected title to the subject property is attached hereto and incorporated herein by reference as Exhibit '1' as though fully set forth hereat.

---

**3**

COMPLAINT

18-01-0700

WHEREFORE, PLAINTIFF prays for judgment as follows:

1.     For restitution and possession of the subject property located at:

46601 BAUTISTA RD, HEMET, CA  92544

2.     For daily rental value damages for the period commencing 02/06/2018 through the date of entry of judgment at the rate of $  67.86 per day;

3.     For costs of suit incurred herein; and

4.     For such other and further relief as this Court may deem property and just.

5.     Plaintiff remits all damages in excess of the jurisdictional limits of the court.

Dated: 02/13/2018

HG LONG & ASSOCIATES

By:  _____

H G  LONG
Attorney for Plaintiff(s)

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.

2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.

3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.

4. If you do not file this form, you may be evicted without further hearing.

5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*:    TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR *(Name)*: | |
| NAME OF COURT: HEMET COURTHOUSE<br>STREET ADDRESS: 880 N. STATE ST<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: HEMET, CA 92543<br>BRANCH NAME: HEMET COURTHOUSE | |
| Plaintiff: DOOL & ASSOCIATES LLC<br><br>Defendant: JANICE CHAMPION | |
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*:

2. I reside at *(street address, unit no., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:
   46601 BAUTISTA RD, HEMET, CA 92544, RIVERSIDE COUNTY

4. On *(insert date)*: _____, the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises.  *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of  $_____ or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

| CP10.5 [Rev. June 15, 2015]<br>16-01-0700 | **PREJUDGMENT CLAIM OF RIGHT<br>TO POSSESSION** | Code of Civil Procedure, §§ 415.46,<br>715.010, 715.020, 1174.25<br>American LegalNet, Inc.<br>www.FormsWorkFlow.com |
|---|---|---|

| Plaintiff: DOOL & ASSOCIATES LLC<br>Defendant: CHAMPION | CASE NUMBER: |
|---|---|

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13 . Rental agreement. I have *(check all that apply to you):*

   a. ☐  an oral or written rental agreement with the landlord.

   b. ☐  an oral or written rental agreement with a person other than the landlord.

   c. ☐  an oral or written rental agreement with the former owner who lost the property to foreclosure.

   d. ☐  *other (explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

_____   ▶   _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

   **1. You are NOT named in the accompanying Summons and Complaint.**

   **2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**

   **3. You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

---

CP10.5 [Rev. June 15, 2015]
18-01-0700

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

Page two



American LegalNet, Inc.
www.FormsWorkFlow.com

**Verification**

1. I am an agent of the Plaintiff(s). I am verifying the attached Complaint because I am more familiar with the facts alleged than it Plaintiff(s) or the other agents and employees of Plaintiff(s). I have read the attached Complaint and know the contents thereof. I am informed and believe that the matters contained within it are true and on that ground allege that the matters stated are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this verification was executed in _Temecula_ California on _2|9|18_.

_____
Agent for Plaintiff(s)

2. Plaintiff(s) entity is:

( ) Individual
( ) Partnership
( ) Corporation
(X) Limited Liability Company
( ) Trust
( ) Other: _____

3. Property was purchased at: (X) Trustees Sale or ( ) REO Sale.

4. The notice that the complaint is based on is a (X) 3 Day or ( ) 90 Day.

The daily damage value per day is: $_____.

The property address is: _41601 Bautista Rd, Hemet, CA_

I request that a facsimile be accepted as an original pursuant to CRC 2.305(d), a signature hereon, in any, I produced by facsimile transmission is admissible as an original.

I declare under penalty of perjury that the forgoing is true and correct.

I executed this verification on _2|9|18_ at _Temecula, CA_.

_Matthew Dodi_                          _Matthew Dodi_
(Name, *printed or typed*)              (Signature)

**ACCOMMODATION**
SENT TO RECORDER PER REQUEST OF THE PARTIES HEREIN.
IT HAS NOT BEEN EXAMINED AS TO ITS EFFECT AND VALIDITY

DOC # 2018-0003460
01/04/2018 08:00 AM Fees: $47.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: ALYCIA #778

Recording requested by:

When recorded mail to:

DOOL AND ASSOCIATES
40486 YARDLEY COURT
TEMECULA, CA 92591

Forward tax statements to the address given above

TS No.: CA-17-776480-RY
Order No.: 730-1706695-70

Space above this line for recorders use

TRA 011-012

## Trustee's Deed Upon Sale

A.P.N.: 555-300-022-2

THE UNDERSIGNED GRANTOR DECLARES:
The grantee herein WASN'T the foreclosing beneficiary.
The amount of the unpaid debt together with costs was:

$181,780.91

The amount paid by the grantee at the trustee sale was:

$181,800.92

The documentary transfer tax is:

$ 200.20

Said property is in the City of: HEMET, County of RIVERSIDE

QUALITY LOAN SERVICE CORPORATION as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to:

DOOL AND ASSOCIATES

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of RIVERSIDE, State of California, described as follows:

PARCEL 1 OF PARCEL MAP NO. 10396, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 72, PAGE(S) 70 AND 71 OF PARCEL MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.
COMMONLY KNOWN AS: 46601 BAUTISTA CANYON ROAD, HEMET, CA 92544
This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by JANICE CHAMPION, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY, as trustor, dated 10/26/2006, and recorded on 11/1/2006 as Instrument No. 2006-0803949 of Official Records in the office of the Recorder of RIVERSIDE, California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 8/14/2017, instrument no 2017-0333582, of Official records. The Trustee of record at the relevant time having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a

Mail Tax Statement to Return Address Above

DOC #2018-0003460  Page 2 of 2

Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on **12/21/2017** at the place named in the Notice of Sale, in the County of **RIVERSIDE**, California, in which the property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said trustee the amount being **$181,800.92** in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

TS No.: CA-17-776480-RY

Date: 12/26/17

**QUALITY LOAN SERVICE CORPORATION**

By: Caitlan McMullen, Assistant Secretary

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: **California**)

County of: **San Diego**)

On 12-26-17 before me, R. Moore a notary public, personally appeared Caitlan McMullen who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Seal)

Signature

R. MOORE
Notary Public - California
San Diego County
Commission # 2195762
My Comm. Expires May 6, 2021

# COVER SHEET TO

# 3/90 FORECLOSURE NOTICE TO QUIT

Attached hereto is a 3/90 Foreclosure Notice to Quit that is being served on you pursuant to Code of Civil Procedure § 1161-1166.

If you are a tenant in possession of the real property located at
46601 BAUTISTA RD, HEMET, CA 92544
through a lease that was entered into with the former owner you should talk to a lawyer NOW to determine what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and/or simply move out. Also if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should consult a lawyer about it.

Pursuant to the provisions of Code of Civil Procedure §§ 415.46 and 1161b, if you are a tenant under either a fixed term lease, you may have the right to remain in possession of the subject property beyond the 90 days after service of this notice and to remain in possession of the subject rental unit for the remaining time left on your fixed term lease. All rights and obligations under your lease or tenancy, including your obligation to pay rent to the new owner, will continue.

For more information on your rights please read the attached 3/90 Foreclosure Notice to Quit and consult a lawyer, legal aid organization, or housing counseling agency, of your own choice.

# 3/90-FORECLOSURE NOTICE TO QUIT

**TO:** JANICE CHAMPION

**ALL OCCUPANTS RESIDING AT**
46601 BAUTISTA RD, HEMET, CA  92544
<small>Property Address</small>

**NOTICE IS HEREBY GIVEN THAT**
**DOOL & ASSOCIATES LLC** ("Beneficiary/Trustee(s)"),
or its successor in interest, purchased the property located at
46601 BAUTISTA RD, HEMET, CA  92544

("The Premises") at a foreclosure sale held in accordance with California Civil Code § 2924 and pursuant to the power of sale contained in a Deed of Trust recorded in the Official Records of RIVERSIDE COUNTY, and that title of the Premises is duly perfected in  RIVERSIDE COUNTY.

