KIRSTEN B. SHEA, Deputy County Counsel (SBN 241469)
3960 Orange Street, Suite 500
Riverside, CA 92501-3674
Telephone: (951) 955-6300
Facsimile: (951) 955-6363
Email: kshea@rivco.org

Attorneys for Defendant, STANLEY SNIFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.E.C., DEPT OF TREASURY, C.R.I.S. EX REL, JANICE CHAMPION REALTRIX,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>PLAZA HOME MORTGAGE INC., TRUSTEE LAND AMERICA-SOUTH LAND TITLE, KATHLEEN JACOBS, DOOL & ASSOCIATES, HG LONG & ASSOCIATES, JOSEPH VALDEZ and LIBERTY FUND LLC., STANLEY SNIFF, C BRIZONE, SP STRATEGIC ACQUISITIONS, LLC,<br><br>　　　　　　Defendants. | Case No. **5:18-cv-00866-VAP-FFM**<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANT STANLEY SNIFF; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[F.R. Civ.P. Rules 12(b)(6)]<br><br>*[Filed concurrently with Defendant Sheriff Sniff's Request for Judicial Notice; and Proposed Order]*<br><br>Date: July 9, 2018<br>Time: 2:00 p.m.<br>Dept: 8th Floor, Courtroom 8A<br>Judge: Hon. Virginia A. Phillips<br><br>Amended Complaint Filed: May 4, 2018 |

TO PLAINTIFF JANICE CHAMPION IN PRO SE:

　　　NOTICE IS HEREBY GIVEN that on July 9, 2018, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 8A, 8th Floor, of the above entitled court located at 350 West 1st Street, Los Angeles, CA 90012. Defendant Sheriff Stanley Sniff, will and hereby does move this court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for a dismissal of the First Amended Complaint on the following grounds:

---

1

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANT SHERIFF STAN SNIFF; MEMORANDUM OF POINTS AND AUTHORITIES**

1. The First Amended Complaint fails to state any claim upon which relief could be granted against Defendant Stanley Sniff;

2. The First Amended Complaint is uncertain as against Defendant Stanley Sniff.

This Motion is based upon this notice of motion, the attached memorandum of points and authorities, a request for judicial notice filed concurrently herewith, and all pleadings and papers on file in this action, and upon such other matters as the court may allow to be presented at the time of the hearing on this matter.

Pursuant to L.R. 7-3, I contacted Plaintiff by letter correspondence on May 15, 2018 and also by telephone on May 22, 2018, and by email correspondence on the same date, regarding my plan to file a Motion to Dismiss. I explained my reasons for the Motion to Dismiss to Plaintiff and I requested that she consider a dismissal of Sheriff Sniff. Plaintiff did not agree to dismiss him at that time. During our telephone call, Plaintiff referenced an underlying unlawful detainer action in the Riverside Superior Court and provided to me the case number HEC1800310. I have included the Superior Court Registrar of the action for case number HEC1800310 and a copy of the Return of Writ of Possession as exhibits to the Request for Judicial Notice filed concurrently with this Motion.

Dated: June 5, 2018

By: /s/
KIRSTEN B. SHEA
Deputy County Counsel
Attorneys for Defendant, STAN SNIFF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The First Amended Complaint ("FAC") fails to state any cause of action against defendant Stanley Sniff. It is impossible to discern precisely why Plaintiff is suing Stanley Sniff who is the Sheriff-Coroner for the County of Riverside's Sheriff's Department and, under what theory.

## II.

## PROCEDURAL BACKGROUND

Plaintiff filed her initial complaint in this action on April 25, 2018. (Docket No. 1). On May 4, 2018, Plaintiff filed with this Court a proof of service on Defendant Stanley Sniff for service of the original complaint. On the same date, May 4, 2018, Plaintiff filed her First Amended Complaint for Violation of the Federal and California Securities Laws on May 4, 2018. Plaintiff Janice Champion lists herself and the Securities and Exchange Commission as Plaintiffs. (FAC, Page 1, Caption). Counsel for Defendant Sheriff Stanley Sniff agreed to accept service of the First Amended Complaint on May 22, 2018.

## III.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a statement of claim for relief. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In determining whether a case fails to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996).

However, a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

A court may also consider the exhibits attached to the complaint in deciding the sufficiency of a plaintiff's claims for relief. <u>Rouse v. United States Dep't of State</u>, 548 F.3d 871, 879 n.10 (9th Cir. 2008) ("The complaint includes all exhibits attached thereto."), opinion amended on other grounds at 567 F.3d 408 (9th Cir. 2009); <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (documents attached to a complaint are incorporated therein by reference). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).

## IV.
## PLAINTIFF'S ALLEGATIONS

**A. The Underlying Unlawful Detainer Action**

In reviewing Plaintiff's First Amended Complaint and the judicially noticed exhibits, this federal action appears to arise from Plaintiff Janice Champion's dissatisfaction of the results of a prior unlawful detainer action brought by Dool & Associates LLC, against her on February 14, 2018, in Riverside Superior Court, Case No. HEC1800310. (Request for Judicial Notice filed by Defendant Sheriff Sniff, Exhibit 1 which is a true and correct copy of the Registrar of Actions for the Riverside County Superior Court Case No. HEC1800310).

