John D. Alessio (Bar No. 174900)
E-mail: john.alessio@procopio.com
Sean M. Sullivan (Bar No. 254372)
E-mail: sean.sullivan@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900

Attorneys for Defendant
Plaza Home Mortgage, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION (RIVERSIDE)

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, et al.,<br><br>Plaintiff,<br><br>v.<br><br>PLAZA HOME MORTGAGE, INC. et al.,<br><br>Defendant. | Case No. 5:18-cv-00866-VAP-FFM<br><br>REPLY IN SUPPORT OF PLAZA HOME MORTGAGE, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(1) & 12(B)(6); MOTION TO STRIKE PURSUANT TO FED.R.CIV.P. 12(F), CAL. CIVIL CODE § 47(B), AND C.C.P. § 425.16.; AND ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO FED.R.CIV.P. 12(E)<br><br>Date:    June 25, 2018<br>Time:   2:00 p.m.<br>Dept:    8th Floor, Courtroom 8A<br>Judge:   Hon. Virginia A. Phillips |

## I. INTRODUCTION

Plaintiff Janice Champion ("Plaintiff") did not file an opposition addressing the merits of Defendant Plaza Home Mortgage, Inc.'s ("Plaza") motion to dismiss or strike the complaint (Dkt. 38; the "Motion"). Rather, Plaintiff filed a document entitled "Written Response with Objections Under Local Rule 7-9 with Declaration in Support thereof," which apparently Plaintiff intends to rely on to oppose the Motion.(Dkt. 73; the "Objections"). However, the Objections amount to nothing

more than a series of incoherent statements apparently challenging the validity of the state court Unlawful Detainer ("UD Action") against Plaintiff in Riverside County Superior Court, Case No. HEC 1800310. *See* RJN, Ex. A. As a result, there is no legitimate opposition to the substance of Plaza's Motion, so it should be granted in full.[1]

## II. ARGUMENTS & AUTHORITY

### A. Plaintiff's Collateral Attack on the State Court UD Action Does Not Provide a Valid Reason to Deny Plaza's Motion

While largely unclear, it appears that Plaintiff is challenging the state court UD Action involving her former residence. In paragraphs 2 through 8, 16, and 24-25 of her Objections, Plaintiff makes sundry vague and confusing challenges to the UD Action.

As the Court has already ruled in denying Plaintiff's request for an entry of a temporary restraining order, "'the Court cannot grant Plaintiff the relief she seeks because under the Anti-Injunction Act, 28 U.S.C. § 2283, federal courts are prohibited from enjoining state court actions 'except in specific and narrow circumstances.' *California v. Randtron*, 284 F.3d 969, 974 (9th Cir. 2002)." Dkt. 7. "There is no federal statute authorizing a district judge to enjoin a state unlawful detainer action." *Id., citing Scherbenske v. Wachovia Mortg., FSB*, 62 F.Supp.2d 1052, 1059 (E.D. Cal. 2009).

Plaintiff's effort to apparently challenge the UD Action's merits is not only unavailable in this Court, but misplaced in the context of opposing Plaza's Motion.

---

[1] Plaintiff also filed a series of other documents which purport to be "declarations." *See*, e.g., Dkts. 75 & 76. It's not clear if these documents have been submitted in response to Plaza's Motion or not, and they are likewise unintelligible. It appears, however, that the same issues raised in her declarations are addressed in her "Objections." Dkt. 73, and so reference is made to that document in this Reply. The Court also issued an order striking the "Amended Declarations" filed May 29, 2018, so those are not being addressed in this Reply. *See* Order at Dkt. 95. Plaza reserves the right to address those documents should they be properly re-filed, and disputes each of the asserted "undisputed facts" set forth therein. In fact, it's not even clear in what context the "undisputed facts" are being provided.

Plaintiff utterly fails to address the merits of Plaza's Motion, leaving it unrebutted.

### B. Plaintiff's Challenge to Plaza's Motion as Reliant on Improper "Evidence" Is Unsupported and Contradicts Her Own Request for Judicial Notice

Plaintiff asserts, in paragraphs 9, 10 and 17, of her Objections, that Plaza's Motion is based on inadmissible evidence, and argues that Plaza's counsel, John D. Alessio lacks competence to proffer such "evidence." It is not clear what particular aspect of Plaza's Motion Plaintiff challenges with this paragraph or what "evidence" she finds objectionable. To the extent Plaza referenced facts in its Motion, it did so under the Rule 12(b)(1) and 12(b)(6) standards.

