1  H.G. Long & Associates
   H.G. Long SBN 127735
2  474 West Orange Show Road
   San Bernardino CA 92408
3  Telephone (909) 889-5151
   Fax: (909) 889-3900
4

5  Defendant H.G. Long & Associates

6

7              UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT
8

9
   SEC EX REL. JANICE CHAMPION,            Case No.: ED CV18-00866
10

11          Plaintiff,

   vs                                      DEFENDANT H.G. LONG
12 PLAZA HOME MORTGAGE INC.; TRUSTEE       & ASSOCIATES' NOTICE OF MOTION
   LAND AMERICA SOUTH LAND TITLE;          AND MOTION TO DISMISS THE
13 KATHLEEN JACOBS DOOL &                  COMPLAINT;
   ASSOCIATES; H. G. LONG & ASSOCIATE;     MEMORANDUM OF POINTS AND
14 JOSEPH VALDEZ and LIBERTY FUND          AUTHORITIES
   LLC,; STANLEY SNIFF; C BRIZONE
15                                         DATE:   7/30/2018
                                           TIME:   2:00PM
16          Defendants,                    DEPT.:  8A

17

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

   ///

        DEFENDANT H.G. LONG & ASSOCIATES' MOTION TO DISMISS
                            - 1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on 7/30/2018 at 2:00PM, or as soon as the matter can be heard in the above-referenced court, Defendant H.G. Long & Associates will and hereby does move the Court to dismiss the Complaint for Violations of the Federal Securities Laws pursuant to Federal Rule of Civil Procedure 9(b) for failure to plead fraud with particularity, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. Plaintiff fails to describe the alleged fraudulent conduct with requisite specificity and how these vague allegations tie into the purchase or sale of any security.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, oral arguments as permitted by the Court, and any such other matters that the Court deems appropriate. The moving parties respectfully request oral arguments.

Dated:

HG Long & Associates

HG Long,
Attorney for Defendant H.G Long & Associates

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## MEET AND CONFER REQUIREMENT

Pursuant to Local Rule 7-3, on 5/24/2018 and 5/25/2018 counsel attempted to reach out and discuss this matter with Ms. Champion with no avail.

## II.

## INTRODUCTION

Plaintiff SEC EX REL Janice Champion (hereinafter Plaintiff) filed a federal complaint alleging Defendant H.G. Long & Associates engaged in "'prime bank' Ponzi scheme… by selling unregistered securities in the form of 30 year promissory notices, through DARK POOLS." (Complaint, page 2, paragraph 3) Plaintiff contends Defendant H.G. Long & Associates created fake deeds of trust and did not filed the proper tax forms with the IRS. (Complaint, page 5, paragraph 15) In addition, Plaintiff contends Defendant H.G. Long & Associates owes $2.5 million to investors as a result of the alleged securities fraud. (Complaint, page 6, paragraph 21) Defendant H.G. Long & Associates' only connection with Plaintiff is that it was the law firm that represented Dool & Associates, LLC in an unlawful detainer action against Plaintiff.

On February 14, 2018, H.G. Long & Associates, on behalf of its client Dool & Associates, LLC, filed a Post-Foreclosure Unlawful Detainer Action, Case Number HEC1800310. (Request for Judicial Notice, Exhibit 1) After receiving Plaintiff Janice Champion answer and amended answer, H.G. Long & Associates, on behalf of its client Dool & Associates, LLC, filed a Motion for Summary Judgment which asserted Plaintiff did not deny any of the allegations in the Complaint. (Request for Judicial Notice, Exhibit 2) Plaintiff filed a Motion to Strike the Complaint in response to, H.G. Long & Associates client Dool & Associates, LLC's Motion for Summary Judgment. (Request for Judicial Notice, Exhibit 3)

On March 14, 2018, one month after the complaint was filed, the Court granted the

DEFENDANT H.G. LONG & ASSOCIATES' MOTION TO DISMISS

- 3

Motion for Summary Judgment and denied the Motion to Strike. (Request for Judicial Notice, Exhibit 4)

In efforts to fight the judgment, Plaintiff filed a Motion for Peremptory Challenge, which was denied as untimely, and an Ex Parte Motion to Quash the Writ for Possession, which was denied. (Request for Judicial Notice, Exhibit C)

On April 25, 2018, Plaintiff filed this federal complaint listing H.G. Long & Associates as a Defendant.

## III.

## GENERAL STANDARDS FOR MOTION TO DISMISS

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *Fed.R.Civ.P. Rule* 8(a)(2). A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Fed.R.Civ.P. Rule* 12(b)(6). A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [it] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. at 679. "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (citing *Twombly*, 550 U.S. at 557).

