SARAH L. OVERTON (SBN 163810)
CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3801 University Avenue, Suite 560
Riverside, CA  92501
(951) 276-4420, (951) 276-4405 fax
SOVERTON@CMDA-LAW.COM
Attorneys for Defendant
the Honorable Kathleen M. Jacobs,
Commissioner of the Superior Court of California,
County of Riverside

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.E.C., DEPT. OF TREASURY, C.R.I.S. EX REL. JANICE CHAMPION RELATRIX,<br><br>Plaintiff,<br><br>v.<br><br>PLAZA HOME MORTGAGE INC., et al.,<br><br>Defendants. | Case No.:  CV18-00866 VAP(FFMx)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;<br>[F.R. Civ. P. Rule 8, Rule 12(b)(1) and (6)]<br><br>REQUEST FOR JUDICIAL NOTICE AND EXHIBIT;<br><br>[PROPOSED]ORDER<br><br>Date           July 23, 2018<br>Time          2:00 p.m.<br>Courtroom  8a, 8th Floor<br>Judge         Hon. Virginia A. Phillips |

TO PLAINTIFF S.E.C., DEPT. OF TREASURY, C.R.I.S. EX REL JANICE CHAMPION RELATRIX, PRO SE:

NOTICE IS HEREBY GIVEN that defendant the Honorable Kathleen M. Jacobs, Commissioner of the Superior Court of California, County of Riverside will and hereby does move this court pursuant to Federal Rules of Civil Procedure, Rule 8, Rule 12(b)(1) and (6) for a dismissal of the plaintiff's first amended complaint on the following grounds:

---
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1. The District Court lacks subject matter jurisdiction pursuant to Article III standing;
2. The District Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine;
3. The first amended complaint is barred against this moving defendant on the basis of judicial immunity;
4. The first amended complaint fails to comply with Federal Rules of Civil Procedure, Rule 8;
5. The first amended complaint fails to state any claim upon which relief can be granted against this defendant.

This motion is based upon this notice of motion, the attached memorandum of points and authorities, the request for judicial notice and exhibit filed concurrently, all pleadings and papers on file in this action, and upon such other matters as the court may allow to be presented at the time of the hearing on this matter.

Pursuant to Local Rule 7-3, on June 14, 2018, counsel for moving defendant dialed plaintiff's phone number of record and left a voice mail message asking plaintiff to contact counsel regarding the present motion. Additionally, email correspondence was sent to plaintiff's email address set forth in the pleadings regarding the present motion. To date, plaintiff has not responded in any manner.

Dated: June 22, 2018    **CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C.**

By:    /S/ Sarah L. Overton
Sarah L. Overton, Esq.
Attorneys for Defendant,
the Honorable Kathleen M. Jacobs,
Commissioner of the Superior Court of California,
County of Riverside

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-2-

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In the first amended complaint (FAC), plaintiff states that she has filed this action on behalf of the United States Treasury and the Securities and Exchange Commission. Unfortunately, the FAC is entirely unintelligible. Plaintiff has set forth claims for "Unregistered Offer and Sale of Securities," "Fraud in the Offer or Sale of Securities," and "Fraud in Connection with the Purchase or Sale of Securities." However, plaintiff has failed to allege facts to demonstrate she has standing to proceed with this case; and has failed to allege any facts upon which to support her claims for relief against defendant the Honorable Kathleen M. Jacobs, Commissioner of the Superior Court of California, County of Riverside (Commissioner Jacobs). Instead, the FAC complains that Commissioner Jacobs did not allow plaintiff to speak in court or present evidence, and failed to read or rule on plaintiff's pleadings or answer plaintiff's questions. Plaintiff further complains that Commissioner Jacobs "is running a Despotic and Tyrannical Forum from the Court…." The FAC does not specify the name of the court or case to which the FAC refers. FAC, p. 6:3-12.

Although not specified in the FAC, Commissioner Jacobs did preside over an unlawful detainer case in the Superior Court of California, County of Riverside (Superior Court) brought against plaintiff by defendant Dool & Associates, *Dool & Associates v. Champion*, Superior Court case HEC1800310 ("unlawful detainer case"). Judgment was entered against plaintiff in the unlawful detainer case on March 14, 2018, and a writ of possession issued thereafter. It does not appear that plaintiff filed an appeal of the judgment. Request for Judicial Notice (RJN), ex. 1, case report, *Dool & Associates v. Champion*, Superior Court case HEC1800310 (case report).

