

FILED
CLERK, U.S. DISTRICT COURT
8/31/2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ____CW____ DEPUTY

# United States District Court
# Central District of California

Securities and Exchange Comm'n, et al.,

    Plaintiffs,

v.

Plaza Home Mortgage, Inc.,

    Defendants.

ED CV 18-cv-00866-VAP (FFMx)

## Order Granting Defendants' Motions to Dismiss

Plaintiff Janice Champion ("Champion" or "Plaintiff"), purportedly acting on behalf of the Securities and Exchange Commission ("SEC") and Department of Treasury, filed this lawsuit on April 25, 2018, alleging that nine defendants violated various securities laws. (Doc. No. 1.) On May 4, 2018, Champion filed an Amended Complaint—the operative pleading here. (Doc. No. 26, hereinafter "FAC.") Plaza Home Mortgage, Inc. ("Plaza Home"), Dool & Associates, LLC ("Dool & Associates"), H.G. Long & Associates ("H.G. Long"), Liberty Fund, LLC ("Liberty Fund"), Sheriff Stanley Sniff ("Sniff"), the Honorable Kathleen M. Jacobs ("Commissioner Jacobs"), and Joseph Valdez ("Valdez") (collectively "Defendants") have moved to dismiss this suit in five separate motions. Based on the Court's research, C Brizone does not exist—even though the company has been served.[1] (Doc. No. 12.) Plaintiff has not served SP Strategic Acquisitions, LLC with

---

[1] No attorney has associated with C Brizone. Moreover, C Brizone is not listed in the California Secretary of State Business Search Database. See California Secretary of State Alex Padilla, California Secretary of State Business Search, https://businesssearch.sos.ca.gov/.

the complaint. Because the time to effect service has passed, the Court DISMISSES SP Strategic Acquisitions from this matter. Fed. R. Civ. P. 4(m).

Liberty Fund, Dool & Associates, and Valdez filed their motion to dismiss on May 24, 2018. (Doc. No. 37.) Plaza Home filed its motion to dismiss that same day. (Doc. No. 38.) Sniff filed his motion to dismiss on June 5, 2018. (Doc. No. 72.) H.G. Long filed her motion to dismiss on June 22, 2018. (Doc. No. 110.) Commissioner Jacobs filed her motion to dismiss on June 22, 2018. (Doc. No. 112.) On July 16, 2018, Champion filed what appear to be her oppositions to the Defendants' motions to dismiss. (Doc. Nos. 73-74, 134.) Liberty Fund, Dool & Associates, and Valdez replied on June 6, 2018. (Doc. No. 91.) Plaza Home also replied on June 6, 2018. (Doc. No. 96.) None of the other defendants replied. The Court has concluded these matters are appropriate for resolution without a hearing pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15. (Doc Nos. 109, 131-32, 147.)

Having considered the papers filed in support and opposition of Defendants motions, the Court GRANTS the motions WITH PREJUDICE.

## I. REQUEST FOR JUDICIAL NOTICE

All the parties have filed a request for judicial notice. Liberty Fund, Dool & Associates, and Valdez ask the Court to take judicial notice of eight documents:

> A. The deed of trust against the property at 46601 Bautista Road, Hemet, CA 92544 (the "Property") recorded with the Riverside County Recorder on November 1, 2006 as instrument number 2006-0803949;

2

B. The notice of default and election to sell under deed of trust recorded with the Riverside County Recorder on August 14, 2017, as instrument number 2017-0333582;

C. The notice of trustee's sale recorded on November 17, 2017 as instrument number 2017-0483006;

D. The trustee's deed upon sale for the Property recorded on January 4, 2018 as instrument number 2018-0003460;

E. The judgment for possession of the Property by a judgment entered by the Riverside County Superior Court on March 14, 2018;

F. A printout from the California Secretary of State website showing there is no listing for an entity named "SP Strategic Acquisitions, LLC";

G. The assignment of deed of trust recorded with the Riverside County Recorder on August 3, 2017, as instrument number 2017-0317557 that assigned the deed of trust encumbering the Property;

H. A printout from the California Secretary of State's website showing the address and agent for service of process of Lakeview Loan Servicing, LLC filed with the Secretary of State on December 21, 2016.

(Doc. Nos. 37-1, 92, hereinafter "Liberty Fund RJN.")