**NOTICE IS FURTHER GIVEN THAT:**

    1. Within three (3) days after service on you of this Notice, if you are the Trustor(s) of the Deed of Trust described above, or successor in interest to said Trustor(s), or any person who is not a bona fide tenant or subtenant; or

    2. Within ninety (90) days after service on you of this Notice, in the event you are a bona fide tenant or a subtenant of the Trustor(s) of the Deed of Trust described above, or a bona fide tenant or a subtenant of a successor in interest to said Trustor(s):

You are required to vacate and surrender possession of the Premises, or the portion in which you reside to: DOOL & ASSOCIATES LLC, unless you provide evidence to the undersigned law firm that you are a bona fide tenant pursuant to Code of Civil Procedure §§ 415.46 and 1161b. If you have a fixed term lease with the prior owner of the subject property you should immediately provide the party listed herein with a copy of the lease agreement and evidence of your rental payments for the past 12 months.

If within the applicable period as set forth above, EITHER if you fail to surrender possession OR fail to provide evidence that you are a bona fide tenant pursuant to Code of Civil Procedure §§ 415.46 and 1161b. Please see Page 3 Addendum of this Notice for instructions on how to deliver this evidence.

**PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 415.46 AND 1161b,** demand is hereby made that if you believe you are a tenant with a bonafide lease pursuant to the above referenced law, you must contact the new owner at the address listed below and produce a copy of the lease, proof of payment of the rent for at least the past four months, permit access within this five day period to inspect

18-01-0700

the premises and pay all rents due and owing. Failure to exercise your potential legal rights may result in legal action for possession of the property, the rent, late fees, court costs and attorney fees. If the above provision applies, this notice serves as a five day notice of the non-payment of rent of the amount specified in your rental agreement from the date of the foreclosure.

You should talk to a lawyer **NOW** to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and/or simply move out. Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should talk to a lawyer about it.

This Notice is given pursuant to the provisions of the **PTFA and Code of Civil Procedure §§ 1161, 1161a and 1161b**, and if applicable, includes the sixty (60) day Notice required by **CCP 1161b** within the above 90 day Notice period.

This notice also constitutes a notice of non-renewal of any lease applicable to the Premises.

**Dated:** 2/1/2018

H G LONG

_____    _anny_

**By: legal assistant**

"State Law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out."

# ADDENDUM TO NOTICE TO QUIT

## TENANT INFORMATION THAT MUST BE PROVIDED IF YOU CLAIM YOU ARE A BONA FIDE TENANT ENTITLED TO PROTECTION BY THE TENANTS IN FORECLOSURE ACT

**IF YOU ARE A TENANT** of the prior owner, you must provide the following document:

- A copy of your lease
- A return phone number and hours to reach you
- The receipts for the last four (4) payments made to the landlord of the property located at:

46601 BAUTISTA RD, HEMET, CA  92544

by mail, fax, or in person to:

H G  LONG

**Fax: (909) 889-3900**

For any question, please call (909) 889-5151

Dated: 2/1/2018

H G  LONG

By legal assistant for attorney for new owner:
**DOOL & ASSOCIATES LLC**

Contact Information:
H G  LONG
474 W Orange Show Rd San Bernardino, CA 92408
Phone (909) 889-5151 • Fax (909) 889-3900

18-01-0700

# PROOF (DECLARATION) OF SERVICE OF NOTICE TO TENANT

On <u>February 1, 2018</u>, I served the following NOTICE(s):
(insert Date of Service of Notice)

☐ 3 Day Notice To Pay Rent of Quit
☐ 3 Day Notice To Perform Covenant or Quit
☐ 30 Day Notice of Termination of Tenancy
☐ 60 Day Notice of Termination of Tenancy
☒ Other Notice:   3/90 Foreclosure _____

The NOTICE(s) set forth above were served on the following Tenant(s) and all other occupants:

**JANICE CHAMPION** _____
(Insert Tenant(s) Name)

The NOTICE(s) set forth above were served by:

☐   **PERSONAL DELIVERY:** On the date set forth above, **I HANDED** a copy of the notice to the Tenant(s) named herein at approximately:

☐   **SUBSTITUTE SERVICE:** On the date set forth above, at approximately:
I served the NOTICE to the Tenant(s) named herein by **LEAVING** copies of the NOTICE with:

_____
(Insert Name of the Person Other Than a Tenant Who Is At Least 18 years old or Give Description (Age, Sex, Height, Weight etc. if person refuses to give name))
who is a person of suitable age and discretion at the residence or usual place of business of the Tenant(s), because the Tenant(s) was/were absent. I also MAILED by First Class mail on the same date a copy of the NOTICE to the Tenant(s) named herein by depositing copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above named Tenant(s) at the Premises.

☒   **POSTING & MAILING:** On the date set forth above, I served the NOTICE to the Tenant(s) named herein by **POSTING** a copy of the NOTICE in a conspicuous place on the Premises because there was no person of suitable age or discretion found at the Premises at the time I was there, or no one answered the door. On the same day as I posted the NOTICE, I also **MAILED** copies of the NOTICE to the Tenant(s) named herein by depositing a sealed envelope with First Class postage fully prepaid, in the United States Mail, addressed to the Tenant(s) named herein at the Premises address:
46601 BAUTISTA RD, HEMET, CA 92544

Person who served papers
a. Name: SHAWN  STANFIELD
b. Address: 985 KENDALL DR SUITE A BOX 337, SAN BERNARDINO, CA 92407
c. Telephone Number: 909-889-4200
d. The Fee for Service was: 75.00
e. I am a registered California process server:
    (i) ☐ owner ☐ employee ☒ independent contractor
    (ii) Registration No.: 1660
    (iii) County: SAN BERNARDINO

☒ I declare under penalty of perjury under the laws of State of California that the foregoing in true and correct.

Date: 02/13/2018

SHAWN  STANFIELD _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

_____
(SIGNATURE)



PROOF OF SERVICE OF NOTICE
18-01-0700

*OK MSJ*

**UD-105**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Janice Champion 46601<br>Bautista Road , Hemet, CA 92544<br><br>TELEPHONE NO.  1-951-260-0138     FAX NO.:<br>E-MAIL ADDRESS<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>STREET ADDRESS  880 N. STATE STREET<br>MAILING ADDRESS<br>CITY AND ZIP CODE  HEMET, 92543<br>BRANCH NAME  HEMET Court House | 3/4 |
| Plaintiff: H G LONG BAR NO 127735 DOOL & ASSOCIATES<br>Defendant: Janice Champion | |
| **ANSWER—UNLAWFUL DETAINER** | CASE NUMBER:<br>HEC 1800310 |

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):*

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**

   a. ☐  Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*

   b. ☐  Defendant admits that all of the statements of the complaint are true EXCEPT:

      (1) Defendant claims the following statements of the complaint are false *state paragraph numbers from the complaint or explain below or on form MC-025):*  ☐  Explanation is on MC-025, titled as Attachment 2b(1).

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*  ☐  Explanation is on MC-025, titled as Attachment 2b(2).

3. **AFFIRMATIVE DEFENSES** (*NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)*

   a. ☐  *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.

   b. ☐  *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.

   c. ☐  *(nonpayment of rent only)* On *(date):*                    before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.

   d. ☐  Plaintiff waived, changed, or canceled the notice to quit.

   e. ☐  Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

   f. ☐  By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.

   g. ☐  Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

      *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*

   h. ☐  Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.

   i. ☐  Plaintiff seeks to evict defendant based on acts against defendant or a member of the defendant's household that constitute domestic violence, sexual assault, stalking, human trafficking, or abuse of an elder or a dependent adult. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*

   j. ☒  Other affirmative defenses are stated in item 3k.

Form Approved for Optional Use<br>Judicial Council of California<br>UD-105 [Rev. January 2, 2014]   **ANSWER—UNLAWFUL DETAINER**   Page 1 of 2<br>Civil Code, § 1940 et seq.<br>Code of Civil Procedure, § 425.12, § 1161 et seq.<br>www.courts.ca.gov

*Exhibit 2*

UD-105

CASE NUMBER:
HEC 1800310

3. AFFIRMATIVE DEFENSES (cont'd)
   k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025)*:
      ☐ Description of facts is on MC-025, titled as Attachment 3k.