In the unlawful detainer action, the Superior Court granted summary judgment on the complaint of Dool & Associates LLC and against Janice Champion on March 14, 2018. The judgment was for possession only of property located at 46601 Bautista Rd., Hemet, CA 92544. (<u>Id</u>.) The Superior Court issued a Writ of Possession for Riverside County on March 28, 2018, and the Writ of Possession was returned satisfied by the Riverside County Sheriff's Department on May 11, 2018. (<u>Id</u>.) The Return of the Writ of Possession was signed by an

authorized agent on behalf of Sheriff-Coroner of the Riverside County Sherriff's Office Stanley Sniff. (Request for Judicial Notice filed by Defendant Sheriff Sniff, Exhibit 2, which is a true and correct copy of the Return of Writ of Possession filed with the Riverside Superior Court on May 11, 2018 for Case No. HEC 180031).

**B. Plaintiff's Federal Securities Law Allegations In Her Federal Complaint**

In her First Amended Complaint, Plaintiff alleges causes of action under various federal securities laws including the Securities Act of 1933 and the Securities Exchange Act of 1934[1]. ("FAC", Document Number 26, Page 1.)

In Plaintiff's First Amended Complaint she states that this case involves the "Marking, Securitization, Sale, Transfer and Conveyance of Unregistered Securities". (FAC, Page 2, Para 3). Plaintiff's sole allegation against Sheriff Sniff is located on page 3 of the First Amended Complaint wherein she alleges that he participated in raising $24.5 million from investors by selling unregistered securities in the form of promissory notes. (FAC, Page 3-4, Para 6). Further, Plaintiff alleges that defendants engaged in "DARK pools" and fraudulent "prime bank" schemes. (FAC, Page 4, Para 8).

Further, Plaintiff alleges that the defendants were misappropriating funds. (FAC, Page 11, Para 45-52). Plaintiff alleges a total of three separate causes of action or counts in her First Amended Complaint. The first is for violation of unregistered offer and sale of securities in violation of Section 5(a) and 5(c) of the Securities Act. (FAC, Page 14). The second claim is that Defendants engaged in fraud in the offer or sale of securities in violation of Section 17(a) of the Securities Act. (FAC, Page 15). The third claim is fraud in connection with the purchase or sale of securities. (FAC, Page 16). She does not specify whether Sheriff Sniff is included as a defendant as to each of these three cause of action.

---

[1] It appears that Plaintiff cited former statutory provisions in her First Amended Complaint. For example, she cites the Securities Act of 1933, formerly Ch. 38, Title I, Section 1, 48 Stat. 74. This statute is now referenced as 15 U.S.C.A. Section 77(a) et seq. In addition, the Securities Exchange Act of 1934 formerly Ch. 404, Title I, Section 1, 48 Stat. 881, is now referenced as 15 U.S.C.A. Section 78(a). She also cites sections 20(b), 20(d) and 22(a), and these provisions are now referenced as 15 U.S.C.A. section 77(t) and 15 U.S.C.A. section 77(u). She cites to Sections 21(d)(1), (d)(3)(A), 21(e) and 27 of the Securities Exchange Act, which is now known as 15 U.S.C.A. Section 78u-4, 78u-5 and 78aa. Lastly, Plaintiff cites 15 U.S.C.A. sections 78u(d)(1), (d)(3)(A), 78u(e) and 78aa, which are the current citations.

# V.

# THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST STANLEY SNIFF

**A. Plaintiff Janice Champion Does Not Have Authority To Sue On Behalf of The U.S. Securities and Exchange Commission.**

There are two Plaintiffs listed in this lawsuit. The first is listed as the "Securities and Exchange Commission" as well as "the Relator" is Janice Champion. (FAC, Page 1, Caption). It appears that the complaint and subsequent filings were completed by Janice Champion only. There is no law or fact provided by Plaintiff in her initial complaint and First Amended Complaint that shows she has the capacity to sue on behalf of the U.S. Securities and Exchange Commission. (See Federal Rule 17).

**B. This Court Lacks Subject Matter Jurisdiction To Review Action Taken In the State Court Regarding The Unlawful Detainer Action.**

It appears Plaintiff Janice Champion is challenging the state court judgment in the unlawful detainer action. For example, Plaintiff has named as defendants Kathleen Jacobs who is a Riverside Superior Court Judge that presided over the Unlawful Detainer case, as well as Dool & Associates which was the plaintiff in that state court action. (FAC, Page 1, Caption; see also Exhibit 1 of the Request for Judicial Notice). In addition, Plaintiff attached a Form 4810 Request[2] to her First Amended Complaint which references a property listed as 46601 Bautista Canyon Road, Hemet, California, 92544. This property address is the same as the one subject to the unlawful detainer action in the Riverside Superior Court which was decided against Janice Champion on a motion for summary

---

[2] According to the Internal Revenue Service website, this form is used by a fiduciary representing a dissolving corporation or a decedent's estate files this form to request a prompt tax.  https://www.irs.gov/forms-pubs/about-form-4810

judgment. (Id.) In review of the state court docket, Stanley Sniff is only listed on the Return of the Writ of Possession for the property which was filed with the state court regarding the unlawful detainer action. (Request for Judicial Notice, Exhibit 2).