Further, Plaza sought judicial notice of several of the court filings in the UD Action, of which Plaintiff herself specifically requested the Court take judicial notice. Thus, Plaza does not understand Plaintiff's evidentiary "objections," and sees no merit nor relevance to such objections with respect to addressing the substance of its Motion.

### C. Plaintiff's 11th Amendment Challenge is Frivolous and Irrelevant

In paragraphs 11 and 12 of her Objections, Plaintiff cites the 11th Amendment to the U.S. Constitution, claiming that Plaza's counsel, Mr. Alessio, is a foreign citizen or "agent" who is incapable of invoking the judicial power of the state. The legal and factual basis for this objection is not clear. Mr. Alessio is in fact a California-licensed attorney in good standing with the bar, and admitted to practice in this District. He has appeared as counsel of record for Plaza, and there is nothing improper about his advocacy on Plaza's behalf in that capacity. The 11th Amendment plays no part in assessing the merits of Plaza's motion, and Plaintiff's objection is frivolous, inapplicable, and simply irrelevant.

### D. Plaintiff's Contention that Plaza Sold Unregistered Securities is Legally and Factually Unsupportable

Plaintiff avers that somehow Plaza admitted to "selling unregistered

securities." *See* Objection, ¶ 13. That is not true as a matter of fact or law. First, Plaza never made such an admission, and in fact refuted such contention in its Motion. And, as explained in Plaza's Motion, its only relationship to Plaintiff was as a lender for a residential mortgage issued in 2006. Her argument that a residential mortgage qualifies as a sale of an "unregistered security" is not true as a matter of law. That a mortgage loan may be secured by a deed of trust on a residential property does not make it qualify as a "security" under the federal securities laws on which Plaintiff bases her complaint. *See*, e.g., *Skinner v. Deutsche Bank Nat. Tr. Co.*, No. 11-CV-710-PHX-GMS, 2011 WL 6153631, at *4 (D. Ariz. Dec. 12, 2011), *aff'd*, 582 F.App'x 715 (9th Cir. 2014) ("Plaintiff alleges that there was a 'void sale from ultra vires act' because Defendants sold the rights and interests in Plaintiff's mortgage as an 'unregistered' security in violation of 'the Securities Act of 1933.' (Citation). Plaintiff does not specify, however, which provision(s) of the 1933 Securities Act Plaintiff has violated. Neither the Court nor Defendants are required to speculate as to which statutory provision Plaintiff is bringing his claims under. (Citation). Moreover, even had Plaintiff identified a specific statutory basis for his claim, he has failed to provide any factual support for his conclusion that his loan was sold as an 'unregistered' security. A complaint must contain more than 'labels and conclusions'; it must contain factual allegations sufficient to 'raise a right to relief above the speculative level.' (Citation)." (Citations omitted); *see also Acciard v. Whitney*, No. 2:07-CV-00476-FTM-36, 2011 WL 4552564, at *7 (M.D. Fla. Sept. 30, 2011) (Recognizing that real estate transactions are generally not securities, unless "the purchaser expects to participate in a profit-sharing or rental pooling arrangement upon completing the transactions," or "if the owner's control over the property is limited, such as in the case of a timeshare or co-op." *citing United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 860 (1975) (Holding that the mortgages at issue were not part of the sale of unregistered securities.)).

    Plaintiff's citation to and reliance upon the Supreme Court's opinion in *S.E.C.*

*v. W.J. Howey Co.*, is misguided, and that case is inapplicable. That case dealt with an action by the S.E.C. based on defendant's "offering of units of a citrus grove development coupled with a contract for cultivating, marketing and remitting the net proceeds to the investor." *S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 294 (1946). The Court concluded that: "The transactions in this case clearly involve investment contracts as so defined. The respondent companies are offering something more than fee simple interests in land, something different from a farm or orchard coupled with management services. They are offering an opportunity to contribute money and to share in the profits of a large citrus fruit enterprise managed and partly owned by respondents." *Id*. at 299.