## IV.

## ARGUMENT

### A. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE FRAUD WITH THE REQUISITE PARTICULARITY

Here, Plaintiff has alleged three causes of action based upon fraud, thus is governed by Rule 9(b). In the Ninth Circuit, the Rule 9(b) standard for pleading fraud is well settled -- a plaintiff must allege the "who, what, where, when, and how" of the fraudulent conduct. *Vess v. Ciba-Geigy Corp.,* 317 F.3rd 1097, 1106 (9th Cir. 2003). The complaint must include an account of the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted); see also *Neubronner v. Milken,* 6 F.3d 666,672 (9th Cir. 1993) (fraud allegations must be "specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.")

In the Ninth Circuit, a claim for relief need not be synonymous with fraud to be subject to the requirements of Rule 9(b). Rather, it need only "sound in fraud." *Davis v. Chase Bank U.S.A., NA.,* 650 F. Supp. 2d at 1089-90, citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 2 1097, 1102-06 (9th Cir. 2003). A complaint sounds in fraud where it alleges a "unified course of fraudulent conduct and re[lies] entirely on that course of conduct as the basis of a claim." *In re Daou Sys., Inc.,* 411 F.3d 1006, 1027 (9th Cir. 2005), quoting *Vess,* 317 F.3d at 1103.

California has recognized, Rule 9(b)'s heightened pleading standard applies in actions grounded in fraud and alleging violations of Section 17(a) of the 1933 Securities Act and Section

DEFENDANT H.G. LONG & ASSOCIATES' MOTION TO DISMISS

- 5

10(b) of the 1934 27 Securities Exchange Act. See, e.g. *SEC v. Berry*, 580 F.Supp.2nd 911 (N.D. Cal. 2008). Under *Vess*, a complaint grounded in fraud which fails to meet the heightened pleading r requirements of Rule 9(b) warrants dismissal. *Vess v. Ciba-Geigy Corp* 317 F.3 rd at 1107.

Here, the three claims asserted by Plaintiff against the Defendant H.G. Long & Associates arise under Section 17(a) of the 1933 Securities Act, Section 5(a) and 5(c) of the 1933 Securities Act, and Section 10(b) of the 1934 Securities Exchange Act. Plaintiff's Complaint is grounded in fraud and thus must meet the strict 9(b) standard for pleading. It does not

Plaintiff is required to specify particular misstatements that were made, to whom they were made, when they were made, by whom they were made, and why they were false. *In re GlenFed, Inc., Sec. Litg.*, 42 F.3rd 1541, 1547 n7 (9th Cir. 1994) (en bans). In her Complaint, Plaintiff simply makes a generalized allegation as to ALL defendants and contends some representation was made but never alleges with specificity that any particular statements were false at the time they were made, in what manner they were distributed, on what date(s), and to which investor and who made the alleged statements.

Indeed, the Plaintiff has only alleged "garden variety" fraud, and completely fails to connect the alleged fraud to any specific security offering or sale. As a result, Defendant H.G. Long & Associates is left to guess what it is that the Plaintiff contends it did to specifically violate the securities laws. Accordingly, the Plaintiff's Complaint fails to meet the requirements of Rule 9(b).

## B. PLAINTIFF'S COMPLAINT FAILS TO SATISFY THE REQUIREMENTS OF RULE 8(A)

Apart from the stricter pleading standards of Rule 9(b), the Plaintiff's factual allegations fail even to satisfy the requisites of Rule 8(a), thus the Complaint must consequently be dismissed.

To state a claim for relief, Rule 8(a)(2) demands that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed.R.Civ.P.8(a)(2)*. The

Supreme Court has identified a "two-pronged approach" for determining the legal sufficiency of a complaint under Rule 8(a)(2) in the face of a Rule 12(b)(6) motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. at 678-79 (referencing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544).

First, the district court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. Although the Rule 8 pleading standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, at 678. (internal quotation marks and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.; *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

Second, the court should assume the veracity of any "well-pleaded factual allegations" and then determine "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, at 679. "Weighing a claim's plausibility is ordinarily a task well-suited to the district court but, where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has not shown the pleader is entitled to relief." *FTC v. Swish Mktg.*, 2010 WL 653486 at *6 (N.D. Cal. 2010).

Here, Plaintiff's Complaint is improperly reliant on boilerplate language, which does not satisfy the requirements of Rule 8. The only mentions of each separate defendant (H.G. Long & Associates) are allegations of their identity and that all the defendants are the alter egos of all the individual defendants. (Complaint, page 2, Paragraph 3) This is an inadequate "naked assertion," and must be disregarded. *Ashcroft v. Iqbal*, 556 U.S. at 678.