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-1-
_____
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

As discussed more fully below, the present motion to dismiss must be granted. The District Court does not have subject matter jurisdiction over this case because plaintiff cannot demonstrate Article III standing. To the extent that plaintiff is in some way attempting to circumvent the judgment issued in favor of Dool & Associates and against plaintiff in the Superior Court, this Court also does not have jurisdiction pursuant to the *Rooker-Feldman* doctrine. That notwithstanding, the present action is barred against Commissioner Jacobs on the basis of judicial immunity. Furthermore, the FAC entirely fails to comply with the pleading requirements set forth in Federal Rules of Civil Procedure, Rule 8, and fails to state a claim upon which relief can be granted against this defendant. Thus, the present motion to dismiss must be granted *without* leave to amend.

## II.

## THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION AS PLAINTIFF DOES NOT HAVE ARTICLE III STANDING

A party may bring a motion to dismiss where there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The United States Constitution, Article III, section 2, grants to federal courts jurisdiction to hear only "cases" or "controversies." "'(I)t is well settled that federal courts may act only in the context of a justiciable case or controversy.' (Citations.)" *Sec. & Exch. Comm'n v. Med. Comm. for Human Rights*, 404 U.S. 403 (1972).

> In limiting the judicial power to "Cases" and "Controversies," Article III of the Constitution restricts it to the traditional role of Anglo–American courts, which is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law.

*Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009).

In the present case this court does not have jurisdiction because plaintiff has not and cannot establish Article III standing. Indeed, Article III standing is

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

-2-
___
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

mandatory and not subject to waiver. *U.S. v. Hays*, 515 U.S. 737, 742 (1995).

> Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.' … Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct. (Citation.)

*O'Shea v. Littleton,* 414 U.S. 488, 493-494 (1974).

> To establish Article III standing, the plaintiff must demonstrate:
>
> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *Summers*, 555 U.S. at 493.

In the present case, the plaintiff as the party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). If plaintiff cannot meet this burden, she cannot litigate in federal court. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc*., 454 U.S. 464, 475-476 (1982).

In the present case, plaintiff cannot meet any of the requirements to establish Article III standing. Plaintiff has not and cannot demonstrate the first element that she has suffered an "injury in fact" which is "concrete and particularized" and "not conjectural or hypothetical." Here, the FAC fails to set forth *any* fact demonstrating an injury specific to plaintiff. Instead, plaintiff alleges injury to unspecified shareholders and the United States.

Next, plaintiff has not and cannot demonstrate the second element that the injury is "fairly traceable" to action of the defendant. Here, noticeably absent from the FAC is any factual allegation pertaining to Commissioner Jacobs that relates to

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

−3−

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1  plaintiff's claims for "Unregistered Offer and Sale of Securities," "Fraud in the Offer
2  or Sale of Securities," and "Fraud in Connection with the Purchase or Sale of
3  Securities." Indeed, plaintiff cannot state any such facts because Commissioner
4  Jacobs is not a corporation offering the sale of securities and is not associated with
5  any such corporation.

6  Finally, plaintiff has not and cannot demonstrate the third element that "it is
7  likely, as opposed to merely speculative, that the injury will be redressed by a
8  favorable decision." Since plaintiff has failed to allege any injury personal to herself,
9  it is not likely that an order of this court regarding "securities" would redress any
10 injury to plaintiff. Thus, plaintiff does not have Article III standing to proceed with
11 this case and the case *must* be dismissed with prejudice.

## III.

## THE COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE *ROOKER-FELDMAN* DOCTRINE

15 The District Court does not have subject matter jurisdiction to review the
16 final judgment rendered by the state court. *Atlantic Coast Line Railroad Co. v.*
17 *Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970). The *Rooker-*
18 *Feldman* doctrine prevents the lower federal courts from exercising jurisdiction
19 over cases brought by "state-court losers" challenging "state-court judgments
20 rendered before the district court proceedings commenced." *Lance v. Dennis*, 546
21 U.S. 459, 460 (2006); *see also*, *District of Columbia Court of Appeals v. Feldman*,
22 460 U.S. 462, 483, n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416
23 (1923); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir.
24 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998); *Worldwide*
25 *Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986).

26 The *Rooker-Feldman* Doctrine applies "where a party in effect seeks to take
27 an appeal of an unfavorable state-court decision to a lower federal court." *Lance v.*
28 *Dennis*, 546 U.S. at 460. However, only the United States Supreme Court may

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

– 4 –
___
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

review the decisions of a state court. 28 U.S.C. § 1257. The federal district court may not review the decisions of state courts even where the plaintiff alleges that the decision of the state court violates plaintiff's constitutional rights. *Feldman*, 460 U.S. at 486.

The Ninth Circuit has stated that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in a federal district court." *Wolfe v. Strankman*, 392 F.3d 358, 363 (9th Cir. 2004).

> *Rooker–Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. (Citation.)