Plaza Home asks the Court to take judicial notice of six documents:

A. Complaint for Unlawful Detainer filed on February 14, 2018, in the Superior Court of California for the County of Riverside ("Riverside County Court"), Case No. HEX1800310 ("UD Action");

B. Dool & Associates motion for summary judgment in the UD Action, filed in the Riverside County Court on March 7, 2018;

C. The deed of trust against the Property recorded with the Riverside County Recorder on November 1, 2006 as instrument number 2006-0803949;

D. Order granting plaintiff Dool & Associates' motion for summary judgment in the UD Action, filed in the Riverside County Court on March 14, 2018;

E. Judgment entered in favor of Dool & Associates in the UD Action by the Riverside County Court on March 14, 2018;

F. Order on Claim of Right to Possession in the UD Action filed in the Riverside County Court on May 2, 2018

(Doc. No. 38-2, hereinafter "Plaza Home RJN.")[2]

Champion also filed a request for judicial notice. (Doc. No. 117, hereinafter "Champion RJN.") The Champion RJN mostly consists of a table of statement of undisputed facts and a declaration signed by Champion. Champion also attaches a confirmation email she received from the Department of Treasury after submitting a form to the Department's Financial Crimes Enforcement Network. (Champion RJN, Exh. 1.)

---

[2] Sniff, H.G. Long, and Commissioner Jacobs ask the Court to take judicial notice of two documents, four documents, and one document respectively. (Doc. Nos. 72-1, 111, & 113.) These documents are identical to the documents for which Liberty Fund and Plaza Home are seeking judicial notice. Therefore, the Court does not separately consider these three additional requests for judicial notice.

Courts may take judicial notice of "a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). Notice of registration documents recorded at a recorder's office are judicially noticeable. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) ("[A] court may take judicial notice of 'matters of public record.'"). Documents filed in other courts are also judicially noticeable. See Van Dusen v. Swift Transp. Co. Inc., 830 F.3d 893, 899 n.4 (9th Cir. 2016). The Court only takes judicial notice of the fact the documents were filed, however; it does not take notice of the facts contained therein. Lee, 250 F.3d at 689–90. The Court may also take judicial notice of the results from the California Secretary of State Business search. Zamudio v. Cty. of Los Angeles, 2013 WL 3119178, No. CV 13–895 ABC (PJWx), at *4 (C.D. Cal. May 16, 2013).

The Liberty Fund RJN and Plaza Home RJN consist entirely of certified documents, court records from other cases, and search results from the California Secretary of State. As these documents are not "subject to reasonable dispute," Fed. R. Evid. 201(b), the Court GRANTS the Liberty Fund RJN and Plaza Home RJN.

The Court did not consider any of the material filed in the Champion RJN in deciding these motions. Thus, the Court DENIES the Champion RJN as MOOT.

## II. BACKGROUND

Champion owned the real property at 46601 Bautista Canyon Road, Hemet, California 92544 ("the Property"). (Liberty Fund RJN, Exh. 1.) She borrowed $192,000 from Plaza Home and a deed of trust was recorded on the Property securing the Plaza Home Loan on November 1, 2006. (Id.) On August 14, 2017, a

notice of default and election to sell under the deed of trust was recorded. (Id., Exh. 2.) A notice of trustee's sale was recorded three months later. (Id., Exh. 3.) At the trustee's foreclosure sale on December 21, 2017, Dool & Associates, (through Valdez) placed the winning bid on the Property. (Id., Exh. 4.) The trustee's deed upon sale conveying the Property was recorded on January 4, 2018. (Id.) After the foreclosure sale, Dool & Associates filed an unlawful detainer action ("UD Action") against Champion. (Id., Exh. 5.) The Riverside County Superior Court granted summary judgment in favor of Dool & Associates, and awarded it possession of the Property on March 14, 2018. (Id.)

On April 25, 2018, Champion filed this suit, purportedly on behalf of the SEC and the Department of Treasury. (Doc. No. 1.) Champion, however, has yet to identify how she has authority to file a lawsuit on behalf of a non-consenting federal agency. Although there are some fleeting references to the Property in Champion's oppositions, it is unclear how the foreclosure of the Property relates to this suit.

As best the Court can glean from the FAC, Champion alleges that the Defendants violated numerous securities laws by operating a Ponzi scheme. (See FAC ¶¶ 7, 12.) Most of the FAC focuses on Strategic Acquisitions' activities. (Id. ¶¶ 37-58.) According to Champion, Strategic Acquisitions has had millions of dollars fraudulently transferred to it and misappropriated tens of thousands of dollars. (Id. ¶¶ 40-43.) Champion maintains that this fraud is ongoing. (Id. ¶¶ 54-58.) Champion does not allege facts establishing that she has a basis for her knowledge of the Defendants' alleged financial crimes.

Based on these allegations, Champion brings three claims: (1) unregistered offer and sale of securities in violation of 15 U.S.C. § 77e(a, c); (2) fraud in the offer or sale of securities in violation of 15 U.S.C. § 77q(a); and (3) fraud in connection with the purchase of sale of securities in violation Section 10(b) of the Exchange Act under 15 U.S.C. § 78j(b). (Id. ¶¶ 59-69.)