4. OTHER STATEMENTS
   a. ☐ Defendant vacated the premises on *(date)*:
   b. ☐ The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025)*:
      ☐ Explanation is on MC-025, titled as Attachment 4b.

   c. ☐ Other *(specify below or on form MC-025 in attachment)*:
      ☐ Other statements are on MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS
   a. that plaintiff take nothing requested in the complaint.
   b. costs incurred in this proceeding.
   c. ☐ reasonable attorney fees.
   d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
   e. ☐ Other *(specify below or on form MC-025)*:
      ☐ All other requests are stated on MC-025, titled as Attachment 5e.

6. Number of pages attached: _6_

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

7. *(Must be completed in all cases.)* An unlawful detainer assistant ☒ did not  ☐ did  for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state)*:
   a. Assistant's name:            b. Telephone No.:
   c. Street address, city, and zip code:
   d. County of registration:      e. Registration No.:      f. Expires on *(date)*:

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

By: Janice Champion...
(TYPE OR PRINT NAME)

By: *Janice Champion)*...
(SIGNATURE OF DEFENDANT OR ATTORNEY)

(TYPE OR PRINT NAME)

(SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*
I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date: 02-20-2018

By: *Janice Champion*...
(TYPE OR PRINT NAME)

By: *Janice Champion)*...
(SIGNATURE OF DEFENDANT)

UD-105 [Rev. January 2, 2014]      **ANSWER—UNLAWFUL DETAINER**      Page 2 of 2

**UD-105**

| CASE NUMBER: |
|---|
| HEC 1800310 |

**3. AFFIRMATIVE DEFENSES (cont'd)**

k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025):*

☐ Description of facts is on MC-025, titled as Attachment 3k.

**4. OTHER STATEMENTS**

a. ☐ Defendant vacated the premises on *(date):*

b. ☐ The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025):*

☐ Explanation is on MC-025, titled as Attachment 4b.

c. ☐ Other *(specify below or on form MC-025 in attachment):*

☐ Other statements are on MC-025, titled as Attachment 4c.

**5. DEFENDANT REQUESTS**

a. that plaintiff take nothing requested in the complaint.

b. costs incurred in this proceeding.

c. ☐ reasonable attorney fees.

d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

e. ☐ Other *(specify below or on form MC-025):*

☐ All other requests are stated on MC-025, titled as Attachment 5e.

**6.** Number of pages attached:  6

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

**7.** *(Must be completed in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state):*

a. Assistant's name:                                  b. Telephone No.:

c. Street address, city, and zip code:

d. County of registration:          e. Registration No.:          f. Expires on *(date):*

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

By: Janice Champion...
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
(TYPE OR PRINT NAME)

► By: *Janice Champion)...*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
(SIGNATURE OF DEFENDANT OR ATTORNEY)

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
(TYPE OR PRINT NAME)

►
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
(SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date: 02-20-2018

By: *Janice Champion...*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
(TYPE OR PRINT NAME)

By: *Janice Champion)...*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
(SIGNATURE OF DEFENDANT)

UD-105 [Rev. January 2, 2014]                **ANSWER—UNLAWFUL DETAINER**                Page 2 of 2

MC-025

| SHORT TITLE: AFFIRMATIVE DEFENSES | CASE NUMBER: HEC 1800310 |
|---|---|

ATTACHMENT *(Number):*  page 2 Item 3k

*(This Attachment may be used with any Judicial Council form.)*

Janice Champion as the Real Party of Interest asserts the Following Affirmative Defenses:

1. There was no Duly Appointed Trustee(s) on Doc # 2006-0918913 03/30/2006, Doc # 2006-0803949 conducting the Trustees Deed upon Sale on 12/21/2012 and 12/21/2017 in violation of Cal. Civ. Code §§ 2924 (a) (6), 2924h (a)-(g) and 2934a (a), (1)-(4) .

2. There was no Legal or Lawful Public Auction Sale Executed or Conducted on 12/21/2012 or 12/21/2017 by a Bona Fide Purchaser for Value with a Legal, Lawful Bid or Tender for Cash, Cashiers Check in Lawful Money of Account or Exchange drawn on a state or national bank, state or federal credit union, a state or federal savings and loan association or savings bank specified in § 5102 of the California Financial Code and Article 1 § 10 of the Federal Constitution, authorized to do business in the state of California.

3. NDEX WEST, LLC a/k/a Barrett, Daffin, Frappier, Turner & Engel, LLP as a subdivision of the Dolan Company as duly appointed Involuntary Trustee under and pursuant to the Deed of Trust Recorded on 11/01/2006 as Instrument No. 2006--0803949 of official records in the office of the County Recorder of RIVERSIDE County, State of CALIFORNIA.

4. Document # 2006-0803949, Trustee Sale # 20120159902946, Title Order # 1270502 purporting to be a Substitution of Trustee by NDEX WEST, LLC and signed by Elizabeth Hernandez Assistant Secretary of ONE WEST BANK FSB is a ROBO SIGNER and does not work for ONEWEST BANK FSB and is a Forgery and Invalid Document under California Code, Penal Code - PEN § 470 (c).

5. Since the entry of a credit bid at a foreclosure sale reduces, if not eliminates, many of the lender's rights, extreme caution should be taken to see that the lender does not needlessly reduce its rights. Assuming that the lender is the beneficiary of a valid and enforceable Deed of Trust which is a first priority lien on the subject real property, the opening bid at the foreclosure sale is frequently recommended to be between 20% and 30% of the lender's equity in the property. See, Restatement of the Law Third, Property (Mortgages), § 8.3 Adequacy of Foreclosure Sale Price: Bernhardt and Hansen, California Mortgages, Deeds of Trust and Foreclosure Litigation § 2.87 (Calif. Cont. Ed. Bar, Fourth Ed.) and Hansen: "The Full Credit Bid 'Rule' and Occam's Razor," 30 Cal. Real Prop. J. 32 (No. 4, 2012). If the lender is not the beneficiary of a valid and enforceable first priority lien on the property, then a credit bid of materially less than 20% of the equity in the property may be appropriate.

6. Cal Civ. Code § 3439.05.
(a) A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

7. Janice Champion is invoking a Constructive Trust under the Equity Jurisdiction of the Superior Court of Riverside County of the Hemet Courthouse under Chancery Rules and §§ 2223 & 2224 of the Cal. Civ. Code as Affirmative Defenses do to the Actual and Constructive Fraud committed and being committed by the Plaintiff DOOL & ASSOCIATES LLC and Their Counsel HG LONG & ASSOCIATES as Involuntary Trustees merging Legal and Equitable Title and giving Janice Champion an Equitable Lien for Enforceability.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page  2  of  6

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

| SHORT TITLE: | | MC-025 |
|---|---|---|
| ANSWER BY AFFIRMATVE DEFENSES | CASE NUMBER: | |
| | HEC1800310 | |

ATTACHMENT *(Number):* PG. 3 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

8. Janice Champion Judicially Notices this Court under Cal. Evidence Code §§ 450-460 of the following Facts;

Judicial notice shall be taken of the following:

(a) The decisional, constitutional, and public statutory law of this state and of the United States and the provisions of any charter described in Section 3, 4, or 5 of Article XI of the California Constitution.

(b) Any matter made a subject of judicial notice by Section 11343.6, 11344.6, or 18576 of the Government Code or by Section 1507 of Title 44 of the United States Code.

(c) Rules of professional conduct for members of the bar adopted pursuant to Section 6076 of the Business and Professions Code and rules of practice and procedure for the courts of this state adopted by the Judicial Council.

(d) Rules of pleading, practice, and procedure prescribed by the United States Supreme Court, such as the Rules of the United States Supreme Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Admiralty Rules, the Rules of the Court of Claims, the Rules of the Customs Court, and the General Orders and Forms in Bankruptcy.

(e) The true signification of all English words and phrases and of all legal expressions.

(f) Facts and propositions of generalized knowledge that are so universally known that they cannot reasonably be the subject of dispute.