The issuance of a writ of possession in California is covered by California State Law pursuant to California Code of Civil Procedure section 712.00 and 715.00. According to Code of Civil Procedure Section 715.010, if a judgment is entered against a defendant in an unlawful detainer action and it becomes final, the state court will issue a writ of possession to the landlord. CCP Section 715.010. In reviewing the Superior Court Registrar of Actions, it appears that the Riverside Superior Court issued a Writ of Possession and it was completed by the Riverside County Sheriff's Department who filed a Return of the Writ on May 11, 2018 with the State Court. This Return of Writ was signed on behalf of Sheriff-Coroner Stanley Sniff.

"The Rooker-Feldman doctrine forbids a losing party in a state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of the judgment." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013), citing Skinner v. Switzer, 562 U.S. 521, 531-32 (2011)). Thus, a federal district court may not exercise subject matter jurisdiction over an action that is operating as a de facto appeal from the state court. Id.

Federal district courts are prohibited from deciding not only issues decided by state court, but also any other issues that are "inextricably intertwined" with an issue resolved by the state court decision. Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003). To determine whether an action functions as a de facto appeal, the court must assess the relief sought by the federal-court plaintiff. Cooper v. Ramos, 704 F.3d 772, 777-778 (9th Cir. 2012) citing Bianchi v. Raylarrsdam, 334 f. 3D. 895. 900 (9TH Cir. 2003). "For an issue to be inextricably intertwined with a state court claim, there must have been a reasonable opportunity to raise the issue in the state proceedings. Housing Rights Center v. Sterling,

404 F. Supp. 2d 1179, 1186 (C.D. Cal. 2004), citing Long v. Shorebank Develop Corp., 182 F.3d 548, 558 (7th Cir. 1999).

Therefore, it appears that the only involvement involving Stanley Sniff had with regards to Plaintiff Janice Champion was with the Return of the Writ of Possession which was signed on his behalf as the Sheriff-Coroner for the County of Riverside's Sheriff's Department as ordered by the State Court. (Request for Judicial Notice, Exhibits 1 and 2). Plaintiff's objection to the underlying unlawful detainer action cannot be the subject of litigation in federal court based upon the Rooker-Feldman doctrine. Therefore, the First Amended Complaint fails to state any facts to allege a cause of action against Stanley Sniff and he should be dismissed from this case with prejudice.

## V.
## CONCLUSION

Plaintiff's First Amended Complaint fails to state any facts from which relief could be granted against defendant Stanley Sniff. Thus, for the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed against defendant Stanley Sniff.

Dated:  June 5, 2018

By: /s/
KIRSTEN B. SHEA
Deputy County Counsel
Attorneys for Defendant,
STANLEY SNIFF

# PROOF OF SERVICE
## United States District Court Case No. 5:18-cv-00866-VAP-FFM

I, the undersigned, say that I am a citizen of the United States and am employed in the county of Riverside, over the age of 18 years and not a party to the within action or proceeding; that my business address is: 3960 Orange Street, Suite 500, Riverside, CA 92501-3611.

On ___June 5, 2018___, a true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANT STANLEY SNIFF; MEMORANDUM OF POINTS AND AUTHORITIES** was served on all parties pursuant to FRCivP 5(b) as follows:

| | |
|---|---|
| Janice Champion<br>46601 Bautista Canyon Road<br>Hemet, CA 92544<br>T: 951-260-0138<br>Email: ausgeglichen@aol.com<br>In Pro Per | John D. Alessio<br>Sean Michael Sullivan<br>Procopio Cory Hargreaves and Savitch<br>525 B. Street, Suite 220<br>San Diego, CA 92101<br>T: 619-238-1900<br>F: 619-235-0398<br>Email:<br>john.alessio@procopio.com<br>sean.sullivan@procopio.com<br>Attorneys for Defendant,<br>Plaza Home Mortgage |
| Elkanah J. Burns<br>Law Offices of Elkanah J. Burns<br>847 North Hollywood Way, Suite 201<br>Burbank, CA 91505<br>T: 818-840-8889<br>F: 818-840-2708<br>Email: elkanah@convergenz.com<br>Attorneys for Defendant Liberty Fund LLC | |

☒ TO BE SERVED BY THE COURT VIA THE NOTICE OF ELECTRONIC FILING (NEF).    Pursuant to L.R. 5-3.2.3, the foregoing document will be served by the court via NEF and hyperlink to the document. I checked the CM/ECF docket for this case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the addresses stated.

☒ FIRST CLASS MAIL. I am "readily familiar" with this office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service on that same day with postage thereon fully prepaid at Riverside, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California, and the United States of American, that the foregoing is true and correct. Executed on June 5, 2018, at Riverside, California.

/S/
_____
MICHELLE QUIROZ

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANT SHERIFF STAN SNIFF; MEMORANDUM OF POINTS AND AUTHORITIES**