Here, Plaintiff has not pointed to any similar transaction involving the contribution of money for a share in profits which she invested. Nor is this an action legitimately even brought by the S.E.C. That case is entirely inapposite here, and does not provide a valid opposition to Plaza's Motion.

Nor does Plaintiff's citation to California's commercial code amount to a valid opposition to Plaza's Motion. Plaintiff cites Commercial Code section 3308, though the reason is not entirely clear. That section involves the authenticity of signatures on instruments at issue in actions. It is not clear how that provision would justify denying Plaza's Motion, and Plaintiff does not provide any explanation. Again, Plaza's Motion should be granted in its entirety

### E. Plaintiff Fails to Provide a Valid Objection to Plaza's Anti-SLAPP Motion

Plaintiff asserts that Plaza's Motion to strike under California's anti-SLAPP statute is "frivolous, lacks substance and is without merit," amounting to a "diversionary tactic" to "mask the fraud." *See* Objection, ¶ 22. The substantive basis of Plaintiff's argument against the application of C.C.P. § 425.16 is not clear. Plaintiff appears to argue that the recent Ninth Circuit opinion in *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir.

2018), rendered section 425.16 inapplicable in federal cases. In that case, the Ninth Circuit adopted a standard for applying section 425.16 to cases in federal court, stating: "If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards; if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted." *Id.*, at p. 833.

It is not clear how Plaintiff views that opinion as support for her objections, particularly because she does not cite any disputed facts that she might uncover in discovery to contest the motion. Instead, Plaintiff requests judicial notice as "an offer of Proof that this is an Investment Contract and Securities violations" case. *See* Objection, ¶ 24. Yet, the "evidence" Plaintiff points to in her judicial notice request are the loan documents at issue in the UD Action, which Plaza cited in its request for judicial notice in its Motion. *Id.*, ¶ 25. Plaintiff fails to present any argument in response to the substance of Plaza's motion under C.C.P. § 425.16 with respect to any protected conduct that Plaintiff challenges with this lawsuit. Accordingly, that aspect of Plaza's Motion should be granted as well.

### F. Plaintiff's Reliance on Federal Court Admiralty Jurisdiction is Confusing, Wrong, and Irrelevant

While not entirely clear why, Plaintiff insists that this case somehow involves the Court's admiralty and maritime jurisdiction. *See* Objection, ¶¶ 26-27.

"Maritime jurisdiction covers torts that occur on the high seas and bear a significant relationship to traditional maritime activity." *Alleman v. Omni Energy Services Corp.*, 570 F.3d 680, 685 (5th Cir. 2009), *citing Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268 (1972). For contract cases, courts "look to the 'nature and subject-matter' of the contract, [in] determining whether it has 'reference to maritime service or maritime transactions.'" *Id.*, *citing New England Mut. Marine Ins. Co. v. Dunham*, 11 Wall. 1, 78 U.S. 1, 26-27, 20 L.Ed. 90 (1870); *Exxon Corp. v. Cent. Gulf Lines, Inc.*, 500 U.S. 603, 611 (1991).

There is no basis in fact or law to consider this a maritime case, whether under tort or contract law, as it involves Plaintiff's challenge to unlawful detainer proceedings and related transactions for a residence in Hemet, California. It is undisputed that Hemet is not on the "high seas," nor is there any invocation of maritime services or transactions. Plaintiff's confusing reliance on maritime or admiralty jurisdiction is nonsense, and entirely irrelevant in any event.

### III. CONCLUSION

Plaintiff has not presented any substantive opposition to Plaza's Motion. Instead, Plaintiff relies on incoherent and irrelevant statements and authorities. To the extent Plaza can even understand the basis of her objections, it appears to be a challenge to the state court UD Action to which Plaza was not even a party. In any event, this court is without power to interfere in that state court litigation, and an opposition to Plaza's Motion is not the proper vehicle to raise such challenges. Plaza respectfully requests that its Motion be granted in its entirety, and Plaintiff's complaint be dismissed and stricken as to Plaza without leave to amend.

DATED: June 11, 2018

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: s/ Sean M. Sullivan
John D. Alessio
Sean M. Sullivan
Attorneys for Defendant
Plaza Home Mortgage, Inc.