The Court in *FTC v. Swish Mktg.*, 2010 WL 653486 (N.D. Cal. 2010) held that "threadbare"

recitations of elements and legal conclusions are insufficient and dismissed the Complaint pursuant to Rule 8(a)(2). In *Swish Marketing*, the FTC expressly mentioned the CEO's name only one time in the entire complaint and, identical to the present action, made boilerplate allegations. Id. at *6. The court held "the 'factual' allegations alleged against [the CEO] ... [were] cursory at best," and dismissed the complaint pursuant to Rules 8(a)(2) and 12(b)(6). Id. at *2, 7.

Here, Plaintiff, just like FTC, mentioned Defendant H.G. Long & Associates name only once in the entire complaint and has simply made boilerplate allegations. As such, the complaint should be dismissed pursuant Rules 8(a)(2).

///

///

## C. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR SECURITIES FRAUD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* U.S., 129 S. Ct. 1937, 1949, 173 3 L. Ed. 2d 868 (2009), citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556, 570, 127 S. Ct. 1955, 1965, 1974, 167 L. Ed. 2d 929 (2007).

Here, Plaintiff is alleging Defendant H. G. Long & Associates violated both Section 17(a) of the 1933 Securities Act, Section 5(b) and 5(c) of the 1933 Securities Act, and Section 10(b) of the 1934 Securities Exchange Act, which are commonly referred to as the anti-fraud provisions of the federal securities laws. In order to state viable causes of action under these statutes, the Plaintiff MUST allege Defendant H.G. Long & Associates made material misrepresentations or omissions with the requisite degree of scienter in connection with the purchase or sale of a security. *SEC v. Rana Research, Inc.*, 8 F.3 rd 1358, 1364 (9th 12 Cir. 1993). Federal statutes require that the misstatement be made "in connection with" the purchase, sale, or offering of a security. 15 U.S.C. § 77(q)(a); 15 U.S.C. § 78(j)(b); 14 17 C.F.R. § 240.10(b)-5.

Plaintiff has vaguely plead "garden variety" fraud allegations, which leaves one guessing as to the timeline of events and exactly how the alleged misrepresentations were made in furtherance of the alleged fraudulent scheme and further, whether the Defendant H.G. Long & Associates had the requisite state of mind at the time the alleged misrepresentations were made and in furtherance of the alleged fraudulent scheme. The insufficient "garden variety" allegations of fraud asserted by the Plaintiff are never connected to any knowingly false representations made in the offer of any security. Plaintiff never points to any particular sale, of any particular security, to any specific person, on any noted date. With the heightened pleading requirements for fraud, Plaintiff is not permitted to simply plead a recitation of the elements to support her claim that misrepresentations were made in the offer and sale of securities. See *Bell 10 Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

## V.

## CONCLUSION

For the reasons set forth above, Defendant H.G. Long & Associates respectfully request that the Court dismiss all of the claims asserted against them pursuant to Rule 12(b)(6), Rule 9(b) and Rule 8(a).

Dated: 6/18/2018

HG Long & Associates

HG Long
Attorney for Plaintiff

DEFENDANT H.G. LONG & ASSOCIATES' MOTION TO DISMISS

- 9

**PROOF OF SERVICE**

I declare that I am employed in the County of San Bernardino, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 474 W. Orange Show Road, San Bernardino, CA  92408

On _June 22_____, 2018 served the following documents described as "MOTION TO DISMISS" on the interested parties in this action by placing a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

JANICE CHAMPION
46601 BAUSTISTA CANYON ROAD
HEMET, CA  92544

( x )  **BY MAIL:** I deposited such envelope, with postage thereon fully prepaid, in the mail at San Bernardino, California.

( )  **BY FACSIMILE DELIVERY:** as follows, I caused such documents to be transmitted to the telephone facsimile number of the addressee listed below, by use of facsimile machine number (909) 889-3900.  The facsimile machine used complied with California Rules of Court, Rule 204 and no error was reported by the machine.  Pursuant to California Rules of Court, rule 2006(d), a transmission record of the transmission was printed.

( ) **BY GOLDEN STATE OVERNIGHT DELIVERY:** I caused such envelope/documents to be delivered by overnight courier service to the location of the addressee.  The sealed envelope was fully prepaid and made available to Golden State for pick up at our location in San Bernardino, California

( ) **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( X ) **FEDERAL:** I declare that I am an employee of a member of this court at whose direction service of the above described documents was made.

Dated: 6 /22/2018

S MCCLURE