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

Here, the present case is inextricably intertwined with the Superior Court judgment in the unlawful detainer case which was not appealed and is therefore now final. *See,* Cal. Rules of Court, Rule 8.822(a)(1). Although not directly related to plaintiff's claims for securities fraud, plaintiff nevertheless complains that Commissioner Jacobs did not allow plaintiff to speak in court or present evidence, and failed to read or rule on plaintiff's pleadings or answer plaintiff's questions. Plaintiff claims this violated her rights to Due Process and Equal Protection. FAC, p. 6:3-12. Plaintiff seeks an order from this Court that the defendants committed all of the "violations" alleged in the FAC. FAC, p. 17:9-10. Such a determination would clearly "undercut the state ruling" and be impermissible under *Rooker-*

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

– 5 –

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

*Feldman*. Therefore, the instant action is a *de facto* appeal of the state court judgment and the *Rooker-Feldman* doctrine applies to bar the entire action.

## IV.
## **ABSOLUTE JUDICIAL IMMUNITY BARS**
## **THE COMPLAINT AGAINST COMMISSIONER JACOBS**

Judicial officers are absolutely entitled to unqualified immunity. The United States Supreme Court has established the rule that judges are immune from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"[I]t is the general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own conviction, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 346 (1872).

The Court in *Stump v. Sparkman,* 435 U.S. 349, 362 (1973), stated that:

> [T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.

In the present case, the only allegations against Commissioner Jacobs is that in her judicial capacity presiding over the unlawful detainer case, Commissioner Jacobs did not allow plaintiff to speak in court or present evidence, and failed to read or rule on plaintiff's pleadings or answer plaintiff's questions. Clearly, plaintiff has alleged judicial acts for which immunity applies.

Moreover, it is irrelevant that plaintiff has alleged that Commissioner Jacobs violated her rights.

> This immunity applies even when the judge is accused of acting maliciously and corruptly and is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public whose interest it is that the judges should be at liberty to exercise their

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

–6–
_____
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

functions with independence and without fears of consequences. (Citations.)

*Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Thus, the first amended complaint must be dismissed without leave to amend because Commissioner Jacobs is entitled to absolute judicial immunity.

## V.
## THE COMPLAINT FAILS TO COMPLY WITH FRCP RULE 8

Federal Rules of Civil Procedure, Rule 8 (a)(2) states that a complaint must state a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must comply with this rule "in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests' (Citation.)" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff has failed to do this. Rather, the complaint is long and unintelligible. None of the claims contain any factual content and none of the claims appear to relate to plaintiff. Consequently, the FAC fails to comport with the requirements of Rule 8.

## VI.
## THE COMPLAINT FAILS TO STATE A CLAIM
## UPON WHICH RELIEF CAN BE GRANTED

A party can bring a motion to dismiss when the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will be dismissed as a matter of law for either of two reasons "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d. 530, 534 (9th Cir. 1984.)

In determining whether a case fails to state a claim, "[a]ll allegations and material facts are taken as true and construed in the light most favorable to the non-moving party." *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 338 (9th Cir. 1996). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

In the instant case, plaintiff has failed to set forth *any* coherent or plausible claim for relief. She has failed to allege *any fact* as to Commissioner Jacobs regarding her claims for "Unregistered Offer and Sale of Securities," "Fraud in the Offer or Sale of Securities," and "Fraud in Connection with the Purchase or Sale of Securities." Indeed, there are no facts that plaintiff could state to support these claims because Commissioner Jacobs is not a corporation offering the sale of securities and is not associated with any such corporation. Thus, the motion to dismiss must be granted *without* leave to amend.

## VII.
## CONCLUSION

For all of the foregoing reasons, the motion to dismiss brought on behalf of defendants the Honorable Kathleen M. Jacobs, Commissioner of the Superior Court of California, County of Riverside must be granted and the first amended complaint dismissed with prejudice.

Dated: June 22, 2018       **CUMMINGS, MCCLOREY, DAVIS & ACHO, P.L.C.**

By:   /S/ Sarah L. Overton
      Sarah L. Overton, Esq.
      Attorneys for Defendant,
      the Honorable Kathleen M. Jacobs
      Commissioner of the Superior Court of California,
      County of Riverside

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

– 8 –
**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

I hereby certify that on June 22, 2018, I electronically filed the foregoing NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; [F.R. Civ. P. Rule 8, Rule 12(b)(1) and (6)], with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system.

I certify that participants in the case who are registered CM/ECF users will be served by the Central District CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

SEC, Dept of Treasury, C.R.I.S. EX REL
Janice Champion Relatrix
46601 Bautista Canyon Road
Hemet, CA 92544

Executed on June 22, 2018, in Riverside, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/S/ Charmaine Apacible
Charmaine Apacible, Declarant

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

−9−

**MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**