## III. LEGAL STANDARD

Pro se pleadings—like the FAC—are held to a less stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). This liberal construction doctrine, however, applies only to a plaintiff's factual allegations. Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). The Court need not accept as true unreasonable inferences or conclusory legal allegations cast as factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

### A. Federal Rule of Civil Procedure 12(b)(1)

A district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional attack may be "facial" or "factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenging party asserts that the allegations in the complaint are, on their face, insufficient to invoke federal jurisdiction. Id. In a factual attack, the challenging party disputes the truth of the allegations that otherwise would be sufficient to invoke federal jurisdiction. Id.; Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In general, when reviewing a factual challenge to subject matter jurisdiction, a court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. See Safe Air For Everyone, 373 F.3d

at 1039.  The court does not presume the truthfulness of the plaintiff's allegations and "[t]he district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).  When resolving a motion to dismiss, however, the plaintiff need only show that the facts alleged, if proved, would confer standing.  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).

## IV.  DISCUSSION

### A.  Champion Does Not Have Standing to Maintain this Suit as a Relator

Plaza Home, Sniff, and Commissioner Jacobs argue that Champion does not have standing to bring any of her claims because none of the statutes cited by Champion create a private cause of action.  (Doc. Nos. 38-1 at 8-12; 72 at 6; 112 at 2-4.)  Specifically, Plaza contends that the SEC and Department of Treasury have not given Champion—or any other private party—authority to act as a relator to enforce the three statutes underlying her suit.  (Doc. No. 38-1 at 8-10.)

Generally, "[a]n action must be prosecuted in the name of the real party in interest;" the only exceptions are when the plaintiff is: (1) an executor; (2) an administrator; (3) a guardian; (4) a bailee; (5) a trustee of an express trust; (6) a party with whom or in whose name a contract has been made for another's benefit; or (7) a party authorized by statute.  Fed. R. Civ. P. 17(a)(1).  Moreover, an action may be brought on behalf of the United States when a federal statute so provides.  Fed. R. Civ. P. 17(a)(2).  Indeed, a relator may not maintain a federal action in which the real party in interest is unwilling to consent.  Kidwell ex rel. Penfold v. Meikle,

597 F.2d 1273, 1287 (9th Cir. 1979). A plaintiff lacks prudential standing if she is not asserting her "own legal interests as the real part in interest." Dumore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004) (citation omitted); see also Cohen v. Smith, 534 F. Supp. 618, 621 (S.D. Tex. 1982).

Kidwell addresses what happens when a plaintiff sues on behalf of a government authority that has not given her permission to do so. In Kidwell, several plaintiffs purportedly acting as relators sought to bring a claim for security fraud in violation of Section 10(b) of the Securities Exchange Act of 1934 over the objection of the Idaho Attorney General. Kidwell, 597 F.2d at 1285 (citing 15 U.S.C. § 78j(b)). The relators claimed that the Idaho Attorney General had a duty to participate in their suit because they were seeking to protect assets held in trust for the people of Idaho. Id. The Ninth Circuit held that the would-be relators could not bring a claim under 15 U.S.C. § 78j(b) over the objections of the Idaho Attorney General. Id. at 1286-87. Relying on Rule 17(a), the court noted that the would-be relators could not make an unwilling attorney general a plaintiff. Id. at 1287. As the Ninth Circuit explained, "a private party can sue as a relator in the name of the attorney general only if that official expressly or impliedly consents." Id. Because the would-be relators were not the real parties, they did not have standing. See id. at 1288.

Here, Champion's suit must be dismissed because she is not authorized to sue on behalf of the SEC or Department of Treasury. She has not cited any authority, nor is the Court aware of any, permitting her to enforce the securities laws on behalf of these government entities. Similar to the Idaho Attorney General's relationship with the would-be relators in Kidwell, neither the SEC nor the Department of Treasury authorized Champion to pursue this case. As such, she

9

cannot maintain this suit. See Kidwell, 597 F.2d at 1287; see also Regnante v. SEC, 134 F. Supp. 3d 749, 759-60 (S.D.N.Y. 2015).

All of the Defendants' motions to dismiss are GRANTED because Champion lacks standing. This dismissal is WITH PREJUDICE because Champion will be unable to fix this defect as neither the SEC nor the Department of Treasury have authorized private parties to pursue claims under these securities laws. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (noting it is appropriate to dismiss without leave to amend when it is clear that "the deficiencies of the complaint [cannot] be cured by amendment.").

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS WITH PREJUDICE all of the Defendants' motions to dismiss the FAC.

**IT IS SO ORDERED.**

Dated: 8/31/18

Virginia A. Phillips
Chief United States District Judge