9. Janice Champion has Agricultural Liens as an AGRICULTURAL PRODUCER'S LIEN under CAL. FOOD & AGRICULTURE CODE §§ 55631-55653 (2017) and a WAREHOUSE LIEN under the CAL. COM. CODE §§7201-7210 (2017) and a CARRIER'S LIEN. CAL. COM. CODE § 7301-7309 (2017).


That these Agricultural Liens arise under the Transactions of March 21, 2006 with AMERICAN BROKERS CONDUIT A MULTISTATE FIXED RATE NOTE and the DEED OF TRUST FORM 3200 under Account # 1001199446 and Loan # 08610145 with PLAZA HOME MORTGAGE INC. on OCTOBER 26, 2006 with LAND AMERICA SOUTHLAND TITLE as the TRUSTEE DE SON TORT. The NOTES were sold and transferred to QUALITY LOAN SERVICING INC. INDYMAC MORTGAGE SERVICES, CENTRAL LOAN ADMIN, & REPORTING IN NEWARK, NEW JERSEY and LAKEVIEW LOAN SERVICING in FLORIDA which were sold and securitized as Goods, Movables, Financial, Agriculture and Farm Products under Title 7 § 1a of the Commodity Exchange Act and §§ 2105 and 9102 (5) "Agriculture Lien" (12) "Collateral" Subject to a Agriculture Lien (14)" Commodity Account" (15) "Commodity Contract" (34) "Farm Products" (44) "Goods & Movables" (49) Investment Property" (52) "A Lien Creditor" (73) Secured Party"(B) A person that holds an agricultural lien.

Cal. Comm. Code § 9622. Effect of acceptance of collateral;

(a) A secured party's acceptance of collateral in full or partial satisfaction of the obligation it secures does all of the following:

(1) It discharges the obligation to the extent consented to by the debtor.

(2) It transfers to the secured party all of a debtor's rights in the collateral.

(3) It discharges the security interest or agricultural lien that is the subject of the debtor's consent and any subordinate security interest or other subordinate lien.

(4) It terminates any other subordinate interest.

(b) A subordinate interest is discharged or terminated under subdivision (a), even if the secured party fails to comply with this division.

---

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __3__ of __6__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ANSWER BY AFFIRMATVE DEFENSES | HEC1800310 |

ATTACHMENT *(Number):* PG. 3 ITEM 3K

*(This Attachment may be used with any Judicial Council form.)*

8. Janice Champion Judicially Notices this Court under Cal. Evidence Code §§ 450-460 of the following
Facts;
Judicial notice shall be taken of the following:
(a) The decisional, constitutional, and public statutory law of this state and of the United States and the
provisions of any charter described in Section 3, 4, or 5 of Article XI of the California Constitution.
(b) Any matter made a subject of judicial notice by Section 11343.6, 11344.6, or 18576 of the Government
Code or by Section 1507 of Title 44 of the United States Code.
(c) Rules of professional conduct for members of the bar adopted pursuant to Section 6076 of the Business and
Professions Code and rules of practice and procedure for the courts of this state adopted by the Judicial
Council.
(d) Rules of pleading, practice, and procedure prescribed by the United States Supreme Court, such as the
Rules of the United States Supreme Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal
Procedure, the Admiralty Rules, the Rules of the Court of Claims, the Rules of the Customs Court, and the
General Orders and Forms in Bankruptcy.
(e) The true signification of all English words and phrases and of all legal expressions.
(f) Facts and propositions of generalized knowledge that are so universally known that they cannot reasonably
be the subject of dispute.

9. Janice Champion has  Agricultural Liens as an AGRICULTURAL PRODUCER'S LIEN under CAL.
FOOD & AGRICULTURE CODE §§ 55631-55653 (2017) and a WAREHOUSE LIEN under the CAL.
COM. CODE §§7201-7210 (2017) and a CARRIER'S LIEN. CAL. COM. CODE § 7301-7309 (2017).

That these Agricultural Liens arise under the Transactions  of March  21, 2006 with AMERICAN BROKERS
CONDUIT A MULTISTATE FIXED RATE NOTE and the DEED OF TRUST FORM 3200  under Account #
1001199446 and  Loan # 08610145 with PLAZA HOME MORTGAGE INC. on OCTOBER 26, 2006 with
LAND AMERICA SOUTHLAND TITLE as the TRUSTEE DE SON TORT. The NOTES were sold and
transferred  to QUALITY LOAN SERVICING INC. INDYMAC MORTGAGE SERVICES, CENTRAL
LOAN ADMIN, & REPORTING IN NEWARK, NEW JERSEY and  LAKEVIEW LOAN SERVICING
in FLORIDA which were sold and securitized as Goods, Movables, Financial, Agriculture and Farm Products
under Title 7 § 1a  of the Commodity Exchange Act and §§ 2105 and  9102 (5) "Agriculture Lien"
(12) "Collateral" Subject to a Agriculture Lien (14)" Commodity Account" (15) "Commodity Contract"
(34) "Farm Products" (44) "Goods & Movables" (49) Investment Property" (52) "A Lien Creditor"
(73) Secured Party"(B)  A person that holds an agricultural lien.
Cal. Comm. Code § 9622. Effect of acceptance of collateral;
(a) A secured party's acceptance of collateral in full or partial satisfaction of the obligation it secures does all
of the following:
(1) It discharges the obligation to the extent consented to by the debtor.
(2) It transfers to the secured party all of a debtor's rights in the collateral.
(3) It discharges the security interest or agricultural lien that is the subject of the debtor's consent and any
subordinate security interest or other subordinate lien.
(4) It terminates any other subordinate interest.
(b) A subordinate interest is discharged or terminated under subdivision (a), even if the secured party fails to
comply with this division.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this
Attachment are made under penalty of perjury.)*

Page  3  of  6

*(Add pages as required)*

Form Approved for Optional Use
Judical Council of California
MC-025 (Rev. July 1. 2009)

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Janice Champion Affirmative Defenses | HEC1800310 |

ATTACHMENT (Number): **PG. 4 OF 3K**

*(This Attachment may be used with any Judicial Council form.)*

OHLENDORF v. AMERICAN BROKERS CONDUIT No. CIV. S-11-293 LKK/EFB.
"Plaintiff also alleges that Defendant American Brokers Conduit ("Conduit"), the original "'lender' on the Deed of Trust," was "not the actual lender or source of the monies that funded the loan," but instead, "[t]he money to fund the loan came from investors." Id. at 4, ¶ 21. Conduit "acted merely as a broker for the purpose of obtaining Plaintiff's signature on loan documents and . . . [was] never the lender or owner of the beneficial interest in the Deed of Trust or the obligation purportedly secured thereby." Id.

10. Indymac Loan # 1009306984 and Ocwen Loan # 7195901223  Janice Champion is not the Borrower or the Debtor.

11. Deed of Trust on Loan # 08610145 is not a mortgage under §§ 2924, 2924h & 2920 (b) of the Cal. Civ. Code and does not contain any assignments of rents clause.

12. Janice Champion's Agriculture Lien under Cal. Comm. Code § 9622 (a) (1)(2)(3)(4) (b) preempts and terminates any alleged Mortgage Lien and Security Interest of DOOL & ASSOCIATES LLC as a Plaintiff or Lien Holder.

13. Based on Paragraph 9 and the three loans #'s 08610145, 1009306984 and 7195901223 and FAS' 95 STATEMENT OF CASH FLOWS, FAS 102 Statement of Cash Flows—Exemption of Certain Enterprises and Classification of Cash Flows from Certain Securities Acquired for Resale and FAS 140 Accounting for Transfers and Servicing of Financial Assets and Extinguishments of Liabilities by Securitization . PLAINTIFF'S OWE JANICE CHAMPION on the use of Her Financial Products as outlined above in paragraph 9 above,  a total of  576,000.00 in U.S. DOLLARS or Lawful Money of Account plus 10 % interest for a total of 581,760.00 U.S. DOLLARS IN LAWFUL MONEY OF THE UNITED STATES. I am giving Plaintiff's and their counsel  30 days to Pay the above amounts or I will foreclose on the three liens by any Judicial or Non-judicial process as outlined in §§ 9605-9629 of Article 9 of the Cal. Uniform Commercial Code.

14. The alleged de facto Trustees Deed upon Sales of the Plaintiff's violate, the Public Policy of ch. 25, 48 Stat. 31 of the AGRICULTURE ADJUSTMENT ACT OF MAY 12, 1933, no lawful money tendered as value & consideration at closing or Trustees Deed upon Sale a/k/a  Public Law 7310, Public Law No. 10, 73rd Congress Sess. 1, Chpts. 24, 25 & Article 1§10 under the Cal Civil Code §§ 2920, 2924a involves an Estate for Years or an Estate at Will as stated in § 2924a and is defined as a Mortgage in § 2920 of the Cal. Civ. Code, which is a Leasehold Agreement with no written or rental Lease agreement and is a pledge or hypothecation and not a transfer of Title or Ownership at closing with AMERICAN BROKERS CONDUIT on March 21st 2006 and PLAZA MORTGAGE INC. on  October 26th 2006. Neither AMERICAN BROKERS CONDUIT or PLAZA MORTGAGE INC. had Marketable Title to Janice Champion's Real Property at closing. There was no Capital Transfer Tax paid by either AMERICAN BROKERS CONDUIT or PLAZA MORTGAGE INC. on a Cal. Form as (PCOR) BOE-502A as a preliminary change of title or ownership Form at closing.

15. Only a Probate Referee has jurisdiction as a Probate Court  to foreclose on Janice Champions Real Property as stated and reflected in § 726 of the Cal. Code of Civil Procedure  as the One Form of Action for foreclosures and  §580b as a purchase Money Loan with no deficiency judgment  allowed on a Credit Transaction.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __4__ of __6__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AFFIRMATIVE DEFENSES & OBJECTIONS | HEC1800310 |

ATTACHMENT *(Number):* 5 of 3K

*(This Attachment may be used with any Judicial Council form.)*

16. Plaintiffs are Estopped and Excluded from asserting an Estate for Years or an Estate at Will in Trust as a Leasehold Agreement under § 2924 (a) of the Cal. Civ. Code as a transfer, security and interest in property under a power of sale, do to the Language of § 2924 which excepts an Estate for Years, Estate at Will in Trust from the definition of a Leasehold Agreement, a transfer, security or interest in a real property mortgage as an Unlawful Detainer. Plaintiffs DEED OF TRUST is excepted from the definition of a Security Device or Instrument as defined in § 2920 (b) to wit:

"For purposes of Sections 2924 to 2924h, inclusive, "mortgage" also means any security device or instrument, other than a deed of trust, that confers a power of sale affecting real property or an estate for years therein, to be exercised after breach of the obligation so secured, including a real property sales contract, as defined in Section 2985, which contains such a provision."

17. Plaintiffs Notice of Default is invalid as does not contain the following Information or Statements under § 2924 of the Cal Civ. Code;

(1) The trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record, in the office of the recorder of each county wherein the mortgaged or trust property or some part or parcel thereof is situated, a notice of default. That notice of default shall include all of the following:
(A) A statement identifying the mortgage or deed of trust by stating the name or names of the trustor or trustors and giving the book and page, or instrument number, if applicable, where the mortgage or deed of trust is recorded or a description of the mortgaged or trust property.
(B) A statement that a breach of the obligation for which the mortgage or transfer in trust is security has occurred.
(C) A statement setting forth the nature of each breach actually known to the beneficiary and of his or her election to sell or cause to be sold the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default.
(D) If the default is curable pursuant to Section 2924c, the statement specified in paragraph (1) of subdivision (b) of Section 2924c.
(2) Not less than three months shall elapse from the filing of the notice of default.
(3) Except as provided in paragraph (4), after the lapse of the three months described in paragraph (2), the mortgagee, trustee, or other person authorized to take the sale shall give notice of sale, stating the time and place thereof, in the manner and for a time not less than that set forth in Section 2924f.
(4) Notwithstanding paragraph (3), the mortgagee, trustee, or other person authorized to take sale may record a notice of sale pursuant to Section 2924f up to five days before the lapse of the three-month period described in paragraph (2), provided that the date of sale is no earlier than three months and 20 days after the recording of the notice of default.
(5) Until January 1, 2018, whenever a sale is postponed for a period of at least 10 business days pursuant to Section 2924g, a mortgagee, beneficiary, or authorized agent shall provide written notice to a borrower regarding the new sale date and time, within five business days following the postponement. Information provided pursuant to this paragraph shall not constitute the public declaration required by subdivision (d) of Section 2924g. Failure to comply with this paragraph shall not invalidate any sale that would otherwise be valid under Section 2924f. This paragraph shall be inoperative on January 1, 2018.
(6) No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 5 of 6

(Add pages as required)

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. July 1, 2009)

**ATTACHMENT**
to Judicial Council Form

www.courtinfo.ca.gov

| SHORT TITLE: AFFIRMATIVE DEFENSES | CASE NUMBER: HEC1800310 |
|---|---|

MC-025

ATTACHMENT *(Number):* 6 of 3K
*(This Attachment may be used with any Judicial Council form.)*

trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the
beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust,
original trustee or substituted trustee under the deed of trust may record a notice of default or
otherwise commence the foreclosure process except when acting within the scope of authority
designated by the holder of the beneficial interest.
(b) In performing acts required by this article, the trustee shall incur no liability for any good faith error
resulting
from reliance on information provided in good faith by the beneficiary regarding the nature and the amount
of the default under the secured obligation, deed of trust, or mortgage. In performing the acts required by
this article, a trustee shall not be subject to Title 1.6c (commencing with Section 1788) of Part 4.
(c) A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law
regarding the mailing of copies of notices or the publication of a copy of the notice of default or the
personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the
publication of a copy thereof shall constitute prima facie evidence of compliance with these requirements
and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without
notice.
(d) All of the following shall constitute privileged communications pursuant to Section 47:
(1) The mailing, publication, and delivery of notices as required by this section.
(2) Performance of the procedures set forth in this article.
(3) Performance of the functions and procedures set forth in this article if those functions and procedures
are necessary to carry out the duties described in Sections 729.040, 729.050, and 729.080 of the Code
of Civil Procedure.
(e) There is a rebuttable presumption that the beneficiary actually knew of all unpaid loan payments on the
obligation owed to the beneficiary and secured by the deed of trust or mortgage subject to the notice of
default. However, the failure to include an actually known default shall not invalidate the notice of sale and
the beneficiary shall not be precluded from asserting a claim to this omitted default or defaults in a
separate notice of default.
(f) With respect to residential real property containing no more than four dwelling units, a separate document
containing a summary of the notice of default information in English and the languages described in
Section 1632 shall be attached to the notice of default provided to the mortgagor or trustor pursuant to
Section 2923.3.

18 Based on the above Facts Plaintiffs are Estopped under Promissory Estoppel from asserting a claim as an
Unlawful Detainer as they  lack standing as a Real Party of  Interest under § 367 of the Cal. Code of Civ, Proc.

19. Janice Champions Claim is a mandatory Cross Complaint under CAL RULES OF CIVIL PROCEDURE §
428.80 as it arises from the Same Transaction and Occurence as Plaintiffs Claim.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this
Attachment are made under penalty of perjury.)*

Page   6   of   6

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| HG Long<br>474 W. ORANGE SHOW Rd<br>San Bernardino, CA 92408<br>TELEPHONE NO.: FAX NO. *(Optional)*:<br>909 889 5151<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF *RIVERSIDE*
STREET ADDRESS: *880 N. STATE STREET*
MAILING ADDRESS:
CITY AND ZIP CODE: *HEMET 92593*
BRANCH NAME:

PETITIONER/PLAINTIFF: *Dool + Associates*

RESPONDENT/DEFENDANT: *Janice Champion*

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>*HEC 1800310* |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: *1245 S. San Pedro rd*
   *Golden Valley AZ 86413*

3. On *(date)*: *02-21-2018* I mailed from *(city and state)*: *HEMET CA*
   the following **documents** *(specify)*:

   *SEE ATTACHMENT*

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
   (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served:
   b. **Address** of person served:

   ☑ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served) (POS-030(P))*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: *2-21-18*

*Pat O'Neill*
_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ *Pat O'Neill*
_____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |
|---|---|---|

RECORDING REQUESTED BY:
SOUTHLAND TITLE OF SAN DIEGO

Recording Requested By:
PLAZA HOME MORTGAGE, INC.

Return To:
PLAZA HOME MORTGAGE, INC.

5090 SHOREHAM PLACE #206
SAN DIEGO, CA 92122

Prepared By:

PLAZA HOME MORTGAGE, INC.
5090 SHOREHAM PLACE #206
SAN DIEGO, CA 92122
(858) 346-1200

DOC # 2006-0803949
11/01/2006 08:00A Fee:54.00
Page 1 of 16
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|------|------|------|-----|------|
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |

36356566

[Space Above This ...]

## DEED OF TRUST

LOAN NO.: 08610145
ESCROW NO.: ANC1013-MFI1

MIN  10010980000467988
MERS Phone: 1-888-679-6377

T 031

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated           OCTOBER 28, 2006
together with all Riders to this document.
(B) "Borrower" is
JANICE CHAMPION, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY

Borrower's address is 46601 BAUTISTA CANYON ROAD, HEMET, CA 92544-
Borrower is the trustor under this Security Instrument.
(C) "Lender" is
PLAZA HOME MORTGAGE, INC.

Lender is a  CORPORATION
organized and existing under the laws of  CALIFORNIA

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3005  1/01
V-6A(CA) (0207).01                         Page 1 of 15          LENDER SUPPORT SYSTEMS, INC MERS6ACA.NEW (05/06)

Exhibit 3

Lender's address is
5090 SHOREHAM PLACE #206, SAN DIEGO, CA 92122

(D) "Trustee" is
LAND AMERICA - SOUTHLAND TITLE

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated       OCTOBER 26, 2006
The Note states that Borrower owes Lender

ONE HUNDRED NINETY TWO THOUSAND AND NO/100 X X X X X X X X X X X X X X X X X X X X

                                                                              Dollars

(U.S. $ 192,000.00                    ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than    NOVEMBER 01, 2036

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "RIDERS" means all riders to this Security Instrument that are executed by Borrower. The following riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider              ☐ 1-4 Family Rider
☐ Graduated Payment Rider  ☐ Planned Unit Development Rider ☐ Biweekly Payment Rider
☐ Balloon Rider            ☐ Rate Improvement Rider         ☐ Second Home Rider
☐ Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments, and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

V-6A(CA) (0207).01                        Page 2 of 15                        Form 3005  1/01

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of RIVERSIDE :

[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

SEE COMPLETE LEGAL DESCRIPTION DESCRIBED IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 555-300-022-2                    which currently has the address of

46601 BAUTISTA CANYON ROAD                    [Street]

HEMET                    [City] , California        92544-        [Zip Code]

("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

V-6A(CA) (0207).01                    Page 3 of 15                    Form 3005  1/01

of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than twelve monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than twelve monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

V-6A(CA) (0207).01                               Page 6 of 15                               Form 3005  1/01

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at·least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

V-6A(CA) (0207).01                                   Page 7 of 15                                   Form 3005  1/01

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) **Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

V-6A(CA) (0207).01                          Page 8 of 15                          Form 3005  1/01

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender

V-6A(CA) (0207).01                          Page 9 of 15                          Form 3005  1/01

to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

EXHIBIT C, Page 40 of 58

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. Statement of Obligation Fee. Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any RIDER executed by Borrower and recorded with it.

Witnesses:

_____
                                            -Witness

_____
                                            -Witness


_Janice M. Champion_____ (Seal)          _____ (Seal)
JANICE CHAMPION            -Borrower                                -Borrower

_____ (Seal)             _____ (Seal)
                        -Borrower                                  -Borrower

_____ (Seal)             _____ (Seal)
                        -Borrower                                  -Borrower

_____ (Seal)             _____ (Seal)
                        -Borrower                                  -Borrower

State of CALIFORNIA
County of San Diego

On October 26, 2006          before me, Ryan S. Day, notary public 

personally appeared

JANICE CHAMPION

, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.



RYAN S. DAY
Commission # 1479194
Notary Public - California
San Diego County
My Comm. Expires Mar 27, 2008

_____ (Seal)

V-8A(CA) (0207).01                    Page 15 of 15                    Form 3005  1/01



ORDER NO. 36356566

**EXHIBIT "A"**

Parcel 1 of Parcel Map No. 10396, in the County of Riverside, State of California, as shown by Map on file In Book 72, Page(s) 70 and 71 of Parcel Maps, Records of Riverside County, California.

3

This must be in red to be a
"CERTIFIED COPY"

I hereby certify the foregoing instrument to which this stamp has been affixed consisting of ___16___ pages to be a full, true and correct copy of the original on file and of record in my office.

Assessor - County Clerk - Recorder

County of Riverside, State of California

Dated: FEB 2 7 2018

Certification must be in red to be a
"CERTIFIED COPY"

DOC # 2017-0333582
08/14/2017 08:00 AM Fees: $37.00
Page 1 of 5
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Recording requested by:
Quality Loan Service Corp

**Title365**
When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: CAROL #914

TS No.: **CA-17-776480-RY**
Order No.: **730-1706695-70**
APN No.: **555-300-022-2**

Space above this line for Recorder's use

# IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE
COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code § 2923.3)
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY
COURT ACTION,** and you may have the legal right to bring your account in good standing
by paying all of your past due payments plus permitted costs and expenses within the time
permitted by law for reinstatement of your account, which is normally five business days prior to
the date set for the sale of your property. No sale date may be set until approximately 90 days
from the date this Notice of Default may be recorded (which date of recordation appears on this
notice). This amount is **$11,899.36** as of **8/10/2017** and will increase until your account becomes
current.

While your property is in foreclosure, you still must pay other obligations (such as
insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make
future payments on the loan, pay taxes on the property, provide insurance on the property, or pay
other obligations as required in the note and deed of trust or mortgage, the beneficiary or
mortgagee may insist that you do so in order to reinstate your account in good standing. In
addition, the beneficiary or mortgagee may require as a condition of reinstatement that you
provide reliable written evidence that you paid all senior liens, property taxes, and hazard
insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization
of the entire amount you must pay. You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at the
time payment is made. However, you and your beneficiary or mortgagee may mutually agree in

Exhibit 4

DOC #2017-0333582  Page 2 of 5

TS No.: **CA-17-776480-RY**

writing prior to the time the notice of sale is posted (which may not be earlier than three-months after this Notice of Default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**LAKEVIEW LOAN SERVICING, LLC**
**C/O Quality Loan Service Corporation**
**411 Ivy Street**
**San Diego, CA 92101**
**619-645-7711**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN:  That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **10/26/2006**, executed by **JANICE CHAMPION, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY**, as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR PLAZA HOME MORTGAGE, INC., ITS SUCCESSORS AND ASSIGNS**, as beneficiary, recorded **11/1/2006**, as Instrument No. **2006-0803949**,    of Official Records in the Office of the Recorder of **RIVERSIDE** County, **California** describing land therein:  **as more fully described in said Deed of Trust.**

Said obligations including 1 NOTE(S) FOR THE ORIGINAL sum of **$192,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

> **The installments of principal and interest which became due on 3/1/2017, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of**

TS No.: **CA-17-776480-RY**

**Trust pursuant to the terms of the loan documents.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Pursuant to the attached Declaration, the mortgage servicer declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.55 or § 2923.5, or is otherwise exempt from the requirements of § 2923.55 and §2923.5.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dated: O 8/10/2017

**Quality Loan Service Corp., Trustee**

By: Stefano Encarnacion, Assistant Secretary.



CENTRAL LOAN ADMINISTRATION & REPORTING

February 23, 2017

Janice Champion
46601 Bautista Canyon Rd
Hemet CA 92544

RE: Loan Number: ███████
Property Address: 46601 Bautista Canyon Rd
Hemet CA 92544

### DECLARATION

The undersigned beneficiary or their authorized agent for the beneficiary hereby represents and declares as follows:

1. ____ On DATE OF CONTACT the beneficiary or their authorized agent contacted the borrower(s) to assess their financial situation and to explore options to avoid foreclosure. During this contact the borrower(s) was advised he or she has the right to schedule a follow-up meeting to occur within 14 days. Further, the borrower(s) was provided the toll-free telephone number to find a HUD-certified housing counseling agency.

2. _X_ No contact was made with the borrower despite the due diligence of beneficiary or their authorized agent pursuant to California Civil Code 2923.55(f), including (a) Mailing a first-class letter to the borrower(s) which included a toll free number to contact a HUD-certified housing counseling agency; (b) Attempting to contact the borrower(s) by telephone at the primary telephone number on file at least three times at different hours and on different days, or determining that the primary and secondary phone numbers on file were disconnected; and (c) Having received no response from the borrower(s) for 14 days after the telephone contact efforts were complete, an additional letter was sent to the borrower(s) via certified mail, with return receipt requested.

3. ____ The borrower has surrendered the secured property as evidenced by a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, their authorized agent or the trustee.

XC179 040 RQG A7

877-681-7316 • www.loanadministration.com

EXHIBIT C, Page 50 of 58

Page 2
Loan Number: ███████

4. ___ The beneficiary or their authorized agent has evidence and reasonably believes that the borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual obligations to beneficiaries.

5. ___ The beneficiary or their authorized agent has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit; there is no order on the court's docket closing or dismissing the bankruptcy case.

6. ___ The provisions of California Civil Code 2923.55 do not apply because  .

The undersigned instructs the trustee to proceed with non-judicial foreclosure proceedings and expressly authorizes the trustee or their authorized agent to sign the notice of default containing the declaration re: contact required pursuant to California Civil Code 2923.55.  I certify (or declare) under penalty or perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____ 2/25/17 _____

By: _____

Valerie Walker Collector
Compliance Loan Counselor

XC179 040 RQG A7

This must be in red to be a
"CERTIFIED COPY"

I hereby certify the foregoing instrument to which this stamp has been affixed consisting of ___5___ pages to be a full, true and correct copy of the original on file and of record in my office.

Assessor - County Clerk - Recorder

County of Riverside, State of California

Dated: FEB 2 7 2018

Certification must be in red to be a
"CERTIFIED COPY"

DOC # 2017-0483006
11/17/2017 10:38 AM Fees: $28.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

Recording requested by:
Quality Loan Service Corp.
Title365
When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: CAROL #914

---

TS No.  CA-17-776480-RY
Order No.: 730-1706695-70

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE
COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code 2923.3)
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 10/26/2006.  UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED
AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn
by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings
association, or savings bank specified in Section 5102 to the Financial Code and authorized to do business in this
state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or
implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by
the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the
Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the
initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on
the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor(s):  **JANICE CHAMPION, A MARRIED WOMAN, AS HER SOLE AND SEPARATE
PROPERTY**

Recorded:  **11/1/2006** as Instrument No. **2006-0803949**   of Official Records in the office of the
Recorder of **RIVERSIDE** County, California;

Date of Sale:  **12/21/2017 at 9:00 AM**

Place of Sale:  **At the front entrance of the former Corona Police Department, located at 849 W. Sixth
Street, Corona, CA 92882**

Amount of unpaid balance and other charges: **$178,273.40**

The purported property address is:   **46601 BAUTISTA CANYON RD, HEMET, CA 92544**

Assessor's Parcel No.: **555-300-022-2**

Exhibit 5

TS No.:  **CA-17-776480-RY**

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 916-939-0772 for information regarding the trustee's sale or visit this Internet Web site **http://www.qualityloan.com**, using the file number assigned to this foreclosure by the Trustee: **CA-17-776480-RY**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee.  This shall be the Purchaser's sole and exclusive remedy.  The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Date:

NOV 1 5 2017

**Quality Loan Service Corporation**
**411 Ivy Street**
**San Diego, CA 92101**
**619-645-7711 For NON SALE information only**
**Sale Line: 916-939-0772**
**Or Login to: http://www.qualityloan.com**
**Reinstatement Line: (866) 645-7711 Ext 5318**

Quality Loan Service Corp. by: Daisy Rios, Assistant Secretary

This must be in red to be a
"CERTIFIED COPY"

I hereby certify the foregoing instrument to
which this stamp has been affixed consisting
of _2_ pages to be a full, true and
correct copy of the original on file and
of record in my office.

Assessor - County Clerk - Recorder
County of Riverside, State of California

Dated: FEB 2 7 2018

Certification must be in red to be a
"CERTIFIED COPY"

ACCOMMODATION
SENT TO RECORDER PER REQUEST OF THE PARTIES HEREIN.
IT HAS NOT BEEN EXAMINED AS TO ITS EFFECT AND VALIDITY

**DOC # 2018-0003460**
01/04/2018 08:00 AM Fees: $47.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: ALYCIA #778

Recording requested by:

When recorded mail to:

**DOOL AND ASSOCIATES
40486 YARDLEY COURT
TEMECULA, CA 92591**
Forward tax statements to the address given above

TS No.: CA-17-776480-RY
Order No.: 730-1706695-70

Space above this line for recorders use

TRA 011-012

# Trustee's Deed Upon Sale

A.P.N.: 555-300-022-2

THE UNDERSIGNED GRANTOR DECLARES:

The grantee herein **WASNT** the foreclosing beneficiary.
The amount of the unpaid debt together with costs was:                                    **$181,780.91**

The amount paid by the grantee at the trustee sale was:                                   **$181,800.92**
The documentary transfer tax is:                                                  $   **200.20**
Said property is in the City of: **HEMET**, County of **RIVERSIDE**

**QUALITY LOAN SERVICE CORPORATION** as Trustee, (whereas so designated in the Deed of Trust
hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to:

**DOOL AND ASSOCIATES**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of
**RIVERSIDE**, State of California, described as follows:

**PARCEL 1 OF PARCEL MAP NO. 10396, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA,
AS SHOWN BY MAP ON FILE IN BOOK 72, PAGE(S) 70 AND 71 OF PARCEL MAPS, RECORDS OF
RIVERSIDE COUNTY, CALIFORNIA.**
COMMONLY KNOWN AS: 46601 BAUTISTA CANYON ROAD, HEMET, CA 92544
This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **JANICE
CHAMPION, A MARRIED WOMAN, AS HER SOLE AND SEPARATE PROPERTY**, as trustor, dated
10/26/2006, and recorded on 11/1/2006 as Instrument No. 2006-0803949 of Official Records in the office of the
Recorder of **RIVERSIDE**, California, under the authority and powers vested in the Trustee designated in the Deed
of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of
Breach and Election to Sell under the Deed of Trust recorded on 8/14/2017, instrument no 2017-0333582, of
Official records. The Trustee of record at the relevant time having complied with all applicable statutory
requirements of the State of California and performed all duties required by the Deed of Trust including sending a

Mail Tax Statement to Return Address Above

Exhibit 6

DOC #2018-0003460  Page 2 of 2

Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on **12/21/2017** at the place named in the Notice of Sale, in the County of **RIVERSIDE**, California, in which the property is situated.  Grantee, being the highest bidder at such sale, became the purchaser of said property and paid therefore to said trustee the amount being **$181,800.92** in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TS No.: CA-17-776480-RY

Date: 12/26/17

QUALITY LOAN SERVICE CORPORATION

By:  Caitlan McMullen, Assistant Secretary

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: **California**)

County of: **San Diego**)

On 12-26-17 before me, R. Moore a notary public, personally appeared Caitlan McMullen who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.          (Seal)

Signature

R. MOORE
Notary Public – California
San Diego County
Commission # 2195762
My Comm. Expires May 6, 2021

This must be in red to be a
"CERTIFIED COPY"

I hereby certify the foregoing instrument to
which this stamp has been affixed consisting
of __2__ pages to be a full, true and
correct copy of the original on file and
of record in my office.

Assessor - County Clerk - Recorder

County of Riverside, State of California

Dated: FEB 2 7 2018

Certification must be in red to be a
"CERTIFIED COPY"

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 1 4 2018

1
2
3
4
5
6
7
8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF RIVERSIDE-HEMET**

10

11   DOOL & ASSOCIATES LLC,              )   **CASE NO.** HEC1800310
                                          )
12           Plaintiff,                   )   LIMITED JURISDICTION
                                          )
13   vs.                                  )   ORDER
                                          )
14   JANICE CHAMPION, et al.,             )
                                          )
15           Defendants.                  )
                                          )
16                                        )
                                          )
17                                        )
                                          )
18                                        )
                                          )
19   ─────────────────────────────       )

20   This matter came on regularly for hearing on _____3|14_____ 2018 before the

21   Honorable **** Commissioner Kathleen Jacobs in Department ** of the above-entitled Court. _____ of

22   the Law Office of H.G. Long & Associates appeared for Plaintiff;

23   _____ appeared for Defendant. The court having read and

24   considered all moving, opposing and reply papers, if any, and having heard the argument of counsel

25

26   and parties, and it appearing that good cause exists for the following order,

27

28

                                        **ORDER**                                        1

1    IT IS ORDERED that the motion for summary judgment of DOOL & ASSOCIATES LLC be,

2  and it hereby is granted and that a judgment may be entered pursuant thereto.  The Court finds that

3  Plaintiff met the burden of proof to establish the prima facie elements of the case pursuant to C.C.P.,

4

5  Section 1161a, and that Defendant failed to present competent evidence to create or raise a triable

6  issue of material fact.  Judgment may be entered pursuant to this Order.

7  DATED:  3/14/18

8

9                                           _____

10                                          ~~JUDGE~~ OF SUPERIOR COURT

11                                          Commissioner

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

2

**PROOF OF SERVICE BY OVERNIGHT DELIVERY**
(1013A, 2015.5 C.C.P.)

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my address is 474 West Orange Show Road, San Bernardino, California 92408. The matters contained in this declaration are known to me personally and if called upon to testify as to such matters under oath in a court of law, I could and would do so competently.

On March 6, 2018, I served the attached [proposed] ORDER on the DEFENDANT in said action by placing a true copy thereof enclosed in a sealed envelope designated by the GSO delivery service, delivered to a courier authorized to receive documents on behalf of said delivery service, with the fees for delivery paid and provided for OVERNIGHT NEXT DAY DELIVERY, with the papers addressed to:

Janice Champion
46601 Bautista Road
Hemet, CA 92544

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 6, 2018 at San Bernardino, California.

B. THOMPSON
Declarant

**ORDER**

3

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 1 4 2018

Lenauts

CB2

MAR 16 2018

1

2

3

4

5

6

7

8       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9       **FOR THE COUNTY OF RIVERSIDE-HEMET**

10

11   DOOL & ASSOCIATES LLC,                )   **CASE NO.** HEC1800310
                                               )
12          Plaintiff,                         )   LIMITED JURISDICTION
                                               )
13   vs.                                       )   JUDGMENT
                                               )
14   JANICE CHAMPION, et al.,                  )
                                               )
15          Defendants.                        )
                                               )
16                                             )
                                               )
17                                             )
                                               )
18                                             )
                                               )
19                                             )

20          The motion of Plaintiff, DOOL & ASSOCIATES LLC, for summary judgment having been

21   granted, and the default of all non-appearing defendants and unnamed occupants having been entered,

22   and it appearing to the Court that good cause exists for the entry of a judgment,

23          **IT IS ORDERED, ADJUDGED and DECREED** that Plaintiff, DOOL & ASSOCIATES

24   LLC, be, and it hereby is, awarded possession and restitution of, and forfeiture of any lease or rental

25   agreement at, the premises commonly known as 46601 Bautista Road, Hemet, California 92544

26   (Riverside County) against Defendant, JANICE CHAMPION,  Judgment applies to all occupants of

27

28

---

**JUDGMENT**                                                                                1

1   the premises including tenants, subtenants if any, and named claimants, if any (Code of Civil

2   Procedure, Sections 715.010, 1169 and 1174.3)

3       **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff, DOOL &

4   ASSOCIATES LLC, be, and it hereby ~~is, awarded fair market rental value damages at the rate~~ of

5

6   ~~$67.86 per day for the period commencing February 6, 2018~~ up through entry of judgment, or a total

7   of $ _____, plus costs of suit to be sought by memorandum of costs, against

8   Defendant, JANICE CHAMPION.

9       The Clerk is ordered to enter the judgment.

10

11  DATED: 3/14/18 .

12

13  ~~JUDGE~~ OF SUPERIOR COURT

14  Commissioner

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**JUDGMENT**                                                          2

**PROOF OF SERVICE BY OVERNIGHT DELIVERY**
(1013A, 2015.5 C.C.P.)

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my address is 474 West Orange Show Road, San Bernardino, California 92408. The matters contained in this declaration are known to me personally and if called upon to testify as to such matters under oath in a court of law, I could and would do so competently.

On March 6, 2018, I served the attached [proposed] JUDGMENT on the DEFENDANT in said action by placing a true copy thereof enclosed in a sealed envelope designated by the GSO delivery service, delivered to a courier authorized to receive documents on behalf of said delivery service, with the fees for delivery paid and provided for OVERNIGHT NEXT DAY DELIVERY, with the papers addressed to:

Janice Champion
46601 Bautista Road
Hemet, CA 92544

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 6, 2018 at San Bernardino, California.

B. THOMPSON
Declarant

**JUDGMENT**

3

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☒ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☒ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☒ **HEMET** 880 N. State St., Hemet, CA 92543
☒ **INDIO** 46-200 Oasis St., Indio, CA 92201

☒ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☒ **MURRIETA** 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
☒ **TEMECULA** 41002 County Center Dr., Ste. 100, Temecula, CA 92591

RI-CI034

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)<br>GEORGE CHAMPION<br>46601 BAUTISTA ROAD<br>HEMET, CA 92544 | FOR COURT USE ONLY |
| TELEPHONE NO:                    FAX NO. (Optional): | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>MAY - 2 2018<br>K. Gutknecht |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): PRO PER | |

PLAINTIFF/PETITIONER:   DOOL & ASSOCIATES LLC

DEFENDANT/RESPONDENT:   JANICE CHAMPION

| | | CASE NUMBER:<br>HEC1800310 |
|---|---|---|
| Hearing Date:<br>05/02/18 | Time:<br>08:30 | Department:<br>H1 |

### ORDER ON CLAIM OF RIGHT TO POSSESSION

The claim of right to possession by:   GEORGE CHAMPION                                          came regularly

for hearing before the Honorable   COMMISSIONER KATHLEEN JACOBS         on   05/02/18

☑ Appearance by or on behalf of Plaintiff(s)        ☑ Claimants

☐ No Appearance by or on behalf of claimant(s).

☐ **The claim of right to possession is GRANTED:**

　☐ The claimant will be added as a defendant to the case.

　☐ The claimant will be given 3 days to make the rent current.

　☐ The claimant will be given 5 days to answer the complaint

　☐ The claimant will be deemed served with the 3 day notice and complaint.

☑ **The claim of right to possession is DENIED:**

　☑ The court finds that claimant(s) has/have no valid claim of possession.

　☑ The levying officer may enforce the Writ of Possession of real property as against any occupant or occupants.

The clerk is hereby directed to provide the levying officer with a certified copy of this order forthwith.

IT IS HEREBY ORDERED and directed that the levying officer proceed with enforcement of the writ of possession of real property upon any and all occupants of the real property and in compliance with the provisions set forth in CCP § 1174.3(f)

Date:   5/2/18 .                                   _____
                                                                    (JUDGE OF THE SUPERIOR COURT)

Page 1 of 1

| | | |
|---|---|---|
| Approved for Optional Use<br>Riverside Superior Court<br>RI-CI034 [Rev. 07/29/13] | **ORDER ON CLAIM OF RIGHT TO POSSESSION** | Code of Civil Procedure § 1174.3<br>riverside.courts.ca.gov/localforms/localfrms